**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BENJAMIN MEEKER | : | CIVIL ACTION NO.: 3:26-cv-00062-SVN |
| v. | : | |
| GUOQUIANG CHEN | : | MAY 20, 2026 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

## I. Factual Background

On November 6, 2019, the plaintiff, Benjamin Meeker (the "Plaintiff") filed a civil lawsuit in the Superior Court of the State of California, County of San Diego, North County Division against Defendant entitled Benjamin Meeker, et al. v. Chen Guoquiang Chen, et al. (Case No.: 37-2019-00058819-CU-BT-NC) for (1) civil extortion, (2) unfair business practices, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress (the "California Action").

Despite being duly served with summons and complaint in the California Action, the defendant, Guoquiang Chen (the "Defendant") failed to answer the complaint or appear and defend himself. As a result, default was entered against Defendant in the California Action on July 28, 2021 (the "Default").

On October 9, 2023, Plaintiff obtained a judgment (the "Judgment") against Defendant in the amount of $1,649,800.00. A true and correct copy of the Judgment in the California Action is attached hereto as Exhibit A.

On March 1, 2024, Defendant appeared in the California Action by and through California legal counsel and filed a motion to set aside the Default and resulting Judgment (the

"Motion"). By and through the Motion, Defendant argued that the California court lacked personal jurisdiction over him and requested that the Default and resulting Judgment be set aside.

On July 22, 2024, Plaintiff filed an opposition to the Motion. On August 2, 2024, Defendant filed a reply to Plaintiff's opposition to the Motion. On August 9, 2024, a hearing on the Motion took place, during which Plaintiff and counsel for the Defendant presented oral argument. At the conclusion of said hearing, the California court **denied** the Motion. See Exhibit B.

Defendant appealed the Judgment which was affirmed in Plaintiff's favor on December 12, 2025 by the Court of Appeal, Fourth Appellate District, Division One, State of California in the action entitled Meeker v. Chen, 2025 Cal. App. Unpub. LEXIS 7990 (Cal. App. 4th Dist. Div. One 2025).

The Judgment is final. The Judgment remains unsatisfied in whole. Enforcement of the Judgment has not been stayed. The amount remaining and unpaid by Defendant to Plaintiff pursuant to the Judgment is $1,649,800.00 plus interest at 10% per annum. CCP § 685.010. The amount due as of May 18, 2026 is $2,080,104.00. Meeker Decl. ¶ 8.

## 1I. Standard Of Review

> Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 82 (2d Cir. 2004). The moving party bears the burden of proving that no genuine factual disputes exist. *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). "When deciding a summary judgment motion, a … court's function is not to weigh the evidence, make credibility determinations or resolve issues of fact, but rather to determine whether, drawing all reasonable inferences from the evidence presented in favor of the non-moving party, a fair-minded jury could find in the non-moving party's favor." *Urbont v. Sony Music Entm't*, 831 F.3d 80, 88 92d Cir. 2016) (quoting *Beatie v. City of New York*, 123 F.3d 707, 710-11

> (2d Cir. 1997)) (quotation marks omitted) (alteration in original). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 92d Cir.), cert. denied, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).
>
> In determining whether that burden has been met, the court is required to resolve all ambiguities and credit call factual inferences that could be drawn in favor of the party against whom summary judgment is sought." *Vivenzio*, 611 F.3d at 106 (citing ***Anderson** v. Liberty **Lobby**, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Matsushita Electric Indus. Co. v.Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Put another way, "although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). "If there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." *Am. Home Assur. Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 315 92d Cir. 2006) (citation and quotation marks omitted). However, a party who opposes summary judgment "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).
>
> *4 In ruling on a motion for summary judgment, a court may consider "depositions, documents, electronically stored information, affidavits or declarations, stipulations … admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1). Although the Court is permitted to rely solely on the cited materials, the Court "may consider other materials in the record." See Fed. R. Civ. P. 56 (c(3).

Lusmat v. Papoosha, 2023 WL 4236012 *3-4 (D. Conn. 2023).

## IV. Argument

Pursuant to the full faith and credit clause of the United States Constitution, under Connecticut law, a default judgment of a foreign state is presumed valid. Regents of the University of California v. Golf Marketing, LLC, 92 Conn. App. 378, 381 (2005). In order for a

defendant to collaterally attach the judgment of a foreign state, he must show that the California court lacked jurisdiction under California law. Business Alliance Capital Corp. v. Fuselier, 88 Conn. App. 731, 736 (2005). Defendant has already litigated that issue and lost in California court. Meeker v. Chen, 2025 Cal. App. Unpub. LEXIS 7990 (Cal. App. 4th Dist. Div. One 2025). Thus, this Court is bound by the California Appellate Court's ruling. Underwriters Nat'l Insurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n, 455 US 691, 706 (1982). Since Defendant has no possible defense to the enforcement of the California judgment, Plaintiff is entitled to summary judgment.

**V. Conclusion**

Since Plaintiff has obtained a final non-appealable judgment against Defendant form the Court of a sister state, the Court must grant it full faith and credit and enforce this judgment in this District.

**PLAINTIFF**
**BENJAMIN MEEKER**

By: /s/ *Jeffrey Hellman*

Jeffrey Hellman, Esq.
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
Tel.: (203) 691-8762
jeff@jeffhallmanlaw.com
Federal Bar No.: ct04102

**CERTIFICATION OF SERVICE**

I hereby certify that, on May 20, 2026, I have served the forgoing Memorandum of Law in Support of Motion for Summary Judgment by electronic mail and U.S., postage prepaid, mail on the following:

Guoqiang Chen, Pro Se
55 Arbor Crossing
East Lyme, CT 06333
3472687180a@gmail.com

By: /s/ *Jeffrey Hellman*
Jeffrey Hellman