**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BENJAMIN MEEKER | : | CIVIL ACTION NO.: 3:26-cv-00062-SVN |
| v. | : | |
| GUOQUIANG CHEN | : | JUNE 29, 2026 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

## I. Introduction

Pursuant to binding Second Circuit and United States Supreme Court precedent, 28 U.S.C. §1738 requires all federal courts sitting in diversity to give the same preclusive effect to state court judgments as those judgments would be given in the states from which the judgment emerged. Kremer v. Chem. Const. Corp., 456 U.S. 461, 467 (1982); Conopco, Inc. v. Roll Int'l Corp., 231 F.3d 82, 87-88 (2d Cir. 2000). Thus, the only question before this Court is whether the California courts would enforce this judgment.

## II. Factual Background

On November 6, 2019, the plaintiff, Benjamin Meeker (the "Plaintiff") filed a civil lawsuit in the Superior Court of the State of California, County of San Diego, North County Division against the defendant, Guoquiang Chen ("Defendant") entitled Benjamin Meeker, et al. v. Guoquiang Chen, et al. (Case No.: 37-2019-00058819-CU-BT-NC) for (1) civil extortion, (2) unfair business practices, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress (the "California Action").

Despite being duly served with summons and complaint in the California Action, the Defendant failed to answer the complaint or appear and defend himself. As a result, default was entered against Defendant in the California Action on July 28, 2021 (the "Default").

On October 9, 2023, Plaintiff obtained a judgment (the "Judgment") against Defendant in the amount of $1,649,800.00. A true and correct copy of the Judgment in the California Action is attached hereto as Exhibit A.

On March 1, 2024, Defendant appeared in the California Action by and through California legal counsel and filed a motion to set aside the Default and resulting Judgment (the "Motion"). By and through the Motion, Defendant argued that the California court lacked personal jurisdiction over him and requested that the Default and resulting Judgment be set aside.

On July 22, 2024, Plaintiff filed an opposition to the Motion. On August 2, 2024, Defendant filed a reply to Plaintiff's opposition to the Motion. On August 9, 2024, a hearing on the Motion took place, during which Plaintiff and counsel for the Defendant presented oral argument. At the conclusion of said hearing, the California court **denied** the Motion. See Exhibit B.

Defendant appealed the Judgment which was affirmed in Plaintiff's favor on December 12, 2025 by the Court of Appeal, Fourth Appellate District, Division One, State of California in the action entitled Meeker v. Chen, 2025 Cal. App. Unpub. LEXIS 7990 (Cal. App. 4th Dist. Div. One 2025).

The Judgment is final. The Judgment remains unsatisfied in whole. Enforcement of the Judgment has not been stayed. The amount remaining and unpaid by Defendant to Plaintiff pursuant to the Judgment is $1,649,800.00 plus interest at 10% per annum. CCP § 685.010. The

amount due as of May 18, 2026 is $2,080,104.00. Declaration of Benjamin Meeker "Meeker Decl." ¶ 3.

Defendant Chen does not contest any of these undisputed facts, but simply argues that because the California judgment is a default judgment, it may not be enforced in this action. As set forth below, Defendant is mistaken.

Defendant Chen has also made a series of irrelevant and inaccurate representations to the Court. First, Chen falsely claims to have a Hawaii default judgment against Meeker in an action entitled *Shen, et al. v. Hawaiian Islands Regional Center, LLC, et al.* (Hawaii Circuit Court Case No. 1CCV-23-0001280) (the "Shen Action"). Chen is incorrect. First, Chen is not a party to the Shen Action. "Meeker Decl. ¶ 6. More importantly, the default judgment in the Shen Action was vacated and has no further legal effect. Meeker Decl. ¶ 7. See Exhibit C.

**III. Argument**

Pursuant to the law as set forth in 28 U.S.C. §1738 and as set forth in Kremer, this Court must treat the California judgment as a California court would treat it. Here, Chen already sought to open the judgment in California and already appealed the court's refusal to do so. Meeker v. Chen, 2025 Cal. App. Unpub. LEXIS 7990 (Cal. App. 4th Dist. Div. One 2025). The California courts have already decided that Plaintiff's judgment is enforceable. Thus, this Court is bound by the California court's ruling.

Chen seeks to avoid the effect of the Full Faith and Credit Act by relying on Conn. Gen. Stat. §52-604 which governs registration of foreign judgments. Plaintiff did not register the judgment pursuant to Conn. Gen. Stat. §52-604. Thus, its provisions do not apply. Business Alliance Capital Corp. v. Fuselier, 88 Conn. App. 731, 735 n.1 (2005); J. Corda Constr., Inc. v. Zaleski, 98 Conn. App. 518, 522-23 n.4 (2006).

Defendant argues that an action at common law pursuant to Conn. Gen. Stat. §52-607 is not automatic. In fact, the judgment of another state is presumed valid. Business Alliance Capital Corp., Fuselier, 88 Conn. App. at 737. In evaluating whether the Defendant was subject to jurisdiction or properly served, this Court must apply California law. Id. Here, the California court has already rendered a judgment on appeal which is dispositive as to this issue. Thus, Defendant may not relitigate this issue. Id.; Regents of the University of Cal. v. Golf Mktg., 92 Conn. App. 378 (2005).

In order to attack the California judgment, the Defendant must show a lack of jurisdiction or a lack of due process, unless the issue of jurisdiction was already litigated in the sister state. J. Corda Constr., Inc. v. Zaleski, 98 Conn. App. at 524. In such instances, this Court is bound by the ruling of the sister state. Id.; Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Ins. Guaranty Assoc., 455 W.S. 691, 706-07 (1982); Packer Plastics, Inc. v. Laundon, 214 Conn. 52, 56-57 (1980).

In this case, the issues of jurisdiction and service have been fully litigated in California. Meeker v. Chen, 2025 Cal. App. Unpub. LEXIS 7990 (Cal. App. 4th Dist. Div. One 2025). Accordingly, this Court is bound by the California Appellate Court's ruling. Packer Plastics, Inc. v. Laundon, supra.

Defendant argues that because the California Appellate Court's decision is unpublished that it need not be followed. Such an argument is contrary to binding precedent. Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Ins. Guaranty Assoc., supra.

This Court is bound by the rulings of the California Courts and must grant enforcement pursuant to the United States Constitution and 28 U.S.C. §1738.

**PLAINTIFF**
**BENJAMIN MEEKER**

By: /s/ *Jeffrey Hellman*
Jeffrey Hellman, Esq.
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
Tel.: 203-691-8762
jeff@jeffhallmanlaw.com
Federal Bar No.: ct04102

**CERTIFICATION OF SERVICE**

I hereby certify that, on June 29, 2026, I have served the forgoing Reply Memorandum of Law in Support of Motion for Summary Judgment by electronic mail and U.S., postage prepaid, mail on the following:

Guoquiang Chen, Pro Se
55 Arbor Crossing
East Lyme, CT 06333
3472687180a@gmail.com

By: /s/ *Jeffrey Hellman*
Jeffrey Hellman