**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BENJAMIN MEEKER, Plaintiff,<br>v.<br>GUOQIANG CHEN, Defendant. | Civil Action No.<br>3:26-cv-00062-SVN<br>Dated: 10, 13, 2026 |

OCT 13 2026 AM11:08
FILED-USDC-CT-NEW HAVEN

# DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Chen responds to the numbered paragraphs of the Complaint, ECF No. 1. Responses to paragraphs 1-5 also apply to their incorporation in Count One.

1. Admitted on information and belief.

2. Admitted.

3. Chen does not contest this Court's diversity jurisdiction over this action.

4. Admitted that the demand exceeds $75,000, excluding interest and costs. Denied that it is enforceable against Chen.

5. Chen does not contest venue in this District.

6. Admitted that Meeker filed the identified California action on November 6, 2019. Chen denies its underlying accusations.

7. Denied that Chen was duly served or that default was entered on July 28, 2021. Chen did not answer. The register records default on June 28, 2021. Ex. C at C-01 (CT 0322), ROA 69.

8. Admitted that the October 9, 2023 judgment awards Meeker $1,649,800 against Chen jointly and severally with the other named debtors. Denied entitlement to enforcement here. Ex. C at C-06-C-07 (CT 0090-0091).

9. Admitted that Chen, through counsel, filed the March 1, 2024 jurisdictional challenge and motion to set aside the default and judgment.

10. Admitted that Meeker filed an opposition on July 22, 2024.

11. Admitted that Chen filed a reply on August 2, 2024.

12. Admitted that the August 9, 2024 hearing occurred and the motion was denied. The order states its grounds. Ex. D at D-01-D-04 (CT 0300-0303).

13. Admitted that the December 12, 2025 opinion affirmed denial of the vacatur motion, rather than deciding a direct appeal from the judgment. Ex. D at D-05-D-15.

14. Admitted that the judgment is final. Chen disputes its enforceability on the grounds pleaded below.

15. Chen has made no payment. He lacks information sufficient to admit collections from other debtors and therefore denies that the judgment remains wholly unsatisfied.

16. Admitted that Chen identifies no existing enforcement stay. The accompanying motion requests prospective relief.

17. Denied entitlement to $1,649,800 without adjudication of the defenses and applicable credits.

18. Admitted that Conn. Gen. Stat. § 52-607 preserves an independent action on a foreign judgment. Denied that it establishes entitlement to the requested relief.

19. Admitted the governing full-faith-and-credit principle. Denied that it resolves these defenses without determining the effect of the prior adjudications.

20. Denied that every service and damages-notice defense is foreclosed. Chen requests a ruling on the binding scope of the California proceedings.

21. Denied that Meeker is entitled to enforcement against Chen as demanded.

**Affirmative defenses**

22. Defective original service. Chen disputes the statutory basis for publication and compliance with its mailing direction. The declaration and investigator's report conflict, and known professional contacts supplied location leads. Ex. B at B-04, B-06-B-08, B-15-B-17 (CT 0018, 0020-0021, 0027, 0034, 0040-0041); Ex. F at F-09 (CT 0218), ¶ 17. Cal. Code Civ. Proc. §§ 415.50, 473(d).

23. Invalid pre-default damages notice. Chen denies the May 25, 2021 personal delivery claimed by Andrews. Chen was in New York; Zhou confirms the apartment was his residence and that he lacked authority to accept service for Chen. Ex. B at B-21-B-22 (CT 0047-0048); Ex. G at G-01, ¶¶ 1-3; Chen Decl. ¶¶ 2-3. Chen challenges the resulting relief under Cal. Code Civ. Proc. §§ 425.11, 580(a).

24. Credits and limits of liability. Any enforceable balance must reflect payments, settlements, or collections that legally reduce the joint and several obligation. Chen is not liable for punitive damages imposed only on Hu and Shang. Meeker must establish the remaining principal and the legal basis, rate, period, and calculation of interest. Ex. C at C-07 (CT 0091).

Chen requests rejection of Meeker's enforcement claim as established by these defenses, all legally required credits, taxable costs, and appropriate further relief. Chen demands a jury on issues triable of right by a jury.

______________________________

Guoqiang Chen, Defendant pro se
55 Arbor Crossing, East Lyme, CT 06333
(347) 268-7180 | 3472687180a@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

BENJAMIN MEEKER, Plaintiff,
v.
GUOQIANG CHEN, Defendant.

Civil Action No.
3:26-cv-00062-SVN
Dated: 10.13., 2026

---

## CERTIFICATE OF SERVICE

I certify that on 10.13., I served a true and complete copy of this Answer and Affirmative Defenses, Motion and Memorandum, Declaration of Guoqiang Chen, and Exhibits A-G by first-class U.S. mail, postage prepaid, addressed to:

Jeffrey Hellman, Esq.
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510

______________________________

Guoqiang Chen, Defendant pro se
55 Arbor Crossing, East Lyme, CT 06333
(347) 268-7180 | 3472687180a@gmail.com