**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

OCT 13 2026 AM11:08
FILED-USDC-CT-NEW HAVEN

| | |
|---|---|
| BENJAMIN MEEKER, Plaintiff, | Civil Action No. |
| v. | 3:26-cv-00062-SVN |
| GUOQIANG CHEN, Defendant. | Dated: 10.13., 2026 |

# MOTION TO DETERMINE SERVICE DEFENSES BEFORE JUDGMENT

Under Federal Rules of Civil Procedure 16(c)(2) and 42(b), Chen moves for an order determining the preclusive scope of the California proceedings, permitting focused production and an evidentiary hearing on service defenses that remain available, and deferring judgment and enforcement relief in this action until those issues are resolved.

The motion is supported by the accompanying memorandum, Chen's declaration, and Exhibits A-G. The requested production includes the prior motion papers and orders, entered publication order, contemporaneous mailing records, Andrews's delivery records, and damages-notice and default submissions. Any existing discovery restriction should be modified only as necessary for that focused inquiry.

Guoqiang Chen, Defendant pro se
55 Arbor Crossing, East Lyme, CT 06333
(347) 268-7180 | 3472687180a@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BENJAMIN MEEKER, Plaintiff,<br>v.<br>GUOQIANG CHEN, Defendant. | Civil Action No.<br>3:26-cv-00062-SVN<br>Dated: 10.13, 2026 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

Meeker seeks $1,649,800 on a California default judgment. The record contains a direct conflict over personal delivery of the damages statement, a disputed mailing to another person's residence, and conflicting accounts supporting publication. One certificate cannot establish service of different documents on different dates. Chen requests examination of these service events before entry of an enforcement judgment.

The September 30, 2026 order denied Chen's motion to dismiss because the earlier Connecticut dismissal was not on the merits. Ex. E at E-01-E-02 (ECF No. 35). This filing answers the complaint and presents the service and accounting defenses to enforcement. The Hawaii pleading already alleged fraud and securities fraud in December 2017; the June 2019 letters arose from that existing dispute. Ex. A at A-01-A-07.

**I. The prior California rulings must be addressed precisely.**

Under 28 U.S.C. § 1738 and Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Insurance Guaranty Ass'n, 455 U.S. 691, 706-710 (1982), jurisdictional issues resolved after a full and fair opportunity to litigate receive binding effect. The Court must determine what the California proceedings foreclose before reaching the service evidence. Chen requests that determination, followed by adjudication of each defense that remains available.

The August 9, 2024 order excluded four declarations under Cal. Code Civ. Proc. § 2015.5 and separately ruled on minimum contacts. It also recorded that publication service was not challenged. Ex. D at D-02-D-04 (CT 0301-0303). The December 12, 2025 opinion affirmed denial of the motion to set aside the default and judgment. Ex. D at D-05-D-15. The present request concerns the binding scope of those decisions, including whether they foreclose the distinct pre-default damages-notice objection under § 425.11. Their effect must be determined from the prior pleadings and rulings, not assumed from the word 'affirmed.'

**II. The publication showing conflicts with its own investigator's report.**

Cal. Code Civ. Proc. § 415.50(a) requires reasonable diligence before publication. Meeker's January 14, 2021 declaration identified 55 Arbor Xing, East Lyme, Connecticut, then described the address as a confirmed residence and accused Chen of evading service. Ex. B at B-04, B-06 (CT 0018, 0020). His attached investigator's report recorded that Chen did not live there, was in China, and could not return because of flight conditions. The investigator credited that overseas explanation. Ex. B at B-16 (CT 0040). Those accounts conflict. The available leads and actual follow-up must be examined.

Meeker himself invoked Donel, Inc. v. Badalian, 87 Cal.App.3d 327, 333-334 (1978), which identifies known lawyers as potential sources of location information. Ex. B at B-07 (CT 0021). Harris's correspondence distinguishes his representation of Shang from discussions about Chen and his later disclaimer of representing Chen. Ex. B at B-08-B-15 (CT 0027-0034). Meeker also acknowledged years of contact with Chen's

immigration lawyer. Ex. F at F-09 (CT 0218), ¶ 17. The requested inquiry is what he actually did to pursue those leads.

Section 415.50(b) also requires prompt mailing when the address is ascertained during the publication period. The reproduced publication-order form contains that mailing direction. Ex. B at B-17 (CT 0041). Perez's declaration identifies March 23, 2021 as the mailing date for the summons, complaint, and publication order to the Connecticut address already listed in Meeker's January declaration. Ex. B at B-31 (retained App. 24). The newspapers establish publication dates, not performance of the separate mailing duty. Ex. B at B-18, B-25-B-26 (CT 0042, 0146-0147). The complete entered order and contemporaneous mailing records will establish the applicable timing and compliance.

**III. The claimed May 25 personal delivery is directly disputed.**

Meeker's Statement of Damages is dated May 20, 2021. Andrews's return claims that he personally delivered it to Chen at 1420 Creekside Drive, Apartment 7, Walnut Creek, California, on May 25 at 8:04 p.m. Ex. B at B-21-B-22 (CT 0047-0048). Chen states that he was in New York and was not at that address at that time. Chen Decl. ¶ 2. This dispute concerns the delivery itself.

Libo Zhou's signed declaration confirms that the apartment was his residence, not Chen's. Zhou states that no process server personally delivered Chen's Statement of Damages to him on May 25; that he did not witness personal delivery to Chen there; and that he had no authority to accept service for Chen. Ex. G at G-01, ¶¶ 1-3. Chen independently denies authorizing Zhou to accept service. Chen Decl. ¶ 3. The resident's account supports Chen's challenge to the alleged delivery; a correspondence address does not establish who was present.

Meeker's own explanation is an inference from correspondence: the clerk's May 17 reply to Chen's May 3 letter prompted him to arrange service in Walnut Creek. Ex. F at F-09 (CT 0218), ¶ 18; Ex. B at B-29, B-34-B-37 (CT 0283-0287). Both letters predated the damages statement. An inference from a mailing address cannot establish who stood at that address on May 25. California Evidence Code § 647 gives a registered server's return a rebuttable presumption, not conclusive effect. Andrews's identification method, assignment instructions, contemporaneous notes, available photographs or location records, and testimony are the records needed to test the claimed event.

Cal. Code Civ. Proc. § 425.11(c)-(d) requires damages notice before default and prescribes the service method according to whether the defendant has appeared. Parish v. Peters, 1 Cal.App.4th 202, 209-214 (1991), applies that protection following publication of the summons. If Meeker relies on Chen's May 3 letter as an appearance permitting ordinary service of later papers, he must identify the service of this May 20 statement. Earlier mailings of other documents cannot supply that event.

## IV. The June 26 mailing claim must be tested against the actual records.

The clerk first rejected the default request because item 5 was incomplete. Ex. B at B-30, B-32-B-33 (retained App. 23, 25-26). Meeker signed the corrected request and declared first-class mailing to the Walnut Creek address on June 26, 2021. Ex. B at B-23-B-24 (CT 0049-0050). The register records entry of default on June 28, not the July 28 date alleged in Complaint ¶ 7. Ex. C at C-01 (CT 0322), ROA 69. A mailing declaration and a clerk's entry are separate events.

Chen denies that Meeker actually mailed the June 26 application as claimed and disputes the truth of the mailing declaration. The declaration states the mailing claim; Chen's declaration establishes his nonreceipt. Ex. B at B-24 (CT 0050); Chen Decl. ¶ 4. If Meeker mailed it, produce the contemporaneous evidence: any postal receipt or certificate of mailing, mailing log, envelope copy, postage record, returned mail, or other record of deposit. He must also explain why Zhou's residence was treated as Chen's last known address under § 587.

Meeker, as a lawyer, should know that preserving contemporaneous evidence of a mailing used to obtain a multimillion-dollar default judgment is basic common sense. Ex. B at B-24 (CT 0050); Ex. C at C-07 (CT 0091). Calling it 'first-class mail' does not establish that it was mailed. If Meeker cannot substantiate the mailing, Chen asks the Court to infer from the missing corroboration, disputed address, and conflicting delivery evidence that it did not occur.

**V. Damages notice defines the enforceable scope of default relief.**

Meeker demanded $1,649,800, including $1,485,000 for emotional distress. Hurst separately demanded $1,503,000. Ex. B at B-19, B-21 (CT 0045, 0047). The judgment awarded those sums and expressly imposed no punitive damages on Chen. Ex. C at C-06-C-07 (CT 0090-0091). This action seeks Meeker's $1,649,800 award. Cal. Code Civ. Proc. §§ 425.11 and 580(a) supply the notice and default-relief questions. The amount demanded does not cure defective service of that demand.

**VI. Apply the same law with the same rigor to Meeker and the notice record.**

(1) Declaration requirements. Judge Cynthia Freeland's August 9, 2024 order excluded four declarations, ROA Nos. 141, 142, 162, and 163, because the out-of-state declarations lacked the California-law certification required by Cal. Code Civ. Proc. § 2015.5. The order treated compliance with that statute as a prerequisite to considering their testimony. Ex. D at D-03 (CT 0302). Chen asks Judge Sarala V. Nagala to apply equally exacting scrutiny to the service and notice prerequisites on which Meeker now relies.

(2) Meeker's service obligations. Section 415.50 requires diligence before publication and prompt mailing when its address condition is met; Meeker's account conflicts with his investigator's report. Ex. B at B-04, B-06, B-16-B-17, B-31. Sections 425.11(c)-(d) and 580(a) govern pre-default damages notice and the permitted relief; the claimed personal delivery is disputed by Chen and the apartment's resident. Ex. B at B-21-B-22; Ex. G at G-01, ¶¶ 1-3; Chen Decl. ¶¶ 2-3; Parish v. Peters, 1 Cal.App.4th 202, 209-214 (1991). Section 587 requires the specified mailing affidavit for the default application; its address and actual-mailing assertions are contested. Ex. B at B-24 (CT 0050). Each prerequisite must be tested against its own evidence. None permits an unsupported inference to replace a required fact.

(3) Clerk notice and records. San Diego Local Rule 2.1.8 addresses court notification when an oral default prove-up or additional evidence is required. Cal. Code Civ. Proc. § 1013a(4) specifies the clerk's mailing proof; § 664.5 assigns judgment-notice duties under its applicable subsections; Cal. Gov. Code §§ 69844 and 69846 govern court entries and preservation of records. The May 17 letter uses Zhou's apartment address,

and the 2023 hearing-notice certificate lists only Meeker. Ex. B at B-29; Ex. C at C-03-C-04. Neither establishes notice to Chen. Whether the applicable notice duties were faithfully performed is part of reviewing this enforcement record, with § 1010 and the governing orders defining any notice exemption.

(4) Equal scrutiny and access to remedies. Freeland emphasized that California 'has a manifest interest in providing a local forum for its residents to redress injuries inflicted by out-of-state defendants.' Ex. D at D-04 (CT 0303), citing Yue v. Yang, 62 Cal.App.5th 539, 550 (2021), and Integral Development Corp. v. Weissenbach, 99 Cal.App.4th 576, 591 (2002). Connecticut Constitution article first, § 10 protects access to legal remedies; North Sails Group, LLC v. Boards and More GmbH, 337 Conn. 376 (2021), footnote 15, recognizes Connecticut's general interest in a forum for residents injured by out-of-state actors. Chen's Connecticut property is now the target. State residence cannot justify one procedural standard for Meeker and another for Chen. He asks Judge Nagala to apply the same law with the same rigor: determine the binding scope of the prior rulings, examine Meeker's service proof and the applicable clerk-notice record, and decide the available defenses before permitting collection.

**VII. Requested order**

The decisive question is whether Meeker satisfied the legal prerequisites before obtaining the default award he now asks this Court to enforce. The conflicting address accounts, disputed personal delivery, corrected default request, and one-sided clerk mailing record require specific answers.

Chen requests an order: (1) determining the preclusive scope of the California proceedings; (2) permitting focused production and an evidentiary hearing on service defenses that remain available, with any necessary modification of existing discovery restrictions; and (3) deferring judgment and enforcement relief in this action until those issues are resolved. The production should cover the complete prior motion papers and orders, the entered publication order, contemporaneous mailing records, Andrews's delivery records, the damages-notice and default submissions identified above, and the notice proofs and governing orders relevant to enforceability. Fed. R. Civ. P. 16(c)(2), 42(b).

Where an adjudicated service defect makes the California judgment unenforceable against Chen, reject Meeker's enforcement claim. Independently deny enforcement of any relief unauthorized under §§ 425.11 and 580(a), and apply every legally required credit against the joint and several obligation.

______________________

Guoqiang Chen, Defendant pro se
55 Arbor Crossing, East Lyme, CT 06333
(347) 268-7180 | 3472687180a@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BENJAMIN MEEKER, Plaintiff,<br>v.<br>GUOQIANG CHEN, Defendant. | Civil Action No.<br>3:26-cv-00062-SVN<br>Dated: 10.13., 2026 |

## DECLARATION OF GUOQIANG CHEN

1. I am the defendant. I make this declaration from personal knowledge.
2. On May 25, 2021, I was in New York, not at 1420 Creekside Drive, Apartment 7, Walnut Creek, California, at 8:04 p.m. No process server handed me Meeker's Statement of Damages there then.
3. That apartment was Libo Zhou's residence, not mine. Zhou is a Hawaii co-plaintiff. I never authorized him to accept service of the damages statement for me.
4. I did not receive the June 26, 2021 application for entry of default, notice of the June 28, 2021 entry of default, or notice of entry of the October 9, 2023 judgment.
5. I personally obtained records from the San Diego Superior Court, including the hearing notice and clerk's mailing certificate reproduced at Ex. C, C-03-C-04.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on 10.13.2026 at East Lyme, connecticut.

陈国强.

Guoqiang Chen, Defendant pro se
55 Arbor Crossing, East Lyme, CT 06333
(347) 268-7180 | 3472687180a@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

BENJAMIN MEEKER, Plaintiff,
v.
GUOQIANG CHEN, Defendant.

Civil Action No.
3:26-cv-00062-SVN
Dated: 10.13., 2026

## CERTIFICATE OF SERVICE

I certify that on 10.13., I served a true and complete copy of this Answer and Affirmative Defenses, Motion and Memorandum, Declaration of Guoqiang Chen, and Exhibits A-G by first-class U.S. mail, postage prepaid, addressed to:

Jeffrey Hellman, Esq.
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510

[signature]

Guoqiang Chen, Defendant pro se
55 Arbor Crossing, East Lyme, CT 06333
(347) 268-7180 | 3472687180a@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BENJAMIN MEEKER, Plaintiff,<br>v.<br>GUOQIANG CHEN, Defendant. | Civil Action No.<br>3:26-cv-00062-SVN<br>Dated: 10, 13. , 2026 |

## EXHIBIT INDEX AND CITATION GUIDE

A. A-01-A-07 - December 2017 Hawaii pleading; prior fraud allegations and recovery demand.

B. B-01-B-26; B-29-B-37 - Publication, correspondence, damages notice, delivery return, default request, and mailing declarations. Duplicate copies B-27-B-28 omitted; retained labels preserved.

C. C-01-C-07 - Default register, hearing notice, clerk mailing certificate, and October 2023 judgment.

D. D-01-D-15 - August 2024 vacatur order and December 2025 appellate opinion.

E. E-01-E-02 - September 30, 2026 order denying ECF No. 12.

F. F-01-F-09 - Meeker declarations concerning damages and service.

G. G-01 - Signed Libo Zhou declaration, October 11, 2026.

Exhibit page labels (for example, B-24) identify attached pages. CT numbers identify the California clerk's transcript. Retained Appendix numbers identify source copies. Yellow highlights locate cited passages and are not court markings. Original signatures, stamps, handwriting, and source page numbers are preserved.

### Authorities applied to the record

28 U.S.C. § 1738; Underwriters, 455 U.S. 691 → D-01-D-15; E-01-E-02

Cal. Code Civ. Proc. § 415.50; Donel, 87 Cal.App.3d 327 → B-04, B-06-B-08, B-15-B-18, B-25-B-26, B-31; F-09

Cal. Code Civ. Proc. §§ 425.11, 580(a); Parish, 1 Cal.App.4th 202 → B-19-B-22; C-06-C-07; G-01; Chen Decl. ¶¶ 2-3

Cal. Evid. Code § 647 → B-22; G-01; Chen Decl. ¶¶ 2-3

Cal. Code Civ. Proc. § 587 → B-23-B-24; C-01; Chen Decl. ¶ 4

Cal. Code Civ. Proc. §§ 1013a(4), 664.5, 1010; San Diego L.R. 2.1.8; Cal. Gov. Code §§ 69844, 69846 → B-24, B-29; C-03-C-04; F-09

Cal. Code Civ. Proc. § 2015.5 → D-03 (CT 0302)

Conn. Const. art. I, § 10; North Sails, 337 Conn. 376 n.15 → D-03-D-04; requested procedural review

Fed. R. Civ. P. 16(c)(2), 42(b) → Requested order

117. Pursuant to Section 4.9 of the Partnership Agreement, HIRC, and by extension its members TAH, Wilson, Hurst, and/or Meeker, "shall have fiduciary responsibility for the safekeeping and use of all funds and assets of the Partnership."

118. Under the Hawaii Uniform Limited Partnership Act, HRS § 425E-408, a general partner owes the fiduciary duties of loyalty and care to the limited partnership and other partners, and to hold as a trustee for it any property, profit, or benefit derived by the general partner.

119. Defendants' acts and omissions as described herein, including, without limitation, Defendants' self-dealing and mismanagement of Regency Fund Partnership and Project monies and assets, paying to themselves of excessive fees and Regency Fund Partnership and Project monies to themselves for improper purposes, including financing the Litigation and other EB-5 projects, failure to provide timely notice to Plaintiffs of material facts and information related to the Regency Fund Partnership and the Project, and unauthorized, material changes to the Regency Fund Partnership and Project in order to serve their own interests at the expense of the Plaintiffs', constitute breach of fiduciary duties.

120. The Defendants' acts and omissions have directly and proximately caused damages to Plaintiffs in an amount to be proven at trial.

COUNT V

Direct and Derivative Claim for Fraud (against all Defendants)

121. Plaintiffs reallege and incorporate each and every allegation made above as if fully set forth herein.

122. The Defendants made knowingly false representations and future promises they had no intention of keeping to Plaintiffs in the Offering Documents, in order to induce Plaintiffs to invest in the Regency Fund Partnership and the Project, and later, including, without limitation, in HIRC newsletters. Such false representations and/or future promises, which

Defendants had no intention of keeping at the time they were made, related to, without limitation, the nature of Plaintiffs' investments as debt rather than equity investments, the development and operation of the Project by Regency Pacific and/or related entities, the refinancing or sale of the Project in accordance with the Offering Documents, the minimal risks to Plaintiffs based on the Guaranty and the Regency Pacific entities and related individuals' wealth, and the way in which Plaintiffs' investments would be repaid, as further described above.

123. Defendants' fraudulent intent is evidenced by Defendants' failure to timely provide any reasonable explanations for their actions to Plaintiffs, by their failure to pursue the Guaranty, and by their refusal to provide documents and information to Plaintiffs in order to further conceal their actions.

124. Plaintiffs justifiably and detrimentally relied on the Defendants' representations in choosing to invest in the Project, as the Defendants representations made their investments appear much more secure compared to other potential EB-5 investments based in equity.

125. Plaintiffs would not have invested in the Project and the Regency Fund Partnership or delayed taking legal action but for Defendants' false representations, and would not have invested in the Project or the Regency Fund Partnership if Defendants had informed them of their false representations.

126. The Defendants acts and omissions have directly and proximately caused damages to Plaintiffs in an amount to be proven at trial.

COUNT VI

Direct Claim for Securities Fraud (against all Defendants)

127. Plaintiffs reallege and incorporate each and every allegation made above as if fully set forth herein.

128. The Subscription Agreement constitutes a sale of securities within the meaning of Chapter 485A of the Hawaii Revised Statutes.

129. Defendants' knowing misrepresentations in the Offering Documents and otherwise, as further described above, including, without limitation, concerning the nature of Plaintiffs' investments, and Defendants' promises that Plaintiffs' investments would be secured and guaranteed and not in the nature of equity, constitute untrue and misleading statements of material fact pursuant to which Plaintiffs bought securities from Defendants, in violation of Section 485-509(b) of the Hawaii Revised Statutes.

130. Defendants knowingly made such misrepresentations and false promises for the purpose of inducing Plaintiffs to invest in the Regency Fund Partnership and the Project, Defendants never intended to keep their promises to Plaintiffs, and Defendants knew or should have known that Plaintiffs would rely on such misrepresentations and false promises.

131. As set forth above, Plaintiffs would have never entered into the Subscription Agreement or invested in the Regency Fund Partnership or the Project absent the false promises and misrepresentations of Defendants, on which Plaintiffs justifiably relied, or had Plaintiffs been told of Defendants' false promises and misrepresentations.

132. Plaintiffs are entitled to direct damages equal to the monies that should have been paid to them by the Regency Fund Partnership under the Subscription Agreement and Partnership Agreement, that is $550,000 each, the value of the units purchased by Plaintiffs absent the wrongful conduct by Defendants, and interest thereon from the date on which such monies should have been payed to Plaintiffs.

<u>COUNT VII</u>

Direct and Derivative Claim for Negligent Misrepresentation (against all Defendants)

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2017 DEC -8 PM 3:58

F. OTAKE
CLERK

STARN • O'TOOLE • MARCUS & FISHER
A Law Corporation

TERENCE J. O'TOOLE 1209-0
PAUL H. SATO 1846-0
JOHN W. KELLY 9907-0
733 Bishop Street, Suite 1900
Pacific Guardian Center, Makai Tower
Honolulu, Hawai'i 96813
Telephone: (808) 537-6100

Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| YING LU; JIANJUN YE; HUAMING YU; XIAOJUN LOU; YAPING LOU; YEZHI ZHANG; WEILIN CHEN; KAI XI; TING SHEN; XIAOTIAN GAO; YUKWAN KOT; WENJUAN HUANG; LI SUN; ZHENGHAO SUN; HAIYAN HUANG; LIBO ZHOU; JIANHAO HU; GUOQIANG CHEN; CAIHUA SHANG; HUA ZHU; KAIBO ZHANG, individually and derivatively on behalf of REGENCY VENTURE FUND LLLP<br><br>Plaintiffs,<br>v.<br><br>HAWAIIAN ISLANDS REGIONAL CENTER LLC; DAVID WILSON; ANDRE HURST; BENJAMIN MEEKER; KAUMANA DRIVE PARTNERS, LLC; TAH MANAGEMENT, LLC; VICTUS MANAGEMENT, LLC, AND DOE DEFENDANTS 1-50,<br><br>Defendants,<br><br>and<br><br>REGENCY VENTURE FUND LLLP<br><br>Nominal Defendant. | CIVIL NO. 17-1-1699-10 JPC<br>(Breach of Contract)<br><br>**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS** |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

140. Plaintiffs reallege and incorporate each and every allegation made above as if fully set forth herein.

141. Defendants have certain contractual, statutory, and fiduciary duties to Plaintiffs, as further described above.

142. Defendants have acted with reckless disregard for their duties and obligations to Plaintiffs, in breach of such duties and obligations, and have failed to exercise reasonable business judgment in making decisions on behalf of the Regency Fund Partnership, as further described above, including, without limitation, in converting Plaintiffs' investments from debt to equity, in their failure to sell or refinance the Project in accordance with the Offering Documents, in their unauthorized takeover of Kaumana, in their payment of excessive management fees to Victus, in their taking out of the New Loan, and in their failure to provide material information regarding the Regency Fund Partnership and Project to Plaintiffs.

143. The Defendants' acts and omissions have directly and proximately caused damages to Plaintiffs in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray as follows for judgment, jointly and severally, against the Defendants as follows:

1. For direct damages in an amount of at least $550,000 each, plus such other damages as may be determined at trial;

2. For direct punitive damages in an amount to be determined at trial;

3. For attorney's fees and costs directly to Plaintiffs, as a result of both direct and derivative claims;

4. For an award of pre- and post-judgment interest directly to Plaintiffs, as a result of both direct and derivative claims;

5. For a finding that the Defendants are directly, vicariously, jointly and severally liable for all damages, attorney's fees, and interest owed to the Plaintiffs;

6. To the extent that any proceeds, benefits, or judgments are found to belong to Regency Fund Partnership as a result of a derivative claim, an Order that those funds be placed in a trust and distributed pursuant to the distribution provisions of the Partnership Agreement.

7. For a finding that HIRC, TAH, Wilson, Meeker, and Hurst violated their fiduciary duties to the Plaintiffs;

8. For preliminary and permanent injunctive relief:

a. For an immediate Order requiring the Defendants to provide a complete accounting and produce documents and information regarding the Regency Fund Partnership affairs, as is just and reasonable in accordance with HRS § 425E-304.

b. Immediate equitable relief, directly and derivatively, in the form of a Special Master or otherwise as deemed appropriate by the Court, to oversee the Defendants' use of the Regency Fund Partnership and Project assets to ensure Plaintiffs' investments are returned as soon as possible and Defendants' compliance with the terms of the Partnership Agreement, the Court's order(s), and relevant State and Federal laws;

c. Directly and derivatively for an Order requiring Defendants to immediately cease using Regency Fund Partnership and Project monies or assets to fund the Litigation or other litigation matters that any of the Defendants may be involved in;

d. Directly and derivatively. for an Order requiring Defendants to immediately stop collecting management fees by and through Victus, and terminating Victus' management services contract for the Project and requiring Defendants to enter into a new management services contract at market rate;

e. Directly and derivatively, for an Order requiring Defendants to disgorge the benefits they have received and are continuing to receive as a result of the claims described herein, including all monies taken or derived from the Regency Fund Partnership and/or the Project and used to fund the Litigation, and other legal fees and expenses in separate matters unrelated to the development of the Project, and other payments received as a result of Defendants' wrongdoings, including but not limited to payments made to Victus; and

9. For such other relief as this Court deems fair and equitable under the circumstances.

DATED: Honolulu, Hawaii, December 8, 2017

/s/ Terence J. O'Toole

TERENCE J. O'TOOLE
PAUL H. SATO
JOHN W. KELLY
Attorneys for Plaintiffs

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Benjamin Meeker (204183)<br>LAW OFFICE OF BENJAMIN MEEKER<br>2131 Palomar Airport Road, Suite 218, Carlsbad, CA 92011<br>TELEPHONE NO.: 760-790-4800 FAX NO.(Optional): 760-820-9040<br>E-MAIL ADDRESS (Optional): blm@blmeekerlaw.com<br>ATTORNEY FOR (Name): Plaintiffs BENJAMIN MEEKER and ANDRE HURST | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br>01/14/2021 at 11:40:00 AM<br>Clerk of the Superior Court<br>By Veronica Navarro,Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☐ CENTRAL DIVISION, CENTRAL COURTHOUSE, 1100 UNION ST., SAN DIEGO, CA 92101<br>☐ CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ CENTRAL DIVISION, MADGE BRADLEY, 1409 4TH AVE, SAN DIEGO, CA 92101<br>☐ CENTRAL DIVISION, KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123<br>☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123<br>☒ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | |
| PLAINTIFF/PETITIONER<br>MEEKER | |
| DEFENDANT/RESPONDENT/CITEE<br>CHEN | |
| **APPLICATION FOR PUBLICATION OF SUMMONS/CITATION** | CASE NUMBER<br>37-2019-00058819-CU-BT-NC |

Application is made for an order directing service of the ☒ Summons ☐ Citation

☐ Summons on *(specify)* ______________

on defendant, respondent, or citee *(specify name)* GUOQIANG CHEN
in the above entitled case by publication of said summons or citation in the following:

- A newspaper for general circulation in California and most likely to give actual notice to defendant, respondent, or citee *(specify newspaper)* San Diego Union Tribune, which has the ability to publish said notice pursuant to Gov. Code § 6064.

***And (If applicable pursuant to Code Civ. Proc. § 415.50(b))***

- A newspaper outside this state that is most likely to give actual notice to defendant, respondent, or citee *(specify newspaper)* The Day, which has the ability to publish said notice pursuant to Gov. Code § 6064.

A cause of action exists against defendant/respondent/citee upon whom service is to be made, or he or she is a necessary or proper party to the action, or the party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court, or the relief demanded in the action consists wholly or in part in excluding such party from an interest in such property. A declaration under penalty of perjury pursuant to the laws of the State of California, based upon my personal knowledge or other admissible evidence, is attached and contains all of the following:

1. Facts showing the existence of each element of each cause of action I have alleged against the defendant/respondent/citee herein or showing the defendant/respondent/citee is a necessary or proper party to this action or
2. Facts showing the party to be served claims an interest in real or personal property in this state that is subject to the jurisdiction of the court, or the relief demanded in the action consists wholly or in part in excluding such party from an interest in such property.

A copy of the summons or citation and the complaint or petition could not be served in any matter as provided in the Code of Civil Procedure. I used reasonable diligence and made inquiry of appropriate public databases and relatives and/or associates who might know the whereabouts of the defendant/respondent/citee and have not been able to ascertain a present address. Efforts made to determine the location of the dwelling house, normal place of abode, or the usual place of business of the defendant/respondent/citee are attached. *(Original declarations of search efforts or declarations by investigators __must__ be attached to this application.)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 14, 2021

Signature of Declarant

Benjamin Meeker (204183)
LAW OFFICE OF BENJAMIN MEEKER
2131 Palomar Airport Road, Suite 218
Carlsbad, CA 92011
Tel: 760-790-4800
Fax: 760-820-9040
Email: *blm@blmeekerlaw.com*

Attorney for Plaintiffs
BENJAMIN MEEKER and ANDRE HURST

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION

| | |
|---|---|
| BENJAMIN MEEKER, an individual; and ANDRE HURST, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GUOQIANG CHEN, an individual; JIANHAO HU, an individual; CAIHUA SHANG, an individual; and DOES 1-50, inclusive,<br><br>Defendants | Case No. 37-2019-00058819-CU-BT-NC<br><br>Assigned for all Purposes to:<br>Hon. Cynthia A. Freeland, Dept. N-27<br><br>**DECLARATION OF BENJAMIN MEEKER IN SUPPORT OF APPLICATION FOR PUBLICATION OF SUMMONS (FORM CIV-048)** |

**DECLARATION OF BENJAMIN MEEKER**

I, Benjamin Meeker, declare:

1. I am an attorney at law, duly licensed to practice in the State of California. I have personal knowledge of the facts stated below, and if called upon as a witness, I could and would testify to the following:

2. In 2012, GUOQIANG CHEN ("CHEN") became one of 37 Chinese limited partners in Regency Venture Fund, LLLP, a Hawaii limited liability limited partnership ("RVF"). RVF was formed for the sole purpose of developing a 100-bed skilled nursing facility in Hilo, Hawaii (the "facility") through the EB-5 immigrant investor visa program. The sole managing partner of RVF is Hawaiian Islands Regional Center, LLC, a Hawaii limited liability company ("HIRC"). At all relevant

times, plaintiff ANDRE HURST ("HURST") and I (collectively, "Plaintiffs") have been connected to the management of RVF and HIRC.

3. The facility was completed in June, 2015.

4. In July, 2017, I met with several limited partners of RVF, including CHEN, at the facility. At this July, 2017 meeting, CHEN expressed disagreement with Plaintiffs' management of RVF and the facility and threatened me by saying **"I know people in China! If we were in China, I'd have you put in jail!"**

5. On October 18, 2017, some of RVF's limited partners, including CHEN, JIANHAO HU ("HU"), and CAIHUA SHANG ("SHANG") (collectively, "Defendants"), filed a civil action in Hawaii Circuit Court against, among others, RVF, HIRC, and Plaintiffs (the "Hawaii litigation"). The complaint in the Hawaii litigation generally alleges that RVF and the development of the facility had been mismanaged. The plaintiffs in the Hawaii litigation sought a temporary restraining order against RVF, HIRC, and Plaintiffs, which was denied, evidencing that the Hawaii litigation is a garden-variety civil matter wherein facts sufficient to support extraordinary remedies do not exist.

6. On June 11, 2019, CHEN, on behalf of himself and all Defendants, sent an extortion letter to Plaintiffs (the "June 11 letter"). The June 11 letter demanded that Plaintiffs pay Defendants $1,485,000 in connection with the Hawaii litigation. The June 11 letter threatened that if Plaintiffs failed to pay the aforementioned sum, Defendants would take the "stronger measures" of reporting Plaintiffs to law enforcement for criminal prosecution.

7. On June 13, 2019, I contacted the United States Attorney for the Southern District of California to report the June 11 letter and seek advice on what, if anything, Plaintiffs should do in response. I was advised by the United States Attorney's office to report the June 11 letter to the Federal Bureau of Investigation ("FBI"). Accordingly, I reported Defendants' extortionate acts to the FBI on June 13, 2019.

8. On June 18, 2019, CHEN, on behalf of himself and all Defendants, sent a **second** extortion letter to Plaintiffs (the "June 18 letter") repeating the demands and threats made in the June 11 letter. I reported the June 18 letter to the FBI on June 19, 2020.

9. At the time Defendants sent the June 11 letter and June 18 letter, California Penal Code §§ 519 and 523 provided that every person who, with intent to extort property or other consideration from another, sends or delivers to any person any letter or other writing, whether subscribed or not, expressing or implying, or adapted to imply, any threat to accuse the individual threatened of a crime is guilty of the crime of extortion. (Penal Code, §§ 519, 523.) Defendants' violations of California Penal Code §§ 519 and 523 give rise to civil liability for extortion. (*See, e.g.,* Flatley v. Mauro (2006) 39 Cal.4th 299; Mendoza v. Hamzeh (2013) 215 Cal.App.4th 799.) As a direct and proximate result of Defendants' intentional (or negligent) acts, Plaintiffs have suffered, and continue to suffer, severe emotional distress, thus giving rise to Plaintiffs' causes of action for intentional and negligent infliction of emotional distress. (*See* Judicial Council of California Jury Instructions ("CACI"), 1600 and 1620.) Lastly, Defendants' extortionate acts constitute unlawful, unfair, and/or deceptive business practices under California Business and Professions Code § 17200, *et seq.* in that the June 11 and June 18 letters constitute illegal, malicious, and extortionate threats to gain advantage in the Hawaii litigation, which is still pending.

10. Both the June 11 letter and June 18 letter show a return address for CHEN of 500 W. 30th Street, Apartment 18B, New York, New York (the "New York address"). As a result, licensed process server and investigator made an attempt to serve CHEN at the New York address on July 21, 2020. Attached hereto as Exhibit A is a true and correct copy of a "Declaration of Diligence" prepared and signed by New York state private investigator William S. Maseroni detailing said facts. Highly relevant portions of Exhibit A have been highlighted for the court's convenience. The process server gained access to the New York address but there was no answer. (Exhibit A.) The process server then conducted an investigation by, among other things, interviewing the doorman at the New York address and determined that CHEN no longer resided there. (*Ibid.*) From July 22 through July 30, 2020, the process server conducted various investigations to locate CHEN. (*Ibid.*) The process server eventually determined, based on research of CHEN's telephone number and social security number, that CHEN was likely residing at 55 Arbor Xing, East Lyme, Connecticut (the "Connecticut address"). (*Ibid.*) According to Exhibit A, the following attempts to serve CHEN at the Connecticut address took place:

**August 1, 2020 at 7:00 p.m. EDT:** An Asian woman age 30-40 answered the door at the Connecticut address. The process server asked for CHEN and the woman indicated that she knew who the process server was referring to. The process server pointed to CHEN's name on the documents, the woman said "yes," and pointed to the back of the residence indicating that CHEN was there. The process server asked her to call for CHEN, and she refused. The process server pointed to the back of the residence where he could hear people talking and asked the woman if that was CHEN. She responded "yes." The woman was asked if CHEN sleeps and lives at the residence, and she responded "yes." The process server then handed the service documents to the woman and returned to his car to retrieve a pen and paper. He then returned to the woman and asked her to write down her name. She refused and attempted to give the service documents back to the process server. He declined. By this time, the woman was sweating and appeared upset. The process server informed the woman that CHEN had been served and instructed her to deliver the service documents to CHEN. The woman then started to follow the process server back to his car but stopped. The process server then departed, having left the service documents with the woman.

**August 31, 2020:** Based on the foregoing, Plaintiffs filed a Declaration of Due Diligence and Proof of Service. (*See* August 31, 2020 Declaration of Due Diligence on file herein.) Attorney David E. Harris (Cal. Bar No. 161334), who had previously informed me that he planned on representing SHANG (and that he *might* end up representing the other Defendants), was e-served with the CHEN proof of service. (*See* August 31, 2020 Proof of Service on file herein.)

**October 5, 2020:** Mr. Harris confirmed to me that he would in fact be representing CHEN. Attached hereto as Exhibit B is a true and correct copy of a string of emails between Mr. Harris and I concerning the service of CHEN. Highly relevant portions of Exhibit B have been highlighted for the court's convenience. Mr. Harris and I then exchanged meet and confer emails regarding the service of CHEN. (Exhibit B.) I

eventually agreed to give CHEN until October 16, 2020 to file a responsive pleading. (*Ibid.*) Mr. Harris and CHEN failed to file any responsive pleading by October 16, 2020.

**October 19, 2020:** Due to CHEN's failure to timely file a responsive pleading, a Request for Entry of Default was filed by Plaintiffs. (*See* October 19, 2020 Request for Entry of Default on file herein.)

**October 20, 2020:** Mr. Harris informed me that he was no longer representing CHEN. (Exhibit B.) I then learned during a subsequent telephonic discussion with a court clerk that the Request for Entry of Default against CHEN had been rejected because San Diego Local Rules, Rule 2.1.5 had allegedly not been complied with. Plaintiffs immediately engaged process servers to continue attempts at the Connecticut address.

**October 28, 2020:** Service of CHEN was attempted at the Connecticut address. Someone was watching the process server through a window but refused to answer the door. Attached hereto as Exhibit C is a true and correct copy of an email string between One Source Process, LLC and I regarding these new attempts. Highly relevant portions of Exhibit C have been highlighted for the court's convenience.

**November 2, 2020:** Service of CHEN was attempted at the Connecticut address. (Exhibit C.) There was no answer. (*Ibid.*)

**November 4, 2020:** Service of CHEN was attempted at the Connecticut address. (Exhibit C.) Someone named "Kingsley" answered the door. (*Ibid.*) Kingsley explained to the process server that CHEN was visiting China. (*Ibid.*)

11. As set forth above, Plaintiffs have made numerous attempts to serve CHEN at the Connecticut address, an address which was confirmed by investigators to be CHEN's residence. This fact was also confirmed by the Asian woman who accepted the service documents at the Connecticut address on August 1, 2020. Moreover, between August, 2020 and October 20, 2020, CHEN was represented in this action by Mr. Harris, providing further confirmation that CHEN (1) resides at the Connecticut address when in the United States, and (2) is aware of this action and Plaintiffs' numerous attempts to serve him. These facts demonstrate that CHEN is aware of Plaintiffs' ongoing service attempts and he is actively evading service. Further attempts to serve CHEN personally or by substitute

service at the Connecticut address will only prove futile and an unnecessary waste of Plaintiffs' resources. In summation, Plaintiffs have demonstrated that the steps taken were the steps "a reasonable person who truly desired to give notice would have taken under the circumstances." (Donel, Inc. v. Badalian (1978) 87 Cal.App.3d 327, 333.) As a result, Plaintiffs, despite reasonable efforts, cannot serve CHEN except by publication.

12. *The San Diego Union Tribune* (*www.sandiegouniontribune.com*) is a newspaper published in print form daily and covers all of San Diego County. I have been in contact with *The Tribune's* legal notices department regarding publication of the summons.

13. *The Day* (*www.theday.com*) is newspaper published in print form daily and covers all of New London County, Connecticut where the Connecticut address is located. I have been in contact with *The Day's* classified and legal account executive and he has confirmed the newspaper's ability to publish the summons in its "Public Notices" section.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own personal knowledge and that this declaration was executed on January 14, 2021, at Carlsbad, California.

Benjamin Meeker

Gmail Benjamin Meeker <blm@blmeekerlaw.com>

**Meeker, et al. v. Chen, et al.**

17 messages

**David Harris** <david.harris@msrlegal.com> Tue, Aug 4, 2020 at 10:13 AM
To: Benjamin Meeker <blm@blmeekerlaw.com>

Dear Mr. Meeker:

It is my understanding that some attempt at service was made on one or more defendants in the above-referenced matter. I have not yet seen any proofs of service, so I do not know if service has been effected. If you have proofs of service, please provide them.

As you know, I represent Caihua Shang. I anticipate representing the other two defendants.

If service has been effectuated, I intend to demurrer to the complaint. Please let me know what would be a good time in the next two weeks to meet and confer via telephone as to the grounds for demurrer, as required by Code of Civil Procedure section 430.41.

Very truly yours,

David E. Harris

MILLER STARR
REGALIA

MILLER STARR REGALIA CONFIDENTIAL COMMUNICATION
This electronic mail message and any attachments are intended only for the use of the addressee(s) named above and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient, or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail message in error, please immediately notify the sender by replying to this message or by telephone. Thank you.

---

**Benjamin Meeker** <blm@blmeekerlaw.com> Mon, Aug 10, 2020 at 8:44 AM
To: David Harris <david.harris@msrlegal.com>

Mr. Harris,

I will forward the Proof of Service upon receipt.

I will be in touch shortly re: possible meet and confer date/time.

BEN MEEKER

[illegible] is intended solely for use by the persons [illegible] ential information including information [illegible] If you are not the intended recipient, be [illegible] of this transmission is prohibited. If you [illegible] blm@blmeekerlaw.com and discard this [illegible]

---

**Benjamin Meeker** <blm@blmeekerlaw.com> Mon, Oct 5, 2020 at 8:35 AM
To: David Harris <david.harris@msrlegal.com>

Mr. Harris,

Please be advised that I intend to enter default against Guoqiang Chen tomorrow, October 6.

On Tue, Aug 4, 2020 at 10:14 AM David Harris <david.harris@msrlegal.com> wrote:

---

**David Harris** <david.harris@msrlegal.com> Mon, Oct 5, 2020 at 8:46 AM
To: Benjamin Meeker <blm@blmeekerlaw.com>

Mr. Meeker:

Please note that you promised to advise me of service. One day notice does not satisfy that obligation. Please consider this a request that you defer entry of default for two weeks. Please let me know by noon today and provide a copy of any proof of service.

David E. Harris

Sent from my iPhone

> On Oct 5, 2020, at 8:35 AM, Benjamin Meeker <blm@blmeekerlaw.com> wrote:
>
> Mr. Harris,
>
> Please be advised that I intend to enter default against Guoqiang Chen tomorrow, October 6.

On Tue, Aug 4, 2020 at 10:14 AM David Harris <david.harris@msrlegal.com> wrote:

Dear Mr. Meeker:

It is my understanding that some attempt at service was made on one or more defendants in the above-referenced matter. I have not yet seen any proofs of service, so I do not know if service has been effected. If you have proofs of service, please provide them.

As you know, I represent Caihua Shang. I anticipate representing the other two defendants.

If service has been effectuated, I intend to demurrer to the complaint. Please let me know what would be a good time in the next two weeks to meet and confer via telephone as to the grounds for demurrer, as required by Code of Civil Procedure section 430.41.

Very truly yours,

David E. Harris

<mime-attachment.gif>

MILLER STARR REGALIA CONFIDENTIAL COMMUNICATION

This electronic mail message and any attachments are intended only for the use of the addressee(s) named above and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient, or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail message in error, please immediately notify the sender by replying to this message or by telephone. Thank you.

---

MILLER STARR REGALIA

ATT00001.gif
3K

---

**Benjamin Meeker** <blm@blmeekerlaw.com> Mon, Oct 5, 2020 at 8:57 AM
To: David Harris <david.harris@msrlegal.com>

Mr. Harris,

Proof of Service was filed on August 31. Both you and Karen Wigylus were eServed the same day. See attached.

Thank you.

---

**Meeker v. Chen OneLegal Order 15125707.pdf**
58K

---

**David Harris** <david.harris@msrlegal.com> Mon, Oct 5, 2020 at 9:04 AM
To: Benjamin Meeker <blm@blmeekerlaw.com>

Mr. Meeker:

Below is your email promising to forward a proof of service upon receipt in response to my email advising you that I would likely represent all three defendants.

You also promised to "shortly" provide a date to meet and confer, which you also failed to do.

Please advise immediately whether you are willing to provide an extension to Mr. Chen to respond to the complaint.

David Harris

Sent from my iPhone

> On Aug 10, 2020, at 8:45 AM, Benjamin Meeker <blm@blmeekerlaw.com> wrote:
>
> Mr. Harris,
>
> I will forward the Proof of Service upon receipt.
>
> I will be in touch shortly re: possible meet and confer date/time.
>
> On Tue, Aug 4, 2020 at 10:14 AM David Harris <david.harris@msrlegal.com> wrote:
>
>> Dear Mr. Meeker:
>>
>> It is my understanding that some attempt at service was made on one or more defendants in the above-referenced matter. I have not yet seen any proofs of service, so I do not know if service has been effected. If you have proofs of service, please provide them.
>>
>> As you know, I represent Caihua Shang. I anticipate representing the other two defendants.
>>
>> If service has been effectuated, I intend to demurrer to the complaint. Please let me know what would be a good time in the next two weeks to meet and confer via telephone as to the grounds for

demurrer, as required by Code of Civil Procedure section 430.41.

Very truly yours,

David E. Harris

<mime-attachment.gif>

MILLER STARR REGALIA CONFIDENTIAL COMMUNICATION

This electronic mail message and any attachments are intended only for the use of the addressee(s) named above and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not an intended recipient, or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail message in error, please immediately notify the sender by replying to this message or by telephone. Thank you.

---

MILLER STARR REGALIA

**ATT00001.gif**
3K

---

**Benjamin Meeker** <blm@blmeekerlaw.com> Mon, Oct 5, 2020 at 9:49 AM
To: David Harris <david.harris@msrlegal.com>

Mr. Harris,

On August 4, after you became aware that attempts to serve your clients were taking place, you requested that I provide you a copy of any proof of service that was effected. On August 10 I agreed to do so. Mr. Chen was subsequently served on August 22. I served you and Ms. Wigylus with the Proof of Service relating to Mr. Chen on August 31 (the same day it was filed with the court). The Proof of Service has therefore been in your possession for 36 days, during which time you never contacted me about scheduling a meet and confer. As the demurring party, your client clearly has the burden to effectuate the meet and confer process.

If you are contending that being served with the Proof of Service on August 31 does not constitute sufficient notice of its existence, please provide your argument and authority.

Thank you.

---

**David Harris** <david.harris@msrlegal.com> Mon, Oct 5, 2020 at 9:53 AM
To: Benjamin Meeker <blm@blmeekerlaw.com>

You told me you would be in touch shortly to meet and confer. You did not.

Are you refusing an extension?

Sent from my iPhone

---

**Benjamin Meeker** <blm@blmeekerlaw.com> Mon, Oct 5, 2020 at 10:23 AM
To: David Harris <david.harris@msrlegal.com>

Mr. Harris,

We apparently disagree on your client's obligations with respect to the meet and confer process (and the facts related thereto), and it is not clear to me upon what grounds your request for an extension is made. Nevertheless, I agree to wait until October 16 to enter default against Mr. Chen. In the meantime, if your client intends to meet and confer under CCP 430.41, please identify via writing all of the specific causes of action that he believes are subject to demurrer and identify with legal support the basis of the deficiencies.

Thank you.

---

**David Harris** <david.harris@msrlegal.com> Mon, Oct 5, 2020 at 10:28 AM
To: Benjamin Meeker <blm@blmeekerlaw.com>

Mr. Meeker:

Thank you for the extension.

The code requires a telephonic or in-person meet and confer, which is why I asked you for available dates to do so. Please provide some available dates. I am happy to provide a written summation as well.

Very truly yours,

David E. Harris

Sent from my iPhone

---

**Benjamin Meeker** <blm@blmeekerlaw.com> Mon, Oct 5, 2020 at 10:33 AM
To: David Harris <david.harris@msrlegal.com>

I believe a written summation would ensure that our telephonic meet and confer is far more productive and concise. I am available October 8 between 10:00 and noon; and October 9 between 1:30 and 3:30.

Thank you.

---

**Benjamin Meeker** <blm@blmeekerlaw.com> Mon, Oct 5, 2020 at 12:52 PM
To: David Harris <david.harris@msrlegal.com>

Will you agree to accept service on behalf of your other two clients?

---

David Harris <david.harris@msrlegal.com>
To: Benjamin Meeker <blm@blmeekerlaw.com> Mon, Oct 5, 2020 at 1:20 PM

I am not authorized to do so.

Sent from my iPhone

On Oct 5, 2020, at 12:52 PM, Benjamin Meeker <blm@blmeekerlaw.com> wrote:

---

David Harris <david.harris@msrlegal.com>
To: Benjamin Meeker <blm@blmeekerlaw.com> Wed, Oct 7, 2020 at 11:40 AM

The extortion claim fails because you suffered no damages. There is no tort of attempted extortion.

Similarly the B&P 17200 claim fails for the same reason. **Damages?**
"[O]nly two remedies are available to redress violations of the UCL: injunctive relief and restitution." (Feitelberg v. Credit Suisse First Boston, LLC, (2005) 134 Cal.App.4th 997, 1012). "The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." (Korea Supply Co. v. Lockheed Martin Corp., (2003) 29 Cal.4th 1134, 1149). "[R]estitution means the return of money to those persons from whom it was taken or who had an ownership interest in it." (Madrid v. Perot Systems Corp., (2005) 130 Cal.App.4th 440, 455). Restitution necessarily requires that "money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other." (Kwikset Corp. V. Superior Court, (2011) 51 Cal.4th 310, 336)

The intentional infliction of emotional distress claim fails because the alleged conduct is not sufficiently extreme and outrageous, Particularly in light of the allegations of fraud that are pending in the Hawaii action.

particularly in light of the allegations of fraud that are pending in the Hawaii action. "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." (*Cervantez v. J.C. Penney Co.* (1979) 24 Cal.3d 579, 593). "Generally, conduct will be found to be actionable where the 'recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' ' " (*KOVR-TV, Inc. v. Superior Court* (1995) 31 Cal.App.4th 1023, 1028). The "court determines whether severe emotional distress can be found; the jury determines whether on the evidence it has, in fact, existed." (*Plotnik v. Meihaus* (2012) 208 Cal.App.4th 1590, 1614).

Let's plan on discussing on October 9.

Sent from my iPhone

On Oct 5, 2020, at 10:33 AM, Benjamin Meeker <blm@blmeekerlaw.com> wrote:

---

**Benjamin Meeker** <blm@blmeekerlaw.com> Tue, Oct 13, 2020 at 9:57 AM
To: David Harris <david.harris@msrlegal.com>

David,

This email is made to follow up on our call last week.

The threats contained in your clients' letters indicate an attempt to commit extortion. The sending of a threatening letter with intent to extort money is punishable in the same manner as if the money was actually obtained. The fact that plaintiffs refused to acquiesce to your clients' extortion is immaterial. The crime/tort was committed at the time the letters were sent.

The B&P 17200 claim properly requests injunctive relief. As I informed you last week, the letters described in plaintiffs' complaint are not the only time defendants (Mr. Chen specifically) have made these types of threats. On July 31, 2017, at an in-person meeting attended by several limited partners and their attorney, Mr. Chen said to me "I know people in China! If we were in China I'd have you put in jail!" Injunctive relief is appropriate to keep Mr. Chen and the other defendants from similar criminal/tortious acts in the future.

Defendants have used illegal, malicious, and extortionate threats to gain advantage in a civil case. This meets the "outrageous" standard of intentional infliction of emotional distress.

---

**Benjamin Meeker** <blm@blmeekerlaw.com> Tue, Oct 20, 2020 at 11:18 AM
To: David Harris <david.harris@msrlegal.com>
Cc: karen.wigylus@msrlegal.com

Please advise whether your office will be filing a responsive pleading on behalf of Mr. Chen.

Thank you.

---

**David Harris** <david.harris@msrlegal.com> Tue, Oct 20, 2020 at 11:28 AM
To: Benjamin Meeker <blm@blmeekerlaw.com>
Cc: Karen Wigylus <karen.wigylus@msrlegal.com>

No, I will not be representing him.

Sent from my iPhone

On Oct 20, 2020, at 11:19 AM, Benjamin Meeker <blm@blmeekerlaw.com> wrote:

## Attempted Serve

Andrew Vita shared a service notification with you:

### Details

**Process Server:** Chris Angle

**Date & Time:** Nov 4, 2020, 1:06 pm EST

**Service Type:** Non-Service

**Description of Service:**

I spoke with the current resident, Kingsley. Kingsley is in high school and of Chinese descent. Kingsley explained that Mr. Chen is in China and cannot get back to the United States because of the air flight situation. Kingsley further explained that Mr. Chen does not live here at this house but he is well known here.

I suspect that there are several families residing in this household. I do believe that Kingsley is telling the truth and that Mr. Chan is currently overseas.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): Benjamin Meeker (204183)<br>LAW OFFICE OF BENJAMIN MEEKER<br>2131 Palomar Airport Road, Suite 218, Carlsbad, CA 92011<br>TELEPHONE NO.: 760-790-4800 FAX NO.: 760-820-9040<br>ATTORNEY FOR (Name): Plaintiffs BENJAMIN MEEKER and ANDRE HURST | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**01/19/2021** at 11:40:00 AM<br>Clerk of the Superior Court<br>By Veronica Navarro,Deputy Clerk |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>☐ CENTRAL DIVISION, CENTRAL COURTHOUSE, 1100 UNION ST., SAN DIEGO, CA 92101<br>☐ CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ CENTRAL DIVISION, MADGE BRADLEY, 1409 4TH AVE., SAN DIEGO, CA 92101<br>☐ CENTRAL DIVISION, KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123<br>☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123<br>☒ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | |
| PLAINTIFF/PETITIONER<br>MEEKER | JUDGE<br>Hon. Cynthia A. Freeland |
| DEFENDANT/RESPONDENT/CITEE<br>CHEN | DEPARTMENT<br>N-27 |
| **ORDER FOR PUBLICATION OF SUMMONS/CITATION** | CASE NUMBER<br>37-2019-00058819-CU-BT-NC |

Upon considering the evidence, consisting of an application and declaration as provided in Code Civ. Proc. § 415.50 by the plaintiff/petitioner, and it satisfactorily appearing therefore that the defendant/respondent/citee, GUOQIANG CHEN, cannot be served with reasonable diligence in any other manner specified in the Code of Civil Procedure, and it also appearing from the petition/complaint that a cause of action exists in this case in favor of the petitioner/plaintiff therein and against the defendant/respondent/citee and that the said defendant/respondent/citee is a necessary or proper party to the action, or that the party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court, or the relief demanded in the action consists wholly or in part in excluding such party from an interest in such property: NOW, on application of Benjamin Meeker ☐ plaintiff/petitioner ☒ attorney for the plaintiff/petitioner,

**IT IS ORDERED** that service of said summons/citation in this case be made upon said defendant/respondent/citee by publication thereof in San Diego Union Tribue, a newspaper of general circulation published at San Diego, California, and/or by publication thereof in The Day, a newspaper of general circulation outside this state at New London, Connecticut, designated as the newspaper most likely to give notice to said defendant/respondent/citee; that said publication be made at least once a week for four successive weeks in the manner prescribed in Gov. Code § 6064.

**IT IS FURTHER ORDERED** that a copy of said summons/citation, of said complaint/petition, and of the order for publication in this case be forthwith deposited with the United States Postal Service, postage-paid, directed to said defendant/respondent/citee if the address is ascertained before expiration of the time prescribed for the publication of this summons/citation and, a declaration of this mailing or of the fact that the address was not ascertained to be filed at the expiration of the time prescribed for publication.

Date: 1/19/2021

Cynthia A. Freeland

Judge/Commissioner of the Superior Court

# PROOF OF PUBLICATION
# (2010 & 2011 C.C.P.)

## STATE OF CALIFORNIA
## County of San Diego

I am a citizen of the United States and a resident of the County aforesaid: I am over the age of eighteen years and not a party to or interested in the above-entitled matter. I am the principal clerk of the printer of

The San Diego Union Tribune

Formerly known as the North County Times and UT North County and which newspaper has been adjudicated as a newspaper of general circulation by the Superior Court of the County of San Diego, State of California, for the City of Oceanside and the City of Escondido, Court Decree numbers 171349 & 172171, for the County of San Diego, that the notice of which the annexed is a printed copy (set in type not smaller than nonpariel), has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to-wit:

March 2nd, 9th, 16th & 23rd, 2021

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated at TEMECULA, California this 23rd, day of March, 2021

*Jane Allshouse*

Jane Allshouse – Legal Advertising
The San Diego Union Tribune

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/02/2021** at 10:04:00 AM

Clerk of the Superior Court
By E- Filing,Deputy Clerk

**SUMM**
**NOTICE TO DEFENDA**
GUOQIANG CHEN, an ... vidual; and DOES 1-50 inclusive.
**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
BENJAMIN MEEKER, an individual; and ANDRE HURST, an individual.
**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (**www.courtinfo.ca.gov/selfhelp**), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (**www.lawhelpcalifornia.org**), the California Courts Online Self-Help Center (**www.courtinfo.ca.gov/selfhelp**), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. **AVISO!** Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su version. Lea la informacion a continuacion Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (**www.sucorte.ca.gov**), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (**www.lawhelpcalifornia.org**), en el Centro de Ayuda de las Cortes de California, (**www.sucorte.ca.gov**) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.
The name and address of the court is:
(El nombre y direccion de la corte es):
**SAN DIEGO COUNTY SUPERIOR COURT NORTH COUNTY DIVISION 325 SOUTH MELROSE DRIVE, VISTA CA 92081;**
**CASE NUMBER (Numero del Caso): 37-2019-00058819-CU-BT-NC**
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero de telefono del abogado del demandante, o del demandante que no tiene abogado, es):
**BENJAMIN MEEKER, 2131 PALOMAR AIRPORT ROAD, SUITE 218, CARLSBAD, CA 92011; (760)790-4800**
Date: (Fecha): NOV 06, 2019
Clerk, by (Secretario): /s/ M. BATES, Deputy(Adjunto)
**Published: 3/2/21, 3/9/21, 3/16/21, 3/23/21**

0045 CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: TELEPHONE NO.: 760-790-4800<br>Benjamin Meeker (204183)<br>LAW OFFICE OF BENJAMIN MEEKER<br>2131 Palomar Airport Road, Suite 218<br>Carlsbad, CA 92011<br>ATTORNEY FOR *(name)*: Plaintiffs BENJAMIN MEEKER and ANDRE HURST | *FOR COURT USE ONLY*<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**06/25/2021** at 10:29:00 AM<br>Clerk of the Superior Court<br>By Nancy Fabian,Deputy Clerk |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO<br>STREET ADDRESS: 325 S. Melrose Drive<br>MAILING ADDRESS: 325 S. Melrose Drive<br>CITY AND ZIP CODE: Vista, CA 92081<br>BRANCH NAME: North County Division | |
| PLAINTIFF: MEEKER<br>DEFENDANT: CHEN | |
| **STATEMENT OF DAMAGES**<br>**(Personal Injury or Wrongful Death)** | CASE NUMBER:<br>37-2019-00058819-CU-BT-NC |

To *(name of one defendant only)*: GUOQIANG CHEN
Plaintiff *(name of one plaintiff only)*: ANDRE HURST
seeks damages in the above-entitled action, as follows:

| | | AMOUNT |
|---|---|---|
| 1. | **General damages** | |
| a. | [X] Pain, suffering, and inconvenience | $ 14,400.00 |
| b. | [X] Emotional distress | $ 1,485,000.00 |
| c. | [ ] Loss of consortium | $ |
| d. | [ ] Loss of society and companionship *(wrongful death actions only)* | $ |
| e. | [ ] Other *(specify)* | $ |
| f. | [ ] Other *(specify)* | $ |
| g. | [ ] Continued on Attachment 1.g. | |
| 2. | **Special damages** | |
| a. | [X] Medical expenses *(to date)* | $ 900.00 |
| b. | [X] Future medical expenses *(present value)* | $ 2,700.00 |
| c. | [ ] Loss of earnings *(to date)* | $ |
| d. | [ ] Loss of future earning capacity *(present value)* | $ |
| e. | [ ] Property damage | $ |
| f. | [ ] Funeral expenses *(wrongful death actions only)* | $ |
| g. | [ ] Future contributions *(present value) (wrongful death actions only)* | $ |
| h. | [ ] Value of personal service, advice, or training *(wrongful death actions only)* | $ |
| i. | [ ] Other *(specify)* | $ |
| j. | [ ] Other *(specify)* | $ |
| k. | [ ] Continued on Attachment 2.k. | |

3. [X] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 5,000,000.00 when pursuing a judgment in the suit filed against you.

Date: May 20, 2021

Benjamin Meeker
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)



Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courts.ca.gov

| PLAINTIFF: MEEKER | CASE NUMBER: |
|---|---|
| DEFENDANT: CHEN | 37-2019-00058819-CU-BT-NC |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. [X] Statement of Damages [ ] Other *(specify)*:
   b. on *(name)*: GUOQIANG CHEN
   c. by serving [X] defendant [ ] other *(name and title or relationship to person served)*:
   d. [ ] by delivery [X] at home [ ] at business
      (1) date: May 25, 2021
      (2) time: 08:04PM
      (3) address: 1420 Creekside Drive, Apt 7, Walnut Creek, California 94596
   e. [ ] by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*:
   a. [X] **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. [ ] **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. [ ] **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. [ ] **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. [ ] **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. [ ] Other *(specify code section)*:
      [ ] additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $ 125.00
5. Person serving:
   a. [ ] California sheriff, marshal, or constable
   b. [X] Registered California process server
   c. [ ] Employee or independent contractor of a registered California process server
   d. [ ] Not a registered California process server
   e. [ ] Exempt from registration under Bus. & Prof. Code § 22350(b)
   f. Name, address and telephone number and, if applicable, county of registration and number:
      Mark T. Andrews
      1014 Hopper Avenue, #435
      Santa Rosa, California 95403
      County of Sonoma Registration P-345
      (707) 280-7425

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 27, 2021

▶ [signature]
(SIGNATURE)

***(For California sheriff, marshal, or constable use only)***
I certify that the foregoing is true and correct.

Date:

▶ ______________________
(SIGNATURE)

0047 CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: Benjamin Meeker (204183)<br>LAW OFFICE OF BENJAMIN MEEKER<br>2131 Palomar Airport Road, Suite 218<br>Carlsbad, CA 92011<br>TELEPHONE NO.: 760-790-4800<br>ATTORNEY FOR *(name)*: Plaintiffs BENJAMIN MEEKER and ANDRE HURST | FOR COURT USE ONLY<br>ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br>**06/25/2021** at 10:29:00 AM<br>Clerk of the Superior Court<br>By Nancy Fabian,Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 325 S. Melrose Drive<br>MAILING ADDRESS: 325 S. Melrose Drive<br>CITY AND ZIP CODE: Vista, CA 92081<br>BRANCH NAME: North County Division | |
| PLAINTIFF: MEEKER<br>DEFENDANT: CHEN | |
| **STATEMENT OF DAMAGES**<br>**(Personal Injury or Wrongful Death)** | CASE NUMBER:<br>37-2019-00058819-CU-BT-NC |

To *(name of one defendant only)*: GUOQIANG CHEN
Plaintiff *(name of one plaintiff only)*: BENJAMIN MEEKER
seeks damages in the above-entitled action, as follows:

| | AMOUNT |
|---|---|
| 1. **General damages** | |
| a. [X] Pain, suffering, and inconvenience | $ 131,840.00 |
| b. [X] Emotional distress. | $ 1,485,000.00 |
| c. [ ] Loss of consortium | $ |
| d. [ ] Loss of society and companionship *(wrongful death actions only)* | $ |
| e. [ ] Other *(specify)* | $ |
| f. [ ] Other *(specify)* | $ |
| g. [ ] Continued on Attachment 1.g. | |
| 2. **Special damages** | |
| a. [X] Medical expenses *(to date)* | $ 8,240.00 |
| b. [X] Future medical expenses *(present value)* | $ 24,720.00 |
| c. [ ] Loss of earnings *(to date)* | $ |
| d. [ ] Loss of future earning capacity *(present value)* | $ |
| e. [ ] Property damage | $ |
| f. [ ] Funeral expenses *(wrongful death actions only)* | $ |
| g. [ ] Future contributions *(present value) (wrongful death actions only)* | $ |
| h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* | $ |
| i. [ ] Other *(specify)* | $ |
| j. [ ] Other *(specify)* | $ |
| k. [ ] Continued on Attachment 2.k. | |

3. [X] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 5,000,000.00 when pursuing a judgment in the suit filed against you.

Date: May 20, 2021

Benjamin Meeker
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

0048

CIV-050

| PLAINTIFF: MEEKER<br>DEFENDANT: CHEN | CASE NUMBER:<br>37-2019-00058819-CU-BT-NC |
|---|---|

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. [X] Statement of Damages [ ] Other *(specify)*:
   b. on *(name)*: GUOQIANG CHEN
   c. by serving [X] defendant [ ] other *(name and title or relationship to person served)*:
   d. [ ] by delivery [X] at home [ ] at business
      (1) date: May 25, 2021
      (2) time: 08:04PM
      (3) address: 1420 Creekside Drive, Apt 7, Walnut Creek, California 94596
   e. [ ] by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*:
   a. [X] **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. [ ] **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. [ ] **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. [ ] **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. [ ] **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. [ ] Other *(specify code section)*:
      [ ] additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $ 125.00
5. Person serving:
   a. [ ] California sheriff, marshal, or constable
   b. [X] Registered California process server
   c. [ ] Employee or independent contractor of a registered California process server
   d. [ ] Not a registered California process server
   e. [ ] Exempt from registration under Bus. & Prof. Code § 22350(b)
   f. Name, address and telephone number and, if applicable, county of registration and number:
      Mark T. Andrews
      1014 Hopper Avenue, #435
      Santa Rosa, California 95403
      County of Sonoma Registration P-345
      (707) 280-7425

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 27, 2021

▶ [signature]
(SIGNATURE)

***(For California sheriff, marshal, or constable use only)***
I certify that the foregoing is true and correct.

Date:

▶ ______________________
(SIGNATURE)

0049

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 204183<br>NAME: Benjamin Meeker<br>FIRM NAME: Law Office of Benjamin Meeker<br>STREET ADDRESS: 5962 La Place Court, Suite 165<br>CITY: Carlsbad STATE: CA ZIP CODE: 92008<br>TELEPHONE NO.: 949-940-6929 FAX NO.:<br>E-MAIL ADDRESS: blm@blmeekerlaw.com<br>ATTORNEY FOR *(name)*: Plaintiffs BENJAMIN MEEKER and ANDRE HURST | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**06/28/2021** at 08:00:00 AM<br>Clerk of the Superior Court<br>By Nancy Fabian,Deputy Clerk |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO<br>STREET ADDRESS: 325 S. Melrose Drive<br>MAILING ADDRESS: 325 S. Melrose Drive<br>CITY AND ZIP CODE: Vista, CA 92081<br>BRANCH NAME: North County Division | |
| Plaintiff/Petitioner: MEEKER<br>Defendant/Respondent: CHEN | |
| **REQUEST FOR (Application)** [x] **Entry of Default** [ ] **Clerk's Judgment** [ ] **Court Judgment** | CASE NUMBER:<br>37-2019-00058819-CU-BT-NC |

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)** *(see CIV-105)*

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date)*: November 6, 2019
   b. by *(name)*: BENJAMIN MEEKER and ANDRE HURST
   c. [x] Enter default of defendant *(names)*:
      GUOQIANG CHEN
   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names)*:

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date)*:

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint | $ | $ | $ |
| b. Statement of damages* | | | |
| (1) Special | $ | $ | $ |
| (2) General | $ | $ | $ |
| c. Interest | $ | $ | $ |
| d. Costs *(see reverse)* | $ | $ | $ |
| e. Attorney fees | $ | $ | $ |
| f. **TOTALS** | $ | $ | $ |

   g. **Daily damages** were demanded in complaint at the rate of: $ per day beginning *(date)*:
   *(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. [ ] *(Check if filed in an unlawful detainer case.)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

Date: 06/26/2021

Benjamin Meeker
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| *FOR COURT USE ONLY* | (1) [✓] Default entered as requested on *(date)*: 06/28/2021<br>(2) [ ] Default NOT entered as requested *(state reason)*:<br>Clerk, by [signature] N. Fabian, Deputy |
|---|---|



Form Adopted for Mandatory Use
Judicial Council of California CIV-100
[Rev. January 1, 2020]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure, §§ 585-587, 1169
www.courts.ca.gov

| Plaintiff/Petitioner: MEEKER<br>Defendant/Respondent: CHEN | CASE NUMBER:<br>37-2019-00058819-CU-BT-NC |
|---|---|

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant [ ] did [x] did **not** or compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:
   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date):*

5. [x] **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a)).* This action
   a. [ ] is [x] is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. [ ] is [x] is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. [ ] is [x] is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was
   a. [ ] **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*
   b. [x] **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
      (1) Mailed on *(date):* 06/26/2021
      (2) To *(specify names and addresses shown on the envelopes):*
      GUOQIANG CHEN
      1420 Creekside Drive, Apt. 7
      Walnut Creek, CA 94596

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: 06/26/2021

Benjamin Meeker
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees .................... $ 651.98
   b. Process server's fees ................. $ 1,306.29
   c. Other *(specify):* Private investigator fees $ 260.78
   d. Newspaper publication fees $ 1,375
   e. **TOTAL** ............................ $ 3,594.05
   f. [ ] Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 06/26/2021

Benjamin Meeker
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

8. **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3911(2), or California Military and Veterans Code sections 400 and 402(f).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 06/26/2021

Benjamin Meeker
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

The Day

## AFFIDAVIT OF PUBLICATION

**STATE OF CONNECTICUT**
**COUNTY OF NEW LONDON**

I am a citizen of the United States and a resident of the County aforesaid. I am over the age of eighteen (18) years and not a party to or interested in this matter.

I am an authorized representative of The Day, a newspaper of general circulation published daily in New London County, Connecticut. The Day has been approved as a legal newspaper by order of the New London Superior Court.

The notice appearing on page two of this document, in the exact form annexed, was published in the regular and entire issue of The Day and distributed to its subscribers during all of said period. The notice was published on the following dates: March 8, 15, 22, and 29, 2021.

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated at New London, Connecticut this 1st day of April, 2021

Matt Suraci
Classified & Legal Account Executive

888341

**SUMMONS**

**NOTICE TO DEFENDANT:** GUOQIANG CHEN, an individual; JIANHAO HU, an individual; CAIHUA SHANG, an individual; and DOES 1-50, inclusive. **YOU ARE BEING SUED BY PLAINTIFF:**
BENJAMIN MEEKER, an individual; and ANDRE HURST, an individual.

**NOTICE:** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case be default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Website (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center costs any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

**CASE NUMBER:**
**37-2019-00058819-CU-BT-NC**

The name and address of the court is:
San Diego County Superior Court, North County Division, 325 S. Melrose Drive, Vista, CA 92081.

The name, address, and telephone number of plaintiff's attorney is:
Benjamin Meeker, 2131 Palomar Airport Road, Suite 218, Carlsbad, CA 92011; (760) 790-4800.

DATE Nov. 06 2019
Clerk, by M. Bates, Deputy

Published:3/8/21, 3/15/21, 3/22/21, 3/29/21

# Superior Court of California
# County of San Diego

NORTH COUNTY DIVISION
325 SOUTH MELROSE DRIVE
VISTA, CALIFORNIA 92081

May 17, 2021

Guoqiang Chen
1420 Creekside Dr., Apt. 7
Walnut Creek, CA 94596

**Re: Case No. 37-201900058819-CU-BT-NC**

Dear Ms. Chen:

We appreciate the time you took to contact the court, and we thank you for your letter. Please note, however, that your correspondence is considered an ex parte communication and has been forwarded to the Clerk of Court.

Judicial officers cannot communicate with any party regarding a case that may appear or has appeared before the court. Also, judicial officers cannot review and/or comment upon the contents of your communication. The parties and/or their legal representative would need to bring these matters before the court, and all parties would need to be notified of the communication. To these ends, your letters and/or enclosures cannot be considered nor entered into the file and are being returned herewith.

You may view the San Diego County Local Rules of Court on the Internet at the following website:

**http://www.sdcourt.ca.gov/portal/page?_pageid=55,1117634&_dad=portal&_schema=PORTAL**

Please consider consulting with an attorney about your concerns. If you do not know of an attorney with whom to consult, you may contact the Lawyer Referral Service operated by The Bar Association of Northern San Diego County (http://www.lawreferral.org), telephone: (760) 758-4755.

Very truly yours,

**CLERK OF THE COURT**
**North County Superior Court**

Enclosure
cc: Benjamin Meeker, Esq.

SUPERIOR COURT OF CALIFORNIA
SAN DIEGO
325 S. Melrose
Vista, CA 92081
(760) 201-8600

## NOTICE TO FILING PARTY

Meeker vs. Chen [IMAGED]

Case Number: 37-2019-00058819-CU-BT-NC

**We are unable to process the attached Request for Entry of Default for the reasons indicated below:**

**Denial Reason:**
**Incomplete CIV-100, section 5 is incomplete.**

**Please return this form if papers are resubmitted.**

Please enclose a self-addressed stamped envelope to expedite receipt of returned papers.

Papers returned to: Benjamin Meeker, Andre Hurst

Date: 06/25/2021

Clerk of the Court,

N. Fabian

Deputy

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Benjamin Meeker (204183)<br>LAW OFFICE OF BENJAMIN MEEKER<br>2131 Palomar Airport Road, Suite 216<br>Carlsbad, CA 92011<br><br>TELEPHONE NO.: 760-790-4800 FAX NO. (Optional): 760-820-9040<br>E-MAIL ADDRESS (Optional): bim@bimeekerlaw.com<br>ATTORNEY FOR (Name): Plaintiffs BENJAMIN MEEKER and ANDRE HURST | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 325 S. Melrose Drive<br>MAILING ADDRESS: 325 S. Melrose Drive<br>CITY AND ZIP CODE: Vista, CA 92081<br>BRANCH NAME: North County Division | |
| PETITIONER/PLAINTIFF: MEEKER, et al.<br>RESPONDENT/DEFENDANT: CHEN, et al. | |
| **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL** | CASE NUMBER:<br>37-2019-00058819-CU-BT-NC |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
316 W. 2nd Street, 3rd Floor
Los Angeles, CA 90012
Tel: 213-621-9999

3. On *(date):* March 23, 2021 I mailed from *(city and state):* Los Angeles, California
the following **documents** *(specify):*
Order for Publication of Summons/Citation with accompanying copies of summons and complaint dated November 6, 2019.

☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☒ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name of person served:** GUOQIANG CHEN
   b. **Address of person served:**
   55 Arbor Xing
   East Lyme, CT 06333

☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 23, 2021

Jasmin Perez
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

(SIGNATURE OF PERSON COMPLETING THIS FORM)

CIV-100

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 204183
NAME: Benjamin Meeker
FIRM NAME: Law Office of Benjamin Meeker
STREET ADDRESS: 5962 La Place Court, Suite 165
CITY: Carlsbad STATE: CA ZIP CODE: 92008
TELEPHONE NO.: 949-940-6929 FAX NO.:
E-MAIL ADDRESS: blm@blmeekerlaw.com
ATTORNEY FOR (name): Plaintiffs BENJAMIN MEEKER and ANDRE HURST

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S. Melrose Drive
MAILING ADDRESS: 325 S. Melrose Drive
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

Plaintiff/Petitioner: MEEKER
Defendant/Respondent: CHEN

**REQUEST FOR (Application)** [x] Entry of Default [ ] Clerk's Judgment [ ] Court Judgment

CASE NUMBER: 37-2019-00058819-CU-BT-NC

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)** *(see CIV-105)*

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date)*: 11/06/2019
   b. by *(name)*: BENJAMIN MEEKER and ANDRE HURST
   c. [x] Enter default of defendant *(names)*:
      GUOQIANG CHEN
   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names)*:

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date)*:
2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint | $ | $ | $ |
| b. Statement of damages* | | | |
| (1) Special | $ | $ | $ |
| (2) General | $ | $ | $ |
| c. Interest | $ | $ | $ |
| d. Costs *(see reverse)* | $ | $ | $ |
| e. Attorney fees | $ | $ | $ |
| f. **TOTALS** | $ | $ | $ |

   g. **Daily damages** were demanded in complaint at the rate of: $ per day beginning *(date)*:

   *(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*
3. [ ] *(Check if filed in an unlawful detainer case.)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4)*.

Date: 06/25/2021

Benjamin Meeker
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

**FOR COURT USE ONLY**
(1) [ ] Default entered as requested on *(date)*:
(2) [ ] Default NOT entered as requested *(state reason)*:
Clerk, by ____________________, Deputy



Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2018]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure, §§ 585-587, 1169
www.courts.ca.gov

CIV-100

| Plaintiff/Petitioner: MEEKER | CASE NUMBER: |
|---|---|
| Defendant/Respondent: CHEN | 37-2019-00058819-CU-BT-NC |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant [ ] did [X] **did not** for compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:
   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date)*:

5. [ ] **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a))*. This action
   a. [ ] is [ ] is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. [ ] is [ ] is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. [ ] is [ ] is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was
   a. [ ] **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names)*:
   b. [X] **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
      (1) Mailed on *(date)*: 06/25/2021
      (2) To *(specify names and addresses shown on the envelopes)*:
      GUOQIANG CHEN
      1420 Creekside Drive, Apt. 7
      Walnut Creek, CA 94596

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: 06/25/2021

Benjamin Meeker
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested)*. Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees .................... $ 651.98
   b. Process server's fees ................. $ 1,306.29
   c. Other *(specify)*: Private investigator's fees $ 260.78
   d. Newspaper publication fees $ 1,375
   e. **TOTAL** ............................ $ 3,594.05
   f. [ ] Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 06/25/2021

Benjamin Meeker
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DECLARANT)

8. **Declaration of nonmilitary status** *(required for a judgment)*. No defendant named in item 1c of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3911(2), or California Military and Veterans Code section 400(b).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 06/25/2021

Benjamin Meeker
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DECLARANT)

# Guoqiang Chen

Cell-phone:+1(347)2687180

E-mail: fanny-hayes@hotmail.com


Judge Cynthia A.Freeland
Case No. 37-201900058819-CU-BT-NC

325 S.Meirose

Vista.CA92081

760 201-8027

Dear Judge Cynthia A. Freeland:

Hope this letter finds you well.

My name is Chen Guoqiang. Since my first language is Chinese, this letter is mainly written in Chinese.
The English translation is for your reference only.

On April 30, 2021, I received a message from my ex-wife . My ex-wife said that she received a letter with my name written on it. I asked my friend to help me read the content of this letter, and I knew it was about a hearing in a lawsuit. Therefore, regarding the issues related to this hearing, I am writing to you today to state as follows.

I am an immigrant from China. I immigrated to the United States through the US EB5 immigration bill. I came to the United States in

2015. I am very happy to invest in Regency Venture Fund LLP to build a Hawaii nursing home . I have accumulated before, and make my own contribution to the state of Hawaii in the United States.

And become a resident of the United States. During these days in the United States, I really began to understand the American society, and I think I love the United States very much.
But at the same time, since I am a new immigrant, I have not learned English before. So many times there will still be some difficulties. Although there are difficulties, I am making a lot of effort to learn.
The United States is a country under the rule of law that advocates fairness and justice. Since I came to the United States, I have always obeyed the laws of the United States. I have been a law-abiding resident in the United States over the years.

First of all, I was very surprised by the notice of this hearing.
Six months ago, I heard from another partner of our group that my partner Mr. Meeker sued several of us. He told me that I might be involved in this case. But up to now, I have not received any documents sent to me by the court other than this letter, (summons) so I am not aware of such a lawsuit in progress so far.

I contacted my friend. He told me that the reason Meeker sued us was that he received a letter which content made him feel threatened and blackmailed. I recalled that I discussed our lawsuit Civil No. 17-1-1699 (JPC) in Hawaii at my lawyer Michael R. Curran on June 11, 2019. The project of the Hawaii nursing home that we invested in was operated by Meeker and two other general partners, and there was a big problem. In response, our 21 limited partners filed a lawsuit against them in 2017. Regarding the progress of this case,

our attorney Terry(Hawaii), judging from the evidence in his possession, told us with Michael R. Curran that Meeker used fraudulent means to infringe on the interests of limited partners, embezzled and misappropriated the property of the company.
I consulted Lawyer Michael again about this, and he told us he believes that the loss of the business was caused by the general partner who misappropriated our company's funds and deliberately deceived our limited partners.
I was puzzled by this result, so I decided to entrust lawyer Michael R. Curran to write a letter to Meeker. I hope to learn more about this matter and have a peace talk and discussion with Meeker . I can not read the letter that wrote to Meeker, because I don't know English. But I made it clear in my discussions with the lawyer Michael R.Curran that we just want to have another peace talk and discussion on this matter with him. So I don't understand why Meeker felt threatened by the content of this letter.

Mr.Michael is a lawyer.He is a professional. If, as Mr. Meeker said, he felt threatened, then I think he can pursue Michael R. Curran, after all, I did not actually write to him. Furthermore,I'd like to reiterate that I thought of threatening or blackmail Mr.Meeker. My initial intention is only to have a negotiation and peace talks.

In addition, according to my friend's attorney, Meeker claimed that the letter he received was an extortion letter asking him to pay, but in fact, no actual payment has ever been made.His so-called blackmail is completely non-existent. This is completely a waste of legal resources out of nothing.
I know that Meeker is a lawyer too. My friend told me he is good at using his professional skills to do something. To defeat those who have conflicts of interest with him. It's as if he had many lawsuits in Hawaii. So out of the motivation of self-protection, I hired a lawyer

with legal expertise, Michael R. Curran, to write a letter for me requesting negotiation. I think that if the starting point of Meeker's litigation comes from this letter, then the object of his litigation is not me and my other partners.

In fact, both lawyers confirmed to us that Meeker cheated and stolen us in our partner's project. Evidence was provided in Hawaiian Civil case(17-1-1699 JPC). Of course, this case is also under trial in Hawaii.

I also paid very high legal fees to the two lawyers in the previous case. What I am facing at present is a kind of difficulty that is difficult to speak. I can no longer pay more attorney fees to deal with what is going to happen. My personal life was messed up very badly by Mr. Meeker's early behavior. As far as I know, Mr. Meeker is a lawyer. He is very good at using some non-essential lawsuits to cause troubles for other people. In fact, I think my current bad situation is one of his actions.
I do not know English or have the skills to use smart technology, and the important thing is that I am not a legal professional, so I am writing this letter to tell you about my current situation and the course of things. I don't know if I can get an answer, and I beg the court to help me . And can tell me how to do it.

Presenter: Guoqiang Chen

May 3th. 2021

| ROA Number | Event Date | Event Type / Comments | Documents |
|---|---|---|---|
| 78 | 8/27/2021 | Civil Case Management Conference continued pursuant to party's motion to 12/10/2021 at 09:00AM before Judge Cynthia A. Freeland. | N/A |
| 79 | 8/27/2021 | Minutes finalized for Civil Case Management Conference heard 08/27/2021 09:00:00 AM. | Minute Order<br>• Page Count: 1 |
| 75 | 8/10/2021 | Case Management Statement<br>Case Management Statement filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21084704<br>Filed By: *Plaintiff* Hurst, Andre<br>*Plaintiff* Meeker, Benjamin | Case Management Statement<br>• Page Count: 5 |
| 74 | 7/30/2021 | Interpreter Request/Cancellation Form<br>Interpreter Request filed by Chen, Guoqiang.<br>Filed By: *Defendant* Chen, Guoqiang | Interpreter Request<br>• Page Count: 1 |
| 73 | 7/6/2021 | The default filed by Meeker, Benjamin; Hurst, Andre was entered as to Shang, Caihua on Complaint . Override feature used. | N/A |
| 70 | 7/6/2021 | Request for Entry of Default<br>Request for Entry of Default filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21053349<br>Filed By: *Plaintiff* Hurst, Andre<br>*Plaintiff* Meeker, Benjamin<br>Refers To: *Defendant* Shang, Caihua | Request for Entry of Default<br>• Page Count: 2 |
| 71 | 7/6/2021 | Statement of Damages<br>Statement of Damages filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21053349<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre | Statement of Damages<br>• Page Count: 3 |
| 72 | 7/6/2021 | Statement of Damages<br>Statement of Damages filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21053349<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre | Statement of Damages<br>• Page Count: 3 |
| 69 | 6/28/2021 | The default filed by Meeker, Benjamin; Hurst, Andre was entered as to Chen, Guoqiang on Complaint . Override feature used. | N/A |
| 68 | 6/28/2021 | Request for Entry of Default<br>Request for Entry of Default filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21046065<br>Filed By: *Plaintiff* Hurst, Andre<br>*Plaintiff* Meeker, Benjamin<br>Refers To: *Defendant* Chen, Guoqiang | Request for Entry of Default<br>• Page Count: 2 |
| 67 | 6/25/2021 | The default was denied as to Chen, Guoqiang on Complaint filed by Meeker, Benjamin; Hurst, Andre . | Notice to Filing Party - Default SD<br>• Page Count: 1 |
| 64 | 6/25/2021 | Statement of Damages<br>Statement of Damages filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21045242<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre | Statement of Damages<br>• Page Count: 2 |

| ROA Number | Event Date | Event Type / Comments | Documents |
|---|---|---|---|
| 65 | 6/25/2021 | Statement of Damages<br>Statement of Damages filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21045242<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre | Statement of Damages<br>• Page Count: 2 |
| 66 | 6/25/2021 | Request for Entry of Default<br>Request for Entry of Default filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21045242<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre<br>Refers To: *Defendant* Chen, Guoqiang | Request for Entry of Default<br>• Page Count: 2 |
| 63 | 5/28/2021 | Notice of Change of Address / Telephone Number<br>Notice of Change of Address / Telephone Number filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21020347<br>Filed By: *Plaintiff* Hurst, Andre<br>*Plaintiff* Meeker, Benjamin | Notice of Change of Address / Telephone Number<br>• Page Count: 2 |
| 60 | 5/28/2021 | Civil Case Management Conference continued pursuant to party's motion to 08/27/2021 at 09:00AM before Judge Cynthia A. Freeland. | N/A |
| 61 | 5/28/2021 | Minutes finalized for Civil Case Management Conference heard 05/28/2021 09:00:00 AM. | Minute Order<br>• Page Count: 1 |
| 62 | 5/28/2021 | Notice of Rescheduled Hearing SD generated. | Notice of Rescheduled Hearing SD<br>• Page Count: 2 |
| 57 | 5/13/2021 | Case Management Statement<br>Case Management Statement filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21006402<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre | Case Management Statement<br>• Page Count: 5 |
| 56 | 4/2/2021 | Proof of Service by Publication<br>Proof of Service by Publication filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 2971650<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre<br>Refers To: *Defendant* Chen, Guoqiang | Proof of Service by Publication<br>• Page Count: 3 |
| 55 | 4/1/2021 | Proof of Service by Publication<br>Proof of Service by Publication filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 2970325<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre<br>Refers To: *Defendant* Shang, Caihua | Proof of Service by Publication<br>• Page Count: 3 |
| 53 | 3/24/2021 | Proof of Service by First Class Mail<br>Proof of Service by Mail filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 2964820<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre | Proof of Service by Mail<br>• Page Count: 1 |
| 54 | 3/24/2021 | Proof of Service by First Class Mail<br>Proof of Service by Mail filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 2964820<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre | Proof of Service by Mail<br>• Page Count: 1 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 325 S. Melrose
MAILING ADDRESS: 325 S. Melrose
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County
TELEPHONE NUMBER: (760) 201-8027

PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Benjamin Meeker et.al.

DEFENDANT(S)/RESPONDENT(S): Guoqiang Chen et.al.

Short Title: Meeker vs. Chen [IMAGED]

| | |
|---|---|
| **NOTICE OF RESCHEDULED HEARING** | CASE NUMBER: 37-2019-00058819-CU-BT-NC |

Notice is given that the hearing in the above-entitled case has been rescheduled from 05/12/2023 10:30 AM to date and time shown below. All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Default Prove-Up Hearing | 08/11/2023 | 10:30 am | N-27 | Cynthia A. Freeland |

Effective Wednesday, June 16, 2021, the San Diego Superior Court will allow appearances for most hearings either in-person or virtually. Parties that elect to attend their hearing virtually should visit the Court's website at www.sdcourt.ca.gov for information and directions on making a virtual appearance.

If appearing virtually, you are strongly encouraged to visit the Court's website 24-hours prior to your scheduled hearing to prepare for your hearing.

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>North County<br>325 S. Melrose<br>Vista, CA 92081 |
| **SHORT TITLE:** MEEKER VS. CHEN [IMAGED] |

| | |
|---|---|
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2019-00058819-CU-BT-NC** |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF RESCHEDULED HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at Vista, California on 05/11/2023. The mailing occurred at Gardena, California on 05/12/2023.

Clerk of the Court, by: M Garland M. Garland, Deputy

BENJAMIN MEEKER
LAW OFFICE OF BENJAMIN MEEKER
5962 LA PLACE COURT, SUITE 165
CARLSBAD, CA 92008

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

| ROA Number | Event Date | Event Type / Comments | Documents |
|---|---|---|---|
| 139 | 1/17/2024 | Motion Hearing (Civil) scheduled for 04/05/2024 at 01:30:00 PM at North County in N-27 Cynthia A. Freeland. | N/A |
| 137 | 11/30/2023 | Abstract of Judgment<br>Abstract of Judgment filed by Meeker, Benjamin.; Transaction Number: 21886543<br>Filed By: *Plaintiff* Meeker, Benjamin<br>Refers To: *Defendant* Shang, Caihua<br>*Defendant* Chen, Guoqiang<br>*Defendant* Hu, Jianhao | Abstract of Judgment<br>• Page Count: 5 |
| 138 | 11/30/2023 | Abstract of Judgment<br>Abstract of Judgment filed by Hurst, Andre.; Transaction Number: 21886543<br>Filed By: *Plaintiff* Hurst, Andre<br>Refers To: *Defendant* Chen, Guoqiang<br>*Defendant* Shang, Caihua<br>*Defendant* Hu, Jianhao | Abstract of Judgment<br>• Page Count: 5 |
| 136 | 10/9/2023 | Judgment was entered as follows: Judgment entered for Hurst, Andre and against Chen, Guoqiang ;Hu, Jianhao ;Shang, Caihua for $ 1503000.00, punitive damages: $ 300600.00, attorney fees: $ 0.00, interest: $ 0.00, prejudgment costs: $ 0.00, other costs: $ 0.00, amount payable to court: $ .00, for a grand total of $ 1803600.00. | N/A |
| 135 | 10/9/2023 | Judgment was entered as follows: Judgment entered for Meeker, Benjamin and against Chen, Guoqiang ;Hu, Jianhao ;Shang, Caihua for $ 1649800.00, punitive damages: $ 329960.00, attorney fees: $ 0.00, interest: $ 0.00, prejudgment costs: $ 0.00, other costs: $ 0.00, amount payable to court: $ .00, for a grand total of $ 1979760.00. | N/A |
| 134 | 10/9/2023 | Judgment by Default by Court<br>Judgment by Default by Court filed by Meeker, Benjamin.<br>Filed By: *Plaintiff* Meeker, Benjamin | Judgment by Default by Court<br>• Page Count: 2 |
| | 10/9/2023 | Default Judgment by Court | N/A |
| | 10/9/2023 | Default Judgment by Court | N/A |
| | 10/6/2023 | Default Prove-Up<br>• Hearing Date: 10/6/2023 11:00 AM<br>• Judicial Officer: FREELAND, CYNTHIA<br>• Department: N-27 | N/A |
| 133 | 10/6/2023 | Minutes finalized for Default Prove-Up Hearing heard 10/06/2023 11:00:00 AM. | Minute Order<br>• Page Count: 1 |
| 131 | 9/5/2023 | The Default Prove-Up Hearing was rescheduled to 10/06/2023 at 11:00:00 AM in N-27 before Cynthia A. Freeland at North County. | Notice of Rescheduled Hearing SD<br>• Page Count: 2 |
| 132 | 9/5/2023 | Default Prove-Up Hearing scheduled for 10/06/2023 at 11:00:00 AM at North County in N-27 Cynthia A. Freeland. | N/A |
| 130 | 8/24/2023 | Affidavit<br>Affidavit - Other filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21784152<br>Filed By: *Plaintiff* Hurst, Andre<br>*Plaintiff* Meeker, Benjamin | Affidavit - Other<br>• Page Count: 49 |

FILED
Clerk of the Superior Court
OCT 09 2023
By: M. Garland

Benjamin Meeker (204183)
LAW OFFICE OF BENJAMIN MEEKER
5962 La Place Court, Suite 240
Carlsbad, CA 92008
Tel: 949-940-6929
Email: *blm@blmeekerlaw.com*

Attorney for Plaintiffs
BENJAMIN MEEKER and ANDRE HURST

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION

| | |
|---|---|
| BENJAMIN MEEKER, an individual; and ANDRE HURST, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GUOQIANG CHEN, an individual; JIANHAO HU, an individual; CAIHUA SHANG, an individual; and DOES 1-50, inclusive,<br><br>Defendants | Case No. 37-2019-00058819-CU-BT-NC<br><br>**JUDGMENT**<br><br>Assigned for all Purposes to:<br>Hon. Cynthia A. Freeland, Dept. N-27 |

The Court finds that:

1. Defendants GUOQIANG CHEN ("CHEN"), JIANHAO HU ("HU"), and CAIHUA SHANG ("SHANG") (collectively, the "Defendants") were properly served with a copy of the summons, complaint, and statements of damages;
2. Defendants failed to answer the complaint or appear and defend the action within the time allowed by law; and
3. Defendants' default was entered by the clerk upon the applications of plaintiffs BENJAMIN MEEKER ("MEEKER") and ANDRE HURST ("HURST") (collectively, "Plaintiffs").

The Court, having fully considered the arguments of Plaintiffs, both written and oral, as well as the evidence presented, rules as follows:

1. The Court finds in favor of MEEKER and against CHEN, HU, and SHANG jointly and severally. CAF in the amount of $1,649,800.00. The Court also awards MEEKER punitive damages against HU and SHANG in the amount of $329,960.00, jointly and severally. CAF ~~for a total judgment in the amount of $1,979,760.00.~~ The Court does not award punitive damages as to CHEN.

2. The Court finds in favor of HURST and against CHEN, HU, and SHANG in the amount of $1,503,000.00, jointly and severally. CAF The Court also awards HURST punitive damages against HU and SHANG in the amount of $300,600.00, jointly and severally. CAF ~~for a total judgment in the amount of $1,803,600.00~~. The Court does not award punitive damages as to CHEN.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: 10-9-23

Cynthia A. Freeland

Cynthia A. Freeland
Judge of the Superior Court

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**NORTH COUNTY**

**MINUTE ORDER**

DATE: 08/09/2024 TIME: 1:30 PM DEPT: N-27

JUDICIAL OFFICER: CYNTHIA FREELAND
CLERK: Michael Garland
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT: Chris Lauraitis

CASE NO: **37-2019-00058819-CU-BT-NC** CASE INIT.DATE: 11/06/2019
CASE TITLE: **Meeker vs. Chen [IMAGED]**
CASE CATEGORY: Civil CASE TYPE: (U)Business Tort/Unfair Business Practice

---

**HEARING TYPE**: Motion to Dismiss
MOVING PARTY: Guoqiang Chen

---

**APPEARANCES**
Benjamin Meeker, Attorney for Plaintiff(s), present via remote video appearance.
Ryan O'Hollaren, attorney for Guoqiang Chen, Defendant, present via remote video appearance.

---

The Court hears argument of counsel.

The Court confirms the tentative ruling as follows:

Defendant Guoqiang Chen ("Defendant")'s motion to set aside default and default judgment is **denied**.

Plaintiffs Benjamin Meeker and Andre Hurst (collectively, "Plaintiffs")'s request for judicial notice ("RJN") is granted. *See* Cal. Evid. Code § 452(d). The court takes judicial notice of the existence of these records; however, it does not take judicial notice of the truth of the matters asserted therein. *See Board of Pilot Commissioners for the Bays of San Francisco, San Pablo and Suisun v. Superior Court* (2013) 218 Cal. App. 4th 577, 597.

On November 6, 2019, Plaintiffs commenced this action against Defendant, Jianhao Hu, and Caihua Shang alleging causes of action for: (1) civil extortion; (2) unfair business practices; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress. *See* ROA No. 1; Plaintiffs' RJN, Ex. 1. On January 14, 2021, Plaintiffs filed an application for an order for publication of the summons as to Defendant. *See* ROA No. 44; Plaintiffs' RJN, Ex. 2. On January 19, 2021, the court entered an order for publication of the summons, directing Plaintiffs to serve the summons upon Defendant in either: (1) the San Diego Union Tribune (a newspaper of general circulation published in San Diego, CA), and/or (2) The Day (a newspaper of general circulation published in New London, CT), at least once a week for four successive weeks in the manner prescribed in California Government Code § 6064. *See* ROA No. 45; Plaintiffs' RJN, Ex. 3. Plaintiffs' thereafter attempted service by publication on March 2, 9, 16, and 23, 2021. *See* ROA No. 56; Plaintiffs' RJN, Ex. 4. On June 25, 2021, Plaintiffs filed

Statements of Damages (Personal Injury or Wrongful Death) separately. *See* ROA Nos. 64, 65; Plaintiffs' RJN, Exs. 5-6. On June 28, 2021, Plaintiffs requested, and the court entered, Defendant's default (the "Default"). *See* ROA No. 68; Plaintiffs' RJN, Ex. 7. On October 9, 2023, the court entered: (1) default judgment in favor of Mr. Meeker and against Defendant, Mr. Hu, and Mr. Shang, jointly and severally, in the amount of $1,649,800.00, with an additional $329,960.00 in punitive damages in Mr. Meeker's favor and against Mr. Hu and Mr. Shang, jointly and severally, and (2) default judgment in Mr. Hurst's favor and against Defendant, Mr. Hu, and Mr. Shang, jointly and severally, in the amount of $1,503,000.00, with an additional $300,600.00 in punitive damages in Mr. Hurst's favor and against Mr. Hu and Mr. Shang, jointly and severally (collectively, the "Default Judgment"). *See* ROA No. 134; Plaintiffs' RJN, Ex. 10. Defendant now seeks an order setting aside the Default and Default Judgment under California Code of Civil Procedure ("CCP") § 473(d).

CCP § 473(d) provides that "[t]he court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order." Cal. Code Civ. P. § 473(d). In this case, Defendant does not challenge sufficiency of service by publication in this matter; rather, Defendant contends that the Default and Default Judgment are void *ab initio* because the court lacked personal jurisdiction over Defendant to enter such orders. The court respectfully disagrees.

Under California's "long arm" statute, California courts may exercise personal jurisdiction over nonresidents on any basis that is not inconsistent with the state and federal Constitutions. *See* Cal. Code Civ. P. § 410.10. The inquiry in California is thus whether the assertion of personal jurisdiction over a nonresident "comports with the limits imposed by federal due process." *Young v. Daimler AG* (2014) 228 Cal. App. 4th 855, 865. *See also Sibley v. Sup. Ct.* (1976) 16 Cal. 3d 442, 445 (California's long-arm statute "manifests an intent to exercise the broadest possible jurisdiction, limited only by constitutional considerations."). Personal jurisdiction may be either general or specific. *See ViaView, Inc. v. Retzlaff* (2016) 1 Cal. App. 5th 198, 209. "A nonresident defendant may be subject to the general jurisdiction of the forum if his or her contacts in the forum state are 'substantial . . . continuous and systematic.'" *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal. 4th 434, 445 (quoting *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952)). In such instances, "it is not necessary that the specific cause of action alleged be connected with the defendant's business relationship to the forum." *Vons Companies, Inc.*, 14 Cal. 4th at 445-446 (quoting *Cornelison v. Chaney* (1976) 16 Cal. 3d 143, 147). In other words, the nonresident defendant's "contacts with the forum are so wide-ranging that they take the place of physical presence in the forum as a basis for jurisdiction." *Vons Companies, Inc.* 14 Cal. 4th at 446 (citing *Burnham v. Sup. Ct. of California, County of Marin*, 495 U.S. 604, 618 (1990)).

Alternatively, "[s]pecific jurisdiction results when the defendant's contacts with the forum state, though not enough to subject the defendant to the general jurisdiction of the forum, are sufficient to subject the defendant to suit in the forum on a cause of action related to or arising out of those contacts." *Aquila, Inc. v. Sup. Ct.* (2007) 148 Cal. App. 4th 556, 569-570. In analyzing specific jurisdiction, courts consider the relationship among the defendant, the forum, and the litigation. *See Zehia v. Sup. Ct.* (2020) 45 Cal. App. 5th 543, 552. *See also HealthMarkets, Inc. v. Sup. Ct.* (2009) 171 Cal. App. 4th 1160, 1167 ("Specific jurisdiction depends on the quality and nature of the defendant's forum contacts in relation to the particular cause of action alleged."). "A nonresident defendant may be subject to specific jurisdiction if three requirements are met: (1) the defendant has purposefully availed itself of forum benefits with respect to the matter in controversy; (2) the controversy is related to or arises out of the defendant's contacts with the forum; and (3) the exercise of jurisdiction would comport with fair play and substantial justice." *Burdick v. Sup. Ct.* (2015) 233 Cal. App. 4th 8, 18 (citing *Pavlovich*, 29 Cal. 4th at 269). "The

purposeful availment inquiry . . . focuses on the defendant's intentionality. [Citation.] This prong is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect by virtue of the benefit he receives, to be subject to the court's jurisdiction based on his contacts with the forum." *Pavlovich*, 29 Cal. 4th at 269 (citing *U.S. v. Swiss American Bank, Ltd.*, 274 F.3d 610, 623-624 (1st Cir. 2001)). Purposeful availment occurs where the nonresident defendant: (1) purposefully directs its activities at residents of the forum; (2) purposefully derives benefit from its activities in the forum; (3) creates a substantial connection with the forum; (4) deliberately has engaged in significant activities within the forum; or (5) has created continuing obligations between itself and residents of the forum." *Snowney v. Harrah's Entertainment, Inc.* (2005) 35 Cal. 4th 1054, 1063.

As to minimum contacts, the United States Constitution permits a state to exercise personal jurisdiction over a nonresident defendant if the defendant has sufficient "minimum contacts" with the forum such that the lawsuit does not offend "traditional notions of fair play and substantial justice." *See Thomson v. Anderson* (2003) 113 Cal. App. 4th 258, 265 (citing *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement et al.*, 326 U.S. 310, 316 (1945)). "The 'substantial connection' [citations] between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State*. [Citations.]" *DVI, Inc. v. Sup. Ct.* (2002) 104 Cal. App. 4th 1080, 1090 (quoting *Asahi Metal Industry Co. v. Sup. Ct.*, 480 U.S. 102, 112 (1987)). Under the minimum contacts test, the court must weigh the specific facts of each case to determine whether the requisite "affiliating circumstances" are present. *See Pavlovich v. Sup. Ct.* (2002) 29 Cal. 4th 262, 268 (citing *Kulko v. California Sup. Ct.*, 436 U.S. 84, 92 (1978)).

In this case, the parties do not address whether the court can exercise general personal jurisdiction over Defendant. Consequently, the court limits its analysis to specific personal jurisdiction. In so doing, the court finds that Defendant has not met his burden of demonstrating that the court lacks specific personal jurisdiction over him. More specifically, and importantly, the court finds that Defendant has provided ***no admissible evidence*** in support of his moving or reply papers. Defendant submitted the following "evidence" in support of his motion and reply: (1) Declaration of Guoqiang Chen in Support of Motion to Set Aside Default Judgment (*see* ROA No. 141); (2) Declaration of Qingqing Miao in Support of Motion to Set Aside Default Judgment (*see* ROA No. 142); (3) Supplemental Declaration of Qingqing Miao in Further Support of Motion to Set Aside Default Judgment (*see* ROA No. 162); and (4) Supplemental Declaration of Guoqiang Chen in Further Support of Motion to Set Aside Default Judgment (*see* ROA No. 163). The foregoing declarations, all of which were executed outside of California, do not comply with the prescriptions of CCP § 2015.5 as Defendant and Mr. Miao do not certify or declare under penalty of perjury under the laws of the State of California that their statements are true and correct. Moreover, Mr. Miao, at a minimum, fails to aver that he is a certified translator qualified to assist Defendant with his declaration. The foregoing warrants denial of the motion.

Even if Defendant had submitted admissible evidence in support of his request, the court nevertheless would deny the motion given that Plaintiffs meet their burden of demonstrating facts by a preponderance of the evidence justifying the exercise of specific personal jurisdiction in California. *See In re Automobile Antitrust Cases I & II* (2005) 135 Cal. App. 4th 100, 110. More specifically, Plaintiffs' evidence shows that since 2010, Mr. Meeker has managed Hawaiian Islands Regional Center, LLC ("HIRC"). HIRC is a licensed Regional Center with U.S. Citizenship and Immigration Services ("USCIS"). USCIS is the federal agency that oversees and administers the EB-5 immigrant investor program which allows immigrants to apply for citizenship by investing a requisite amount of money in a U.S.-based business and creating jobs. *See* Meeker Decl., ¶ 3. HIRC is the sole general partner of Regency Venture Fund, LLLP ("RVF"). *Ibid.*, ¶ 4. Defendant became an investor in RVF by paying: (1) a $500,000.00 subscription fee, and (2) a

$50,000.00 administration fee. *Ibid.*, ¶ 5. At all relevant times, RVF banked with Citibank in Irvine, CA. *Ibid.*, ¶ 6. RVF's principal office is in San Clemente, CA. *Ibid.*, ¶¶ 7, 9, Ex. A. In order to invest in RVF, Defendant was required to wire the investment funds to that Citibank account in California, which deposit occurred. *Ibid.*, ¶¶ 8-12, Exs. A-D. Moreover, Defendant requested that RVF accept delivery of Defendant's Social Security card and his family's Permanent Resident cards at RVF's California address. *Ibid.*, ¶ 13, Exs. E-F. Additionally, since 2012, Defendant has been represented by Hsien Hao "Michael" Chang, a California-licensed attorney, who has assisted Defendant and worked with Mr. Meeker regarding Defendant's immigration process. *Ibid.*, ¶ 17, Ex. J. Furthermore, Defendant has engaged improperly in *ex parte* communications with court via a mailing address in Walnut Grove, CA. *Ibid.*, ¶ 18, Ex. K. The foregoing is sufficient to demonstrate that Defendant has purposefully availed himself of California's benefits by engaged in business in California and directed his activities toward California residents. The foregoing further demonstrates Defendant's minimum contacts with California warrant the exercise of specific personal jurisdiction over him.

The burden thus shifts to Defendant to demonstrate that the exercise of jurisdiction would be unreasonable. In assessing reasonableness, courts consider various factors, including "the burden on the defendant of appearing in the forum, the forum state's interest in adjudicating the claim, the plaintiff's interest in convenient and effective relief within the forum, judicial economy, and 'the shared interest of the several States in furthering fundamental substantive social policies.'" *Vons Companies, Inc.*, 14 Cal. 4th at 448 (quoting *Burger King Corp.*, 471 U.S. at 477). In this case, Defendant, by failing to submit admissible evidence in support of his request, has not met his evidentiary burden. At any rate, the mere fact that Defendant is a Chinese immigrant residing in Connecticut is insufficient to meet the reasonableness standard. *See Moncrief v. Clark* (2015) 238 Cal. App. 4th 1000, 1008. While Defendant may have been burdened by litigating this case in California, he provides no evidence that he would have been at a severe disadvantage in comparison to Plaintiffs due to his location. While Defendant undoubtedly will be burdened by litigating this case in California, he provides no evidence that he will be at a severe disadvantage in comparison to Plaintiff due to his location. *See Dongxiao Yue v. Wenbin Yang* (2021) 62 Cal. App. 5th 539, 550 (quoting *Burger King Corp.*, 471 U.S. at 478). Finally, and importantly, California "has a manifest interest in providing a local forum for its residents to redress injuries inflicted by out-of-state defendants." *Yue*, 62 Cal. App. 5th at 550 (quoting *Integral Development Corp. v. Weissenbach* (2002) 99 Cal. App. 4th 576, 591).

In light of the foregoing, the court denies Defendant's motion to set aside the Default and Default Judgment.

The minutes will serve as the Order of the Court.

Notice is waived.

Cynthia Freeland

Judge Cynthia Freeland

Case 3:26-cv-00062-SVN Document 1-3 Filed 01/13/26 Page 2 of 12

Filed 12/12/25 Meeker v. Chen CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MEEKER,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GUOGIANG CHEN,<br><br>Defendant and Appellant. | D084993<br><br>(Super. Ct. No. 37-2019-00058819-CU-BT-NC) |

APPEAL from an order of the Superior Court of San Diego County, Cynthia A. Freeland, Judge. Affirmed.

The Law Offices of Seth B. Bobroff and Seth B. Bobroff; Jacobs and Adam Sherman for Defendant and Appellant.

Benjamin Meeker, in pro per, for Plaintiff and Respondent.

I. INTRODUCTION

Benjamin Meeker obtained a default judgment against Guogiang Chen on his complaint for civil extortion, unfair business practices, and intentional and negligent infliction of emotional distress. Chen moved to set aside that judgment, arguing the trial court lacked personal jurisdiction over him. The trial court denied Chen's motion, finding both that his supporting evidence

was inadmissible and that there existed a proper basis for personal jurisdiction. Chen challenges that ruling on appeal but fails to establish any error. We therefore affirm.

II. BACKGROUND

On November 6, 2019, Meeker sued Chen for civil extortion, unfair business practices, and intentional and negligent infliction of emotional distress.[1] The complaint alleged that Chen, a New York resident, attempted to extort Meeker, a California resident, by emailing two letters to Meeker in 2019 regarding their joint Hawaiian business venture and a related Hawaiian lawsuit.[2]

After being served by publication,[3] Chen failed to answer the complaint or otherwise defend the action in the time required by law. The trial court entered Chen's default on June 28, 2021, followed by a default judgment in favor of Meeker in the amount of $1,649,800 on October 9, 2023.

On March 1, 2024, Chen filed a motion to set aside the default and default judgment pursuant to Code of Civil Procedure section 473, subdivision (d).[4] Chen argued the judgment was void because the trial court lacked personal jurisdiction over him. Chen claimed he had "zero connections" to California and that Meeker's complaint failed to establish a

---

1 The matter also involved Andre Hurst as plaintiff, and Jianhao Hu and Caihua Shang as defendants, but they are not parties to this appeal.

2 Meeker's request for judicial notice of records regarding the status of the Hawaiian lawsuit is denied because those records are not relevant to our resolution of this appeal.

3 Chen did not challenge the sufficiency of service by publication in the trial court, nor does he in this appeal.

4 All further undesignated statutory references are to the Code of Civil Procedure.

valid basis for personal jurisdiction. In support of the motion, Chen filed his own declaration, as well as the declaration of Qingqing Miao. Chen then filed supplemental declarations from himself and Miao with his reply.

The trial court denied the motion, finding all of Chen's supporting evidence inadmissible. The court determined that Chen and Miao's declarations did not comply with section 2015.5, a statute governing admissibility of declarations, because they were executed outside of California and were not signed under penalty of perjury under the laws of California. The court further determined that Miao, who purported to translate Chen's declarations, failed to aver that she is a certified translator. As an independent basis for denial, the trial court concluded that it had specific personal jurisdiction over Chen based on his contacts with California. Chen's timely appeal of the ruling followed.

## III. DISCUSSION

### A. *Section 473(d) and Standards of Review*

A trial "court may, upon motion of the injured party, . . . set aside any void judgment." (§ 473, subd. (d).) "A judgment is void if the trial court . . . lacked personal jurisdiction over the defendant." (*W. Bradley Electric, Inc. v. Mitchell Engineering* (2024) 100 Cal.App.5th 1, 13.) " ' "A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll." ' " (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 370.)[5] Otherwise, voidness may be shown through extrinsic evidence. (*Ibid.*)

---

5 "When a default judgment has been taken, the judgment roll consists of 'the summons, with the affidavit or proof of service; the complaint; the request for entry of default . . . , and a copy of the judgment.' " (*Kremerman v. White, supra,* 71 Cal.App.5th at p. 370.)

"[I]nclusion of the word 'may' in the language of section 473, subdivision (d) makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment. [Citation.] However, the trial court has no statutory power under section 473, subdivision (d) to set aside a judgment that is not void. [Citation.] Thus, the reviewing court faces two separate determinations when considering an appeal founded on section 473, subdivision (d): whether the judgment is void and, if so, whether the trial court properly exercised its discretion in setting (or not setting) it aside. [Citation.] The trial court's determination whether a judgment is void is reviewed de novo; its decision whether or not to set aside a void order is reviewed for abuse of discretion." (*Kremerman v. White, supra,* 71 Cal.App.5th at p. 369.)

Additionally, "[w]e review a trial court's rulings on the admissibility of evidence for abuse of discretion." (*Pilliod v. Monsanto Company* (2021) 67 Cal.App.5th 591, 630.) " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.' " (*Jones v. Solgen Construction, LLC* (2024) 99 Cal.App.5th 1178, 1203.)

Finally, "a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. . . . ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609, citations omitted.)

B. *The Trial Court Did Not Abuse Its Discretion in Finding Chen's Supporting Declarations Inadmissible*

Section 2015.5 "permits use of declarations signed outside California if, among other things, the declarant certifies the truth of his statements *both* 'under penalty of perjury' *and* 'under the laws of the State of California.' " (*Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 614 (*Kulshrestha*).) An out-of-state declaration that fails to include the phrase " 'under the laws of the State of California' " is inadmissible. (*Id.* at p. 618.)

The initial declarations of Chen and Miao filed in support of Chen's motion to set aside the default and default judgment are not included in the record. There is no transcript from the hearing on the motion because the proceeding was not reported, and the parties have not provided an agreed or settled statement (Cal. Rules of Court, rules 8.134, 8.137). Accordingly, we have no way to meaningfully review the trial court's finding that these two declarations were inadmissible under section 2015.5, and we must affirm that ruling.

As for the supplemental declarations from Chen and Miao filed in support of Chen's reply, which are in the record, both were executed outside of California. Chen signed his in Connecticut, and Miao signed hers in Washington. Both declarations contain the following statement at the end: "I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury." These supplemental declarations are inadmissible under section 2015.5 because they were executed outside this state and do not recite that they were made " 'under the laws of the State of California.' " (*Kulshrestha,* at p. 618.)

Chen does not dispute that the four declarations were inadmissible under section 2015.5. Instead, he claims the trial court erred because Meeker did not object to the declarations, thereby waiving any claims of

inadmissibility, and the trial court should not have denied his motion for "hyper-technical" curable defects.[6] We disagree.

First, we see no waiver. "[A] court may find evidence to be inadmissible without an objection having been raised by a party." (*Estate of Herzog* (2019) 33 Cal.App.5th 894, 911.) Additionally, the concept of waiver is based on fairness, and it applies when a party and the trial court did not have an opportunity to address an issue. (*Wittenberg v. Bornstein* (2020) 51 Cal.App.5th 556, 567.) Both parties had an opportunity to argue the four declarations' admissibility because that issue was raised in the court's tentative ruling. Nor would it be unfair to consider the declarations' admissibility on appeal because that was an express basis for the trial court's order. Further, even if waiver applied in this context, the lack of any record of the motion hearing prevents Chen from showing that Meeker failed to object. (*Jameson v. Desta, supra,* 5 Cal.5th at p. 609 [" ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' "].)

Second, the trial court's ruling was not "hyper-technical." In *Kulshrestha*, the California Supreme Court affirmed a ruling excluding an out-of-state declaration that failed to aver that it was made " 'under the laws of the State of California.' " (*Kulshrestha*, at p. 607.) The declaration merely stated, " 'I declare under penalty of perjury that the above is true and correct.' " (*Ibid.*) As our Supreme Court explained, section 2015.5's " 'under the laws of the State of California' " requirement is not "pointless or

---

6 Chen improperly raises these arguments in a footnote. (*Sandhu v. Board of Administration etc.* (2025) 108 Cal.App.5th 1048, 1062 [" 'Footnotes are not the appropriate vehicle for stating contentions on appeal.' "]) We nonetheless consider them.

optional," and "an out-of-state declaration which materially deviates from section 2015.5 in this regard cannot be used as evidence." (*Id.* at pp. 611, 618.) The high court found the phrase "necessary for validity and admissibility purposes" because the legislature determined "that declarations used in California courts, particularly those signed outside the state, would not be sufficiently trustworthy absent an express, mandatory reference to California law." (*Id.* at pp. 617–618.)

Accordingly, the trial court was not being "hyper-technical" in finding the Chen and Miao declarations inadmissible for failing to include the phrase "under the laws of the State of California." Instead, the court was enforcing a requirement that is "necessary for validity and admissibility purposes." (*Kulshrestha*, at p. 618; see also, *Safieddine v. MBC FZ, LLC* (2024) 103 Cal.App.5th 1086, 1094, fn. 9 ["A declaration not signed under penalty of perjury under the laws of California has 'no evidentiary value' and can be disregarded."].)

Lastly, Chen fails to show that the trial court did not allow him an opportunity to cure the defects in the declarations. The trial court stated its intention to exclude the declarations in its tentative ruling, giving Chen an opportunity to address the issue before the trial court ruled. Based on the lack of a motion hearing record, we must presume Chen had the option of curing the defects at the hearing. (*Jameson v. Desta, supra,* 5 Cal.5th at p. 609.) If he then argued to the trial court that the omission could be cured, and requested an opportunity to do so that the court unreasonably refused, it was his obligation to make and present an adequate record for us to review.

Case 3:26-cv-00062-SVN Document 1-3 Filed 01/13/26 Page 9 of 12

Based on the foregoing, the trial court did not abuse its discretion in finding the Chen and Miao declarations inadmissible under section 2015.5.[7]

C. *The Trial Court Did Not Err in Denying Chen's Motion*

Chen's motion to set aside asserted that Meeker's complaint failed to establish a valid basis for jurisdiction, apparently challenging the facial validity of the judgment. We disagree.

All four causes of action in the complaint were based on Chen's two extortionate letters. The complaint alleged that Chen sent these letters from within San Diego, and that Meeker's resulting injuries occurred in San Diego. Personal jurisdiction is proper when a non-California resident commits a tort within California. (*Doe v. Damron* (2021) 70 Cal.App.5th 684, 691 ["it is well settled that jurisdiction is proper even when the alleged tort occurred during a single, brief visit. The classic example is a visitor who negligently causes a car accident."].)

Even if we were to find the complaint's allegation that Chen's torts were committed in California too conclusory as Chen argued, Chen's alleged New York residency does not necessarily defeat personal jurisdiction. "[T]he commission of an intentional tort that is directed at a California resident may provide sufficient minimum contacts to support the exercise of personal jurisdiction over the nonresident defendant." (*Integral Development Corp. v. Weissenbach* (2002) 99 Cal.App.4th 576, 587.) That is what the complaint alleges here; namely, that Chen attempted to extort Meeker, a California resident, by directing two letters to Meeker. (See, e.g., *Abbott Power Corp. v. Overhead Electric Co.* (1976) 60 Cal.App.3d 272, 279 [in action for

---

7 Because of this outcome, we need not address the trial court's additional ruling that Chen's declarations were inadmissible for lack of a proper translation.

intentionally inducing breach of contract, court had personal jurisdiction over New Mexican defendant who sent three letters to California urging breach of a contract with Californian plaintiff].)[8]

Accordingly, the alleged lack of personal jurisdiction is not apparent from an inspection of the complaint. Rather, the facts alleged in the complaint could provide a basis for personal jurisdiction over Chen, and based on the entry of default, those allegations are deemed admitted by Chen. (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 392.) Chen has therefore failed to show any facial invalidity in judgment.

As for invalidity based on extrinsic evidence, the only evidence Chen submitted was two declarations from himself and two from Miao. As discussed above, the trial court acted within its discretion in excluding those four declarations, leaving unsupported Chen's claim of insufficient contact with California.

Based on the facially valid judgment and the lack of any evidence to support Chen's motion, there is no basis to find the judgment void. As such,

---

8 We also note that the transmission of the extortionate letters by email does not defeat personal jurisdiction as Chen suggests. He cites *Burdick v. Superior Court* (2015) 233 Cal.App.4th 8, 28, for the proposition that " '[t]he connection between the place where an email is opened and a lawsuit is entirely fortuitous.' " That case is distinguishable because the quoted language comes from a case involving " 'email blasts' " in which the court acknowledged the result " 'may be different if there were evidence that a defendant in some way targeted residents of a specific state.' " (*Ibid.*) Chen also relies on two breach of contract cases that held that email, phone, and mail contact between the parties was insufficient to establish personal jurisdiction. (*Applied Underwriters, Inc. v. Combined Management, Inc.* (9th Cir. 2010) 371 Fed.Appx. 834; *Azzarello v. Navagility*, LLC (N.D. Cal., Oct. 16, 2008, No. C-08-2371 MMC) 2008 U.S. Dist LEXIS 117119.) Those cases are unpersuasive because they did not involve an intentional tort directed at a California resident.

the trial court did not abuse its discretion in denying Chen's motion to set aside the judgment.[9]

---

9 We note that there are potentially conflicting burdens on Chen's motion. "A party seeking relief under section 473 bears the burden of proof." (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1205; see also *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495 ["Although a trial court has discretion to vacate the entry of a default or subsequent judgment, this discretion may be exercised only after the party seeking relief has shown that there is a proper ground for relief."].) On the other hand, " 'When jurisdiction is challenged by a nonresident defendant, the burden of proof is on the plaintiff to demonstrate that sufficient "minimum contacts" exist between the defendant and the forum state to justify imposition of personal jurisdiction.' . . . [¶] If the plaintiff meets this burden, the burden shifts to the defendant to demonstrate that the exercise of jurisdiction would be unreasonable." (*Swenberg v. dmarcian, Inc.* (2021) 68 Cal.App.5th 280, 291, citations omitted.) It seems appropriate to place the initial burden on Chen as the party seeking to set aside a judgment, but the parties do not address this issue. In any event, even if the initial burden was on Meeker, it would be satisfied by the deemed admitted allegations of the complaint, and Chen would not be able to meet his corresponding burden due to his failure to submit any admissible evidence.

## IV. DISPOSITION

The order is affirmed. Meeker is awarded costs on appeal.

RUBIN, J.

WE CONCUR:

DATO, Acting P. J.

DO, J.

U.S. District Court

District of Connecticut

## Notice of Electronic Filing

The following transaction was entered on 9/30/2026 at 2:47 PM EDT and filed on 9/30/2026

**Case Name:** Meeker v. Chen
**Case Number:** 3:26-cv-00062-SVN
**Filer:**
**Document Number:** 35(No document attached)

**Docket Text:**
**ORDER denying [12] Motion to Dismiss. For the reasons explained below, Defendant's motion to dismiss is DENIED.**

**Background.** The complaint states that in October of 2023, Plaintiff Benjamin Meeker secured a default money judgment against Defendant Guoqiang Chen in California State Court. Compl., ECF No. 1 ¶ 8; ECF No. 1-1 (Judgment). Defendant's subsequent motion to set aside the default judgment was denied, and the judgment was affirmed on appeal. *Id.* ¶¶ 12-13. The parties agree that Plaintiff commenced an action in Connecticut Superior Court to enforce the judgment, *Meeker v. Chen*, No. KNL-CV25-6072528-S (2025). *See* ECF No. [12] at 2; ECF No. [13] at 2; *see also Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court... to establish the fact of such litigation and related filings."). On August 13, 2025, the Superior Court entered an order requiring Plaintiff to show cause as to whether the action should be dismissed, because Plaintiff (as a judgment creditor) failed to file a certification required by Connecticut law necessary to file a foreign judgment in Connecticut. See Order, *Meeker v. Chen*, No. KNL-CV25-6072528-S, Dkt. No. 111 (Aug. 13, 2025). The order also provided that the court would convene a show cause hearing. *Id.* On September 15, 2025, the Superior Court dismissed the case because Plaintiff had previously left a status conference in progress and failed to appear for the scheduled show cause hearing. Order, *Meeker v. Chen*, No. KNL-CV25-6072528-S, Dkt. No. 118 (Sept. 15, 2025). Plaintiff now seeks to enforce the judgment by way of this action. ECF No. 1 ¶ 21.

**Motion to Dismiss.** Defendant moves pursuant to Rule 12(b)(6) to dismiss this matter based on *res judicata*/claim preclusion. ECF No. [12] at 3; *see also Caro v. Fidelity Brokerage Servs.*, No. 3:14-CV-01028 (CSH), 2015 WL 1975463, *18 (D. Conn. April 30, 2015) (noting that res judicata challenges are "properly raised via a Rule 12(b)(6) motion to dismiss"). On a motion to dismiss for failure to state a claim, the Court applies the familiar standard "draw[ing] all reasonable inferences in Plaintiff's favor, assum[ing] all well-pleaded factual allegations to be true, and determin[ing] whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

Connecticut's *res judicata* law applies here. *Joseph v. Athanasopolous*, 648 F.3d 58, 66 n.8 (2d Cir. 2011) (citation omitted). "Res judicata bars re-litigation if '(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.'" *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018). Under 28 U.S.C. � 1738, a federal court gives a "state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81

**(1984).**

**Plaintiff's claim is not barred by *res judicata*. The Superior Court's dismissal was premised upon Plaintiff's failure to appear and did not adjudicate the merits of the case. Because Connecticut state courts have decided that "dismissals for failure to prosecute do not constitute dispositions rendered on the merits," Defendant's motion fails at step one of the analysis. *Edwards v. McMillen Cap., LLC*, 952 F.3d 32, 35 (2d Cir. 2020); *see also Milgrim v. Deluca*, 195 Conn. 191, 194-95 (1985) (confirming that "a dismissal for failure to prosecute... is not an adjudication on the merits that can be treated as res judicata.").**

**Defendant also argues that the Court should dismiss this action because it is "duplicative" of the state-court action. *See* ECF No. [16] at 4. But Defendant cites to case law regarding the district court's power to dismiss an action that is "duplicative of another federal court suit." *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). Nor is Plaintiff's passive reference to "forum shopping" a cognizable standalone basis for dismissal. *See* ECF No. [12] at 3. Lastly, the Court declines to issue relief unrelated to Plaintiff's motion to dismiss raised on reply. *See* ECF No. [16] at 6.**

**In conclusion, because the state court's dismissal of Plaintiff's action was not an adjudication on the merits, this action is not barred by *res judicata* and Plaintiff's motion to dismiss is denied. Signed by Judge Sarala V. Nagala on September 30, 2026. (RB)**

7. The plaintiff limited partners sought a temporary restraining order in the Hawaii litigation, which was denied, evidencing that the Hawaii litigation is a garden-variety civil matter wherein facts sufficient to support extraordinary remedies do not exist.

8. The Hawaii litigation is still pending, although the plaintiff limited partners have seemingly abandoned it. The plaintiff limited partners have not taken any action in the Hawaii litigation since December, 2019.

9. On July 31, 2017, I met with CHEN and several other RVF limited partners at the Facility for a meeting. I gave them a tour of the Facility and its operations. After the tour, CHEN and the other limited partners requested a formal meeting with me. During this meeting, CHEN threatened me verbally by stating that if I was in China, he knows people there that would "throw me in jail." CHEN's threat was extremely upsetting and colored the threats Defendants made as described herein.

10. On June 11, 2019, CHEN, on behalf of himself, HU, and SHANG, sent a letter to me via email (the "June 11 letter"). A true and correct copy of the June 11 letter is attached hereto as Exhibit 1 and incorporated herein by reference. Generally, the June 11 letter demanded that HURST and I pay Defendants $1,485,000 (90% of Defendants' investment in RVF) in connection with the Hawaii litigation. The June 11 letter threatened that if HURST and I failed to pay the aforementioned sum, Defendants would take the "stronger measures" of reporting us to law enforcement for criminal prosecution. Specifically, the June 11 letter stated in pertinent part:

> "Everything I (CHEN) say herein pertains to all three of us (CHEN, HU, and SHANG) as co-equals in the statements I make in this letter.
>
> * * *
>
> "If this matter cannot be resolved in an informal way, we shall have to result to formal legal measures, affording relief. When I say this, I do not make reference to the current lawsuit (the Hawaii litigation), but stronger measures.
>
> * * *
>
> "I write to you to tell you two things: (1) we are contacting you in order to settle the claims of my several colleagues and myself and (2) we are also

contacting you to alert you to the fact that we have consulted legal counsel familiar with criminal proceedings in the United States on the potential criminal nature of what has occurred. It is the opinion of separate legal counsel that it is likely that there is probable cause for the authorities to find that your associates and/or you have committed a crime against us in converting the investment of $550,000 each of the limited partners' investments.

* * *

"Thus we make an offer to you of the return by your colleagues and/or you of no less than 90% of what we have invested.

* * *

"In exchange for the foregoing settlement, we will sign releases of claims. I am sure that his will be helpful to your colleagues and you as a sign of a rational attempt to resolve the problem by your colleagues and yourself. In addition, it could protect you in part from accusations of criminal wrongdoing or further litigation, which would be ruinous for all concerned. There is no good reason to involve the authorities at this stage. However, as stated above, we have been told that the conversion of our money may be criminal action with consequences . . . .

* * *

"If you are interested in this proposal, kindly contact the undersigned and I will arrange the cooperation of my colleagues. If I do not receive a response from you within the next 5 business days, we will assume you do not want to resolve this matter in an informal way, my colleague and I will take further appropriate action accordingly."

Upon my receipt of the June 11 letter, I shared the same with HURST.

11. The June 11 letter, which (a) accused me of criminal activity; and (b) threatened me with criminal prosecution unless I paid Defendants at least 90% of their investment in RVF ($1,485,000),

caused me severe mental suffering and emotional distress. The Hawaii litigation involved garden-variety civil matters and neither I nor any defendants in the Hawaii litigation had been involved in any criminal activity. I immediately sought the advice of my Hawaii legal counsel who (a) opined that the June 11 letter constituted extortion; and (b) instructed me to contact CHEN and law enforcement authorities. So, on or about June 13, 2019, I called the office of the U.S. Attorney for the Southern District of California and left a message with my name, telephone number, and a description of Defendants' extortion. That same day, "Becky" from the U.S. Attorney's office called me and advised that I report Defendants' extortion to the Federal Bureau of Investigation (FBI). A true and correct copy of my journal entries written concurrently with the actions taken in this paragraph is attached as Exhibit 2 and incorporated herein by reference.

12. On June 13, 2019, I submitted an online Electronic Tip Form at *https://tips.fbi.gov* informing the FBI of Defendants' extortion. A true and correct copy of the confirmation of my submission is attached hereto as Exhibit 3 and incorporated herein by reference.

13. On June 14, 2019, I sent CHEN an email response as follows:

> "I am in receipt of the June 11, 2019 letter from you, Caihua Shang and Jianhao Hu. In the letter, you threaten to pursue criminal charges against me and others if we do not capitulate to your settlement demand in the civil lawsuit pending in Hawaii State court. Pursuant to advice from the U.S. Attorney's office, the letter has been reported to the Federal Bureau of Investigation."

A true and correct copy of my June 14 email is attached hereto as Exhibit 4 and incorporated herein by reference.

14. In response to my June 14 email, on June 18, 2019, CHEN, on behalf of himself, HU, and SHANG, sent a second letter to me via email (the "June 18 letter"). A true and correct copy of the June 18 letter is attached hereto as Exhibit 5 and incorporated herein by reference. Generally, the June 18 letter repeated the demands and threats made in the June 11 letter. As with the June 11 letter, the June 18 letter caused me severe mental suffering and emotional distress. Upon my receipt of the June 18 letter, I shared the same with HURST.

15. In response to the June 18 letter, I submitted a second online Electronic Tip Form at *https://tips.fbi.gov* on June 19, 2019 informing the FBI of Defendants' ongoing and continued extortion. A true and correct copy of the confirmation of my submission is attached hereto as Exhibit 6 and incorporated herein by reference.

16. On June 21, 2019, I sent CHEN an email response to the June 18 letter as follows:

> "Your allegations have been formally and regularly denied in the Hawaii civil case. Hawaiian Islands Regional Center (HIRC) has also sued you personally, a fact you apparently fail to recognize. Since September, 2017, HIRC has been requesting that the parties engage in settlement discussions aimed at avoiding the last two years of reckless litigation which as severely damaged the [F]acility and cost the parties over $1M collectively. Your attorney refused to entertain HIRC's early settlement discussions. I will not respond to further communications given your extortionist threats and demands. All future communications, including settlement discussions, must be through our respective attorneys."

A true and correct copy of my June 21 email is attached hereto as Exhibit 7 and incorporated herein by reference.

17. In response to my above-described Electronic Tip Form submissions, I received two voicemail messages from the FBI's San Diego Office on June 25 and July 2, 2019. A true and correct copy of a screenshot from my iPhone showing these voicemail messages is attached hereto as Exhibit 8 and incorporated herein by reference. I returned both of these voicemail messages by leaving voicemail messages of my own with the FBI. I did not receive any additional telephone calls or voicemail messages from the FBI.

18. At the time Defendants sent the June 11 letter and June 18 letter, California Penal Code § 523(a) provided that "[e]very person who, with intent to extort property or other consideration from another, sends or delivers to any person any letter or other writing, whether subscribed or not, expressing or implying, or adapted to imply, any threat such as is specified in Section 519 is punishable in the same manner as if such property or other consideration were actually obtained by means of such

threat." California Penal Code § 519 provides that "[f]ear, such as will constitute extortion, may be induced by a threat . . . [t]o accuse the individual threatened, or a relative of his or her, or a member of his or her family, of a crime."

19. Given that the June 11 and June 18 letters came shortly before the plaintiff limited partners apparently abandoned the Hawaii litigation (December, 2019), the letters appear to have been a last-ditch effort to wrongfully extract money from HURST and I through extortion.

20. Defendants' above-described actions constituted extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress. Defendants' intent or reckless disregard is evidenced by their refusal to retract the June 11 letter even after being informed it had been reported to the U.S. Attorney and FBI.

21. As a proximate result of Defendants' extreme and outrageous conduct, I actually suffered emotional distress that resulted in anxiety, sleeplessness, and severe mental anguish. My emotional distress was amplified due to CHEN's July 31, 2017 threat to have me put in a Chinese jail described in Paragraph 9 above. My emotional distress was severe and of enduring quality so as to cause me to seek medical help. As a result, I sought medical treatment from a licensed psychiatrist. The financial statements evidencing the identity of the treating psychiatrist, the treatments I received, and my out-of-pocket expenses will be made available for *in camera* review in order to protect my confidential health information and records.

22. Shortly after beginning the above-described treatment, I referred HURST to my psychiatrist.

23. HURST and I have incurred the following recoverable costs in this action, as evidenced by the Memorandums of Costs contained in the Requests for Entry of Default against Defendants as follows:

a. Request for Entry of Default against CHEN (ROA 68): $3,594.05

b. Request for Entry of Default against SHANG (ROA 70): $2,526.56

c. Request for Entry of Default against HU (ROA 98): $1,978.98

TOTAL: $8,099.59

0215

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
7/22/2024 7:39:11 PM

Clerk of the Superior Court
By C. Salazar ,Deputy Clerk

Benjamin Meeker (204183)
LAW OFFICE OF BENJAMIN MEEKER
5962 La Place Court, Suite 240
Carlsbad, CA 92008
Tel: 949-940-6929
Email: *blm@blmeekerlaw.com*

Attorney for Plaintiffs
BENJAMIN MEEKER and ANDRE HURST

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION

BENJAMIN MEEKER, an individual; and ANDRE HURST, an individual,

Plaintiffs,

v.

GUOQIANG CHEN, an individual; JIANHAO HU, an individual; CAIHUA SHANG, an individual; and DOES 1-50, inclusive,

Defendants.

Case No. 37-2019-00058819-CU-BT-NC

**DECLARATION OF BENJAMIN MEEKER IN OPPOSITION TO MOTION OF DEFENDANT GUOQIANG CHEN TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

Assigned for all Purposes to:
Hon. Cynthia A. Freeland, Dept. N-27

**Hearing:**

Date: August 9, 2024
Time: 1:30 p.m.
Dept.: N-27

**DECLARATION OF BENJAMIN MEEKER**

I, Benjamin Meeker, declare:

1. I am an attorney at law, duly licensed to practice in the State of California. I am of one of two plaintiffs in this action and am a California resident. In addition to representing myself, I represent plaintiff ANDRE HURST ("HURST"), also a California resident. I have personal knowledge of the facts stated herein, and if called upon as a witness, I could and would testify to the following:

2. In addition to the testimony contained in this declaration, reference in the Opposition to Motion of Defendant Guoqiang Chen to Set Aside Default and Default Judgment (the "Opposition")

filed concurrently herewith occasionally makes reference to my testimony filed in support of default judgment against defendant GUOQIANG CHEN ("CHEN") filed on August 11, 2023 (Register of Actions ("ROA") No. 129). References made in the Opposition to said testimony are identified as "Meeker Default Decl."

3. Since around 2010, I have been involved in the management of an entity named Hawaiian Islands Regional Center, LLC ("HIRC"). HIRC is a licensed Regional Center with U.S. Citizenship and Immigration Services ("USCIS"). USCIS is the federal agency that oversees and administers the EB-5 immigrant investor program, which allows immigrants to apply for citizenship by investing a requisite amount of money in a U.S.-based business and creating jobs.

4. HIRC is the sole general partner of Regency Venture Fund, LLLP ("RVF"). In EB-5 program parlance, RVF is a New Commercial Enterprise ("NCE"). The NCE is the investment vehicle through which EB-5 program participants invest their money for immigration purposes. Said money, among other requirements, must always remain "at risk" and be subject to total loss.

5. CHEN was an investor in RVF. In order to become an investor (*i.e.*, a limited partner), he was required pay (a) a $500,000.00 subscription fund; and (b) a $50,000.00 administration fee.

6. At the time CHEN and all other RVF investors invested in the NCE, RVF banked with Citibank's branch in Irvine, California.

7. While the subject EB-5 project (the construction of a 100-bed skilled nursing facility) was located in Hilo, Hawaii, RVF's principal office was in California.

8. In order to invest in RVF, CHEN was required to wire his investment funds to RVF's California Citibank account. Attached hereto as Exhibit A is a true and correct copy of the NCE's Subscription Agreement signed by CHEN. As with all of the exhibits attached hereto, sensitive information has been redacted and highly relevant information has been highlighted for the court's convenience.

9. The Subscription Agreement reflected RVF's principal place of business at 91 Avenida Del Mar, Suite 300, San Clemente, California. (Exhibit A, Bates No. GC00000007.) The Subscription Agreement also instructed CHEN to deposit his investment in RVF's California bank accounts. (Exhibit A, Bates No. GC00000016.)

10. CHEN actually deposited his investment in RVF into its California bank accounts. Attached hereto as Exhibit B is a true and correct copy of a letter received by Philip Sheng at Citibank's Irvine, California branch confirming receipt of CHEN's $500,000 investment. Note that said amount was deposited in a subaccount in CHEN's name ending in 1124.

11. Attached hereto as Exhibit C is a true and correct copy of a letter I wrote and sent to CHEN confirming receipt of his RVF investment funds. Attached to said letter are two "Incoming Wire Transfers" for $50,000 and $500,000, respectfully. The "Incoming Wire Transfers" reflect that CHEN's $50,000 administration fee was received on March 20, 2012, and his $500,000 subscription fee was received on March 21, 2012. All funds were deposited in Citibank's Irvine, California branch.

12. Attached hereto as Exhibit D is a true and correct copy of a Citibank bank statement for the period of March 22 through March 31, 2012. This statement shows that CHEN's $500,0000 subscription investment was being held in a subaccount bearing his name in an account number ending in 1124. This statement also shows the location of RVF in San Clemente, California.

13. It was not uncommon for RVF investors to ask that RVF accept delivery of important documents at its California office due to the unreliability (real or perceived) of sending them to China. Accordingly, CHEN requested that RVF accept delivery of his social security card and his family's Permanent Resident Cards at its California office. RVF agreed to do so. Attached hereto as Exhibit E is a true and correct copy of CHEN's social security card (redacted) delivered to me, at his instruction, to RVF's San Clemente, California address. Attached hereto as Exhibit F is a true and correct copy of CHEN's and his family's Permanent Resident Cards (redacted) delivered to me, at his instruction, to RVF's San Clemente, California address.

14. Every year, RVF provided its investors, including CHEN, with IRS Schedule K-1s for use in preparing their personal tax returns. Attached hereto collectively as Exhibit G are CHEN's K-1s (redacted) for 2012 (the year of his investment) through 2019 (the year this litigation was filed). All of the K-1s reflect a California address for RVF.

15. As with the K-1s, RVF's tax returns reflected its California address. Attached hereto collectively as Exhibit H are true and correct copies (redacted) of the first pages of RVF's federal tax returns for 2012 through 2019. All of the returns reflect a California address for RVF.

16. As with any business, RVF was required to file annual statements with the Hawaii Secretary of State. Attached hereto collectively as Exhibit I are RVF's annual statements filed with the Hawaii Secretary of State for 2014 through 2022 reflecting a California "Principal Office Address."

17. One of my responsibilities with HIRC is to work with EB-5 immigration attorneys representing the foreign investors. Since 2012, the year CHEN invested in RVF, he has been represented by Hsien Hao "Michael" Chang. Mr. Chang is licensed by the California State Bar. I have had at least dozens of communications with Mr. Chang regarding CHEN's immigration process over the years. Attached hereto as Exhibit J is a true and correct copy of Mr. Chang's law license status printed from *www.calbar.ca.gov* on July 1, 2024.

18. Attached hereto as Exhibit K is a true and correct copy of a letter dated May 17, 2021 I received from the Superior Court of California, County of San Diego, signed by The Clerk of Court. Said letter enclosed a copy of a letter CHEN had written to the court dated May 3, 2021. The court's May 17 letter was addressed to CHEN at 1420 Creekside Drive, Apt. 7, Walnut Grove, California. The obvious conclusion drawn from this fact was that CHEN's May 3 letter had been mailed from said address. Accordingly, I immediately employed a process server to serve CHEN with Statements of Damages for HURST and myself at the Walnut Creek, California address. CHEN was thereafter personally served with the Statements of Damages on May 25, 2021 at the Walnut Creek, California address. (ROA Nos. 64 and 65.)

19. According to this court's Register of Actions, on July 30, 2021, CHEN filed an Interpreter Request/Cancellation Form in anticipation of appearing at a Case Management Conference ("CMC") scheduled for August 27, 2021. (ROA No. 74.) I personally appeared telephonically at the August 27 CMC. While I was waiting on mute for this case to be called, I overheard someone speaking Chinese on the phone, but when the CMC was called, I was the only person to make an appearance.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own personal knowledge and that this declaration was executed on July 22, 2024, at Carlsbad, California.

Benjamin Meeker

Guoqiang Chen, Defendant Pro Se
55 Arbor Crossing
East Lyme, CT 06333
Telephone: (347) 268-7180
Email: 3472687180a@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BENJAMIN MEEKER, Plaintiff,<br>v.<br>GUOQIANG CHEN, Defendant. | Case No. 3:26-cv-00062-SVN<br>**DECLARATION OF LIBO ZHOU** |

1. I have personal knowledge of these facts and can testify competently to them. In May 2021, 1420 Creekside Drive, Apartment 7, Walnut Creek, California, was my residence, not Chen's.

2. I never accepted personal delivery of documents in the California action on Chen's behalf. On May 25, 2021, no process server personally delivered Chen's Statement of Damages to me, and I did not witness personal delivery of that document to Chen at my residence.

3. Chen did not authorize me to accept service for him. I did not agree to act as his agent for service. I do not recall whether related documents arrived by mail.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on October 11, 2026 at Walnut Creek, California.

Libo Zhou