OCT 23 2026 AM10:55
FILED-USDC-CT-NEW_HAVEN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BENJAMIN MEEKER, Plaintiff,
v. GUOQIANG CHEN, Defendant
Civil Action No. 3:26-cv-00062-SVN
October 23, 2026

# DEFENDANT'S MOTION TO STAY PROCEEDINGS AND ENFORCEMENT PENDING FINAL CALIFORNIA REVIEW, AND FOR LEAVE TO SUPPLEMENT THE OCTOBER 13, 2026 MOTION

## THE CONTROLLING SERVICE REQUIREMENT

**"If a party has not appeared in the action, the statement shall be served in the same manner as a summons." Cal. Code Civ. Proc. § 425.11(d)(1).**

Without the damages notice required by §§ 425.11 and 580, a default damages judgment cannot stand. Section 473(d) authorizes the California court to set aside a void judgment. Schwab v. Rondel Homes, Inc., 53 Cal. 3d 428, 432-435 (1991); Twine v. Compton Supermarket, 179 Cal. App. 3d 514, 517-518 (1986). This is the statutory foundation of Chen's forthcoming California application.

Defendant Guoqiang Chen moves under Federal Rule of Civil Procedure 16, Local Rule 7, and the Court's inherent authority for a stay of proceedings in this action, including consideration of Plaintiff's summary-judgment motion, ECF No. 20, entry of an enforcement judgment, and further execution or collection relief, pending final resolution of Chen's forthcoming California challenge to the default judgment, including any timely pursued appellate review, or further order of this Court.

**ORAL ARGUMENT REQUESTED**

Two issues require this pause: whether Meeker lawfully served his Statement of Damages, and whether the claimed $1,649,800 obligation rests on adequately established damages and an accurate post-settlement balance. Of that principal, $1,485,000 is labeled emotional distress. That exact figure also appears in Meeker's account of the investment-return demand underlying the Hawaii dispute. His own default prove-up declaration and the later Hawaii dismissal stipulation warrant examination together. S1, S6-S8A, S13.

The alleged delivery concerns Statements of Damages dated May 20, 2021, supposedly handed to Chen in Walnut Creek, California, on May 25, 2021, at 8:04 p.m. Chen denies that event under oath. The returns were signed May 27, 2021. S1-S5.

Chen is preparing his application in the Superior Court of California, County of San Diego, North County Division, Case No. 37-2019-00058819-CU-BT-NC. It has not yet been filed. He requests a stay now so that enforcement does not overtake the originating court's review of the judgment on which this action depends.

Chen also requests leave to supplement his October 13, 2026 Motion to Determine Service Defenses Before Judgment and his opposition to ECF No. 20 with the accompanying memorandum, supplemental declaration, and Supplemental Exhibits S1-S9, S8A, and S11-S13.

Respectfully submitted,

Guoqiang Chen, Defendant pro se
Date: October 23, 2026
55 Arbor Crossing, East Lyme, CT 06333
(347) 268-7180 | 3472687180a@gmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BENJAMIN MEEKER, Plaintiff,
v. GUOQIANG CHEN, Defendant
Civil Action No. 3:26-cv-00062-SVN
October 23, 2026

# MEMORANDUM IN SUPPORT OF A STAY AND SUPPLEMENTAL OPPOSITION TO ECF NO. 20

## I. A default damages judgment cannot stand without the notice California law requires.

The Court should stay this enforcement action until California finally resolves Chen's challenge to the judgment, including related appellate review. The central issue is service of the Statement of Damages itself. Meeker seeks $1,649,800 plus interest on a judgment based on an alleged personal delivery that Chen denies under oath. The attached declarations corroborate specific parts of Chen's account. S1-S6.

**Section 425.11(c) states: "If no request is made for the statement referred to in subdivision (b), the plaintiff shall serve the statement on the defendant before a default may be taken." Section 425.11(d)(1) states: "If a party has not appeared in the action, the statement shall be served in the same manner as a summons."**

The California Supreme Court enforced that protection in Schwab v. Rondel Homes, Inc., 53 Cal. 3d 428, 432-435 (1991), upholding relief from default where the required damages notice was absent. The statute applies where emotional distress lies at the heart of the claim, as Meeker's complaint and damages demand show here. S7 ¶¶ 34-42; S1 at 3.

**ORAL ARGUMENT REQUESTED**

Plotitsa v. Superior Court, 140 Cal. App. 3d 755, 759-761 (1983), treats this notice as the functional equivalent of a complaint amendment increasing damages and requires summons-manner service on a nonappearing defendant. Twine v. Compton Supermarket, 179 Cal. App. 3d 514, 517-518 (1986), reversed a default damages judgment where ordinary mailing did not meet that requirement. The required service cannot be replaced by proof that the original summons, a different letter, or some other document reached Chen.

Section 473(d) supplies the corrective remedy. Its operative language states: "and may, on motion of either party after notice to the other party, set aside any void judgment or order." Read together, §§ 425.11, 580(a), and 473(d) establish the basis for Chen's application: where the legally required damages notice was not served and the judgment rests on that missing notice, the resulting default damages judgment is subject to vacatur. Chen seeks that relief in the court that entered the judgment.

Here Andrews claimed personal delivery under § 415.10. If that delivery did not occur, that asserted method did not effect service. Section 425.11(d)(1) requires a lawful summons method; it is not limited in every case to hand delivery. If Meeker invokes another authorized method, he must establish its elements for this Statement of Damages.

Meeker must establish lawful service of his Statement of Damages dated May 20, 2021. Andrews claims that he personally delivered the Statement to Chen on May 25, 2021, at 8:04 p.m.; Chen denies that delivery under oath. The central questions are whether that delivery actually occurred and whether the Statement was lawfully served. S1-S5.

Hamm v. Elkin, 196 Cal. App. 3d 1343, 1345-1347 (1987), enforces notice before clerk's default. Because the original summons here was authorized for publication on January 19, 2021, Parish v. Peters, 1 Cal. App. 4th 202, 206 n.3, 210-213 (1991), also matters: under the publication procedure addressed there, a separate clerk's default was superfluous, but damages notice remained essential before default judgment. The record identifies June 28, 2021 as the

clerk-default date and October 9, 2023 as the judgment date. S9, S11. Publication of the original summons did not dispense with service of the later Statements of Damages.

## II. The $1,485,000 emotional-distress figure and the post-settlement judgment balance require examination.

### A. The investment-return demand is not itself proof of $1,485,000 in emotional injury.

Meeker's Statement of Damages demands $131,840 for pain and suffering, $1,485,000 for emotional distress, $8,240 for medical expenses, and $24,720 for future medical expenses. The total is $1,649,800, the compensatory amount awarded jointly and severally against Chen, Hu, and Shang. S1 at 3; S6. The $1,485,000 component accounts for approximately 90% of that principal.

**The same $1,485,000 appears in Meeker's complaint as the amount allegedly demanded in the June 2019 letters concerning the Hawaii investment dispute. S7 ¶¶ 19-20. In his August 11, 2023 prove-up declaration, Meeker expressly identifies it as 90% of the defendants' investment. S13 ¶ 10 (CT 0054). The identity of the figures requires an answer: what evidence connects the amount investors sought to recover to the amount of Meeker's claimed emotional injury?**

The newly attached S13 reproduces that eight-page declaration. Paragraph 21 describes anxiety, sleeplessness, mental anguish, and psychiatric treatment, and states that financial statements concerning treatment and expenses would be made available for in camera review. S13 at 7 (CT 0058). Those assertions must be examined; they do not explain why $1,485,000 measures the emotional-distress component. The declaration supplies no valuation analysis tying that exact sum to the asserted injury, and the CIV-050 demand is notice of a claimed amount, not proof of its reasonable value.

Code of Civil Procedure § 585 requires evidentiary support for a court-entered default damages award, including in publication cases; subdivision (d) requires particularized facts within a declarant's personal knowledge when declarations supply that proof. Kim v. Westmoore Partners, Inc., 201 Cal. App. 4th 267, 287-289 (2011), explains that default does not establish unliquidated damages and rejects an unsupported conclusory monetary demand. The inquiry is the evidence of injury, causation, duration, severity, and valuation, together with what was actually submitted at the prove-up.

Chen seeks California review of the damages award together with his service challenge. Section 425.11 governs notice; § 585 governs proof of damages. The proposed application asks the originating court to address each defect through the relief available there.

**B. The Hawaii stipulation requires reconciliation with Meeker's assertion that the entire judgment remains unpaid.**

The Hawaii record contains a signed stipulation and order, filed August 5, 2024 as Dkt. 547, dismissing with prejudice all claims in that action between Shang and the specified defendants, including Meeker and Hurst. It states that no claims remain between those stipulating parties in that action. S8A at 2-3. This is a documented resolution involving a co-judgment debtor and the judgment creditor, in the very litigation Meeker links to the letters and the $1,485,000 demand. S7 ¶¶ 10, 16, 19-20, 24; S13 ¶¶ 6, 10-14.

Meeker later declared, on May 14, 2026, that the California judgment was wholly unsatisfied. S8 ¶ 9. That assertion should be tested against the operative settlement agreements, releases, covenants concerning enforcement, and performance records. The face of Dkt. 547 identifies the dismissal but does not disclose those underlying terms or a payment allocation. Meeker's declaration does not reconcile them with the full balance he seeks here.

California permits compensation for the same injury only once. Tavaglione v. Billings, 4 Cal. 4th 1150, 1158-1159 (1993). Performance affecting a joint obligation must be credited under Civil Code § 1474; § 1543 governs the effect of releasing one joint debtor on the others. Lovetro v. Steers, 234 Cal. App. 2d 461, 477 (1965), applies the distinction between releasing a joint debtor and obtaining satisfaction, while forbidding double payment. Code of Civil Procedure § 724.010(a) addresses satisfaction of a judgment.

The issue is whether this resolution released, limited, paid, or otherwise reduced the California obligation or compensated the same loss. The accounting must identify principal, interest, costs, credits, the direction and purpose of relevant payments, and any agreed limits on collection. Dkt. 547 is evidence requiring that inquiry, not a substitute for the underlying terms. The amount enforceable against Chen must reflect the actual remaining obligation, not an unexplained repetition of the original figure.

**III. The sworn evidence squarely disputes the alleged May 25, 2021 delivery of the Statements of Damages.**

S1 contains the two CIV-050 Statements of Damages dated May 20, 2021: Hurst's at CT 0045 and Meeker's at CT 0047. The returns at CT 0046 and CT 0048 name Chen and claim personal delivery under § 415.10 at 8:04 p.m. on May 25, 2021, at 1420 Creekside Drive, Apartment 7, Walnut Creek, California. Andrews signed them on May 27 as a registered California process server.

Meeker's July 22, 2024 declaration, paragraph 18, states that he retained a server for both plaintiffs' Statements of Damages and repeats that Chen was personally served with them on May 25, 2021 at that address. S2 at 4 (CT 0218). Both accounts identify the Statements of Damages as the documents allegedly delivered. Meeker says that he hired the server; he does not say that he witnessed the delivery. His declaration therefore supplies no independent eyewitness confirmation of Andrews's account.

Chen's signed October 13, 2026 declaration denies that he was at the Walnut Creek address at the asserted time or that a process server handed him Meeker's Statement of Damages there. It states that he was in New York. S3 ¶ 2. Libo Zhou's signed October 11 declaration identifies the apartment as Zhou's residence, not Chen's, denies accepting service for Chen or witnessing personal delivery to him, and denies authority to accept service. S5.

Ying Liu's signed October 21 declaration confirms an in-person meeting with Chen at Liu & Shields LLP, 41-60 Main Street, Suite 208A, Flushing, New York, on May 25, 2021, from 2:00 to 6:00 p.m. Eastern Daylight Time. S4. That independently corroborates Chen's New York presence during the stated interval. Chen's own declaration addresses the claimed 8:04 p.m. California delivery. Together, the declarations require examination of the server's account.

Evidence Code §§ 647 and 604 give a registered server's return a rebuttable presumption affecting production of evidence. Palm Property Investments, LLC v. Yadegar, 194 Cal. App. 4th 1419, 1427-1428 (2011). The returns are evidence, not immunity from contradiction. Chen has supplied signed testimony about the asserted event and address, beyond a bare pleading denial. For issues remaining open under the preclusion rules, Rule 56(a) does not permit the Court to resolve a material conflict by choosing credibility on paper.

**IV. California should decide the challenge to its judgment before this Court proceeds to enforcement.**

The October 9, 2023 judgment recites proper service of the summons, complaint, and Statements of Damages. It awards Meeker $1,649,800 jointly and severally against Chen, Hu, and Shang, separately awards Hurst $1,503,000, and awards no punitive damages against Chen. S6. The proposed California application challenges the factual and legal foundation of the damages-notice finding in that judgment.

The August 9, 2024 order excluded out-of-state declarations and also found specific personal jurisdiction. The December 12, 2025 appellate decision affirmed. S9. The appellate opinion describes the dispute as Chen's California contacts and the admissibility of his declarations. S9-06-S9-07. The proposed application concerns personal delivery of Meeker's Statement of Damages on May 25, 2021. California should determine the effect of its prior rulings on that specific challenge; this Court should preserve the enforcement case while that determination is made.

Under 28 U.S.C. § 1738 and Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Insurance Guaranty Ass'n, 455 U.S. 691, 704-706, 714-715 (1982), a jurisdictional issue fully and fairly litigated and finally decided may bind the parties. The unpublished Meeker v. Chen decision, No. D084993 (Cal. Ct. App. Dec. 12, 2025), remains relevant to its effect between these parties under California Rule of Court 8.1115(b)(1). The requested stay lets California address the further application and the reach of its own rulings.

Section 473(d) authorizes relief from a void judgment. California Capital Insurance Co. v. Hoehn, 17 Cal. 5th 207, 225 & n.11 (2024), rejects a judicially imposed two-year limit for an improper-service challenge supported by extrinsic evidence, while reserving the diligence issue. Hoehn concerns summons-and-complaint service; Schwab, Plotitsa, and Twine supply the Statement of Damages rule. These authorities support presenting the service challenge to the originating court for a ruling on the available relief.

This federal case is Meeker's independent action under Connecticut General Statutes § 52-607 and the common law. ECF No. 1 ¶ 18. Chen seeks a stay under federal authority over this action. The September 30, 2026 order, ECF No. 35, rejected the separate theory based on the earlier Connecticut dismissal; it did not decide whether the alleged May 25, 2021 delivery occurred. S12.

**V. The stay should extend through final resolution of the identified California challenge, including related appellate review.**

Landis v. North American Co., 299 U.S. 248, 254-257 (1936), recognizes the Court's inherent stay authority and requires a justified, proportionate duration. This enforcement action depends on the very judgment whose service foundation Chen seeks to challenge in California. Review of that judgment should precede its enforcement here.

Proceeding now risks an additional judgment and collection on a disputed $1.6 million obligation before the court that entered it addresses the service evidence and available correction. Enforcement could then have to be unwound. The same parties would bear duplicate proceedings over the same judgment, while the Hawaii resolution and present balance remain unexplained. A pause preserves the subject of the dispute and avoids that sequence.

Chen requests final California resolution, including timely appellate review of the disposition of the identified application. Stopping the stay at the trial-court ruling could permit collection while the validity of that same ruling remains under appellate review. The requested endpoint is final disposition of this judgment challenge, including issuance of the remittitur where applicable, rather than an arbitrary number of days.

Landis itself rejected, on the showing made there, a stay through appellate resolution of a separate test case. 299 U.S. at 256-257. Chen asks the Court to assess the need for appellate coverage here on the concrete relationship between this enforcement action and the validity of the exact judgment being enforced. The California proceedings will address the source of the asserted federal recovery itself. That direct dependence, the sworn service conflict, and the consequences of collection support the requested duration.

The California application is being prepared and has not yet been filed. Chen seeks immediate preservation of the status quo while he presents it, supported by Liu's October 21 declaration

and the other attached records. California would decide relief from its own judgment; this Court would decide the resulting enforcement claim and unpaid balance. The requested endpoint is final review of that judgment, including timely appellate review, subject to this Court's authority to modify its order. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 27-28 (1983), requires Colorado River analysis when a stay effectively surrenders federal adjudication to parallel state litigation. Chen requests a sequence of adjudication tied to review of the source judgment, with the federal enforcement claim remaining for this Court to decide. The sworn service dispute and the consequences of collection supply the reasons for that sequence.

**VI. Requested order.**

The Court should grant leave to supplement and stay proceedings in this action, including ECF No. 20, entry of an enforcement judgment, and further execution or collection relief, pending final resolution of Chen's forthcoming California challenge, including timely related appellate review, or further order.

If the Court declines a stay, it should first determine the preclusive scope of the California rulings and address the service and judgment-balance issues that remain open before granting summary judgment. Chen preserves the October 13 request for focused examination of the service records and the judgment balance through the procedure and schedule the Court orders.

Respectfully submitted,

Guoqiang Chen, Defendant pro se
Date: October 23, 2026
55 Arbor Crossing, East Lyme, CT 06333
(347) 268-7180 | 3472687180a@gmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
BENJAMIN MEEKER, Plaintiff,
v. GUOQIANG CHEN, Defendant
Civil Action No. 3:26-cv-00062-SVN
October 23, 2026

**SUPPLEMENTAL DECLARATION OF GUOQIANG CHEN**

I, Guoqiang Chen, declare:

1. I am the defendant. I reaffirm my signed October 13, 2026 declaration (S3), including my denial that I was at the Walnut Creek address or personally received Meeker's Statement of Damages there at 8:04 p.m. on May 25, 2021.

2. S4 is Ying Liu's signed October 21, 2026 declaration. S5 is Libo Zhou's signed October 11 declaration, submitted with my October 13 motion.

3. My California application remains unfiled. I am preparing it to challenge the default judgment on Statement of Damages service grounds in Case No. 37-2019-00058819-CU-BT-NC.

4. I have not paid Meeker's California judgment. I lack personal knowledge of other parties' private agreement terms or payments affecting it. S8A is the Hawaii Dkt. 547 stipulation and order.

5. S13 reproduces Meeker's eight-page declaration executed August 11, 2023, CT 0052-0059. The exhibits preserve original text and signatures; labels and yellow highlights are reading aids.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on October 23, 2026, at East Lyme, Connecticut.

陈国强

Guoqiang Chen

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BENJAMIN MEEKER, Plaintiff,
v. GUOQIANG CHEN, Defendant
Civil Action No. 3:26-cv-00062-SVN

**[PROPOSED] ORDER GRANTING STAY AND LEAVE TO SUPPLEMENT**

Upon consideration of Defendant's motion and the record, the Court ORDERS:

1. Defendant is granted leave to supplement his October 13, 2026 Motion to Determine Service Defenses Before Judgment and opposition to ECF No. 20 with the accompanying memorandum, supplemental declaration, and Supplemental Exhibits S1-S9, S8A, and S11-S13.

2. Proceedings in this action, including consideration of ECF No. 20, entry of an enforcement judgment, and further execution or collection relief, are STAYED pending final resolution of Defendant's forthcoming California challenge to the default judgment in Case No. 37-2019-00058819-CU-BT-NC, including timely pursued appellate review of the disposition of that application and issuance of the remittitur where applicable, or further order of this Court.

3. The Court retains jurisdiction. Proceedings concerning administration, modification, or termination of this stay remain available.

SO ORDERED.

Dated: ____________________________

____________________________________
Sarala V. Nagala
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BENJAMIN MEEKER, Plaintiff,
v. GUOQIANG CHEN, Defendant
Civil Action No. 3:26-cv-00062-SVN
October 23, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2026, I served a true copy of Defendant's Motion to Stay Proceedings and Enforcement Pending Final California Review, and for Leave to Supplement the October 13, 2026 Motion, together with the memorandum, supplemental declaration, proposed order, and Supplemental Exhibits S1-S9, S8A, and S11-S13, by depositing the papers in the United States mail, first-class postage prepaid, addressed to:

Jeffrey Hellman, Esq.
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
Counsel for Plaintiff Benjamin Meeker

Guoqiang Chen
Date: October 23, 2026

# SUPPLEMENTAL EXHIBIT INDEX

The S-series labels identify this supplement. The October 13 Exhibits A-G retain their original identity. Citations use local exhibit pages and original CT or opinion page numbers. Yellow marks are added reading aids.

S1 (4 pages) - Statements of Damages dated May 20, 2021; alleged delivery May 25; returns signed May 27; CT 0045-0048.

S2 (4 pages) - Meeker declaration, July 22, 2024; CT 0215-0218.

S3 (1 page) - Chen signed declaration, October 13, 2026.

S4 (1 page) - Ying Liu signed declaration, October 21, 2026.

S5 (1 page) - Libo Zhou signed declaration, October 11, 2026.

S6 (2 pages) - California default judgment, October 9, 2023; CT 0090-0091.

S7 (8 pages) - California complaint, November 6, 2019; CT 0007-0014.

S8 (2 pages) - Meeker declaration, May 14, 2026; two-page declaration without its attachments.

S8A (3 pages) - Hawaii Dkt. 547; signed August 2, filed August 5, 2024; complete stipulation and order.

S9 (15 pages) - August 9, 2024 trial order (4 pages), followed by December 12, 2025 appellate opinion (11 pages).

S11 (4 pages) - Renewed default papers, CT 0049-0050; register excerpt, CT 0322-0323.

S12 (2 pages) - Federal September 30, 2026 order, ECF No. 35.

S13 (8 pages) - Meeker default prove-up declaration executed August 11, 2023; CT 0052-0059; complete eight-page declaration, without its separately labeled attachments.

0045 CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name and Address*): TELEPHONE NO.: 760-790-4800
Benjamin Meeker (204183)
LAW OFFICE OF BENJAMIN MEEKER
2131 Palomar Airport Road, Suite 218
Carlsbad, CA 92011

ATTORNEY FOR (*name*): Plaintiffs BENJAMIN MEEKER and ANDRE HURST

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
06/25/2021 at 10:29:00 AM
Clerk of the Superior Court
By Nancy Fabian,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S. Melrose Drive
MAILING ADDRESS: 325 S. Melrose Drive
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

PLAINTIFF: MEEKER
DEFENDANT: CHEN

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

CASE NUMBER: 37-2019-00058819-CU-BT-NC

To (*name of one defendant only*): GUOQIANG CHEN
Plaintiff (*name of one plaintiff only*): ANDRE HURST
seeks damages in the above-entitled action, as follows:

| | AMOUNT |
|---|---|
| 1. **General damages** | |
| a. [x] Pain, suffering, and inconvenience | $ 14,400.00 |
| b. [x] Emotional distress | $ 1,485,000.00 |
| c. [ ] Loss of consortium | $ |
| d. [ ] Loss of society and companionship (*wrongful death actions only*) | $ |
| e. [ ] Other (*specify*) | $ |
| f. [ ] Other (*specify*) | $ |
| g. [ ] Continued on Attachment 1.g. | |
| 2. **Special damages** | |
| a. [x] Medical expenses (*to date*) | $ 900.00 |
| b. [x] Future medical expenses (*present value*) | $ 2,700.00 |
| c. [ ] Loss of earnings (*to date*) | $ |
| d. [ ] Loss of future earning capacity (*present value*) | $ |
| e. [ ] Property damage | $ |
| f. [ ] Funeral expenses (*wrongful death actions only*) | $ |
| g. [ ] Future contributions (*present value*) (*wrongful death actions only*) | $ |
| h. [ ] Value of personal service, advice, or training (*wrongful death actions only*) | $ |
| i. [ ] Other (*specify*) | $ |
| j. [ ] Other (*specify*) | $ |
| k. [ ] Continued on Attachment 2.k. | |
| 3. [x] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (*specify*).. when pursuing a judgment in the suit filed against you. | $ 5,000,000.00 |

Date: May 20, 2021

Benjamin Meeker
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)



Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courts.ca.gov

| PLAINTIFF: MEEKER<br>DEFENDANT: CHEN | CASE NUMBER:<br>37-2019-00058819-CU-BT-NC |
|---|---|

**PROOF OF SERVICE**

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. [X] Statement of Damages [ ] Other *(specify)*:
   b. on *(name)*: GUOQIANG CHEN
   c. by serving [X] defendant [ ] other *(name and title or relationship to person served)*:
   d. [ ] by delivery [X] at home [ ] at business
      (1) date: May 25, 2021
      (2) time: 08:04PM
      (3) address: 1420 Creekside Drive, Apt 7, Walnut Creek, California 94596
   e. [ ] by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*:
   a. [X] **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. [ ] **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. [ ] **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. [ ] **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. [ ] **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. [ ] Other *(specify code section)*:
      [ ] additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $ 125.00
5. Person serving:
   a. [ ] California sheriff, marshal, or constable
   b. [X] Registered California process server
   c. [ ] Employee or independent contractor of a registered California process server
   d. [ ] Not a registered California process server
   e. [ ] Exempt from registration under Bus. & Prof. Code § 22350(b)
   f. Name, address and telephone number and, if applicable, county of registration and number:
      Mark T. Andrews
      1014 Hopper Avenue, #435
      Santa Rosa, California 95403
      County of Sonoma Registration P-345
      (707) 280-7425

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 27, 2021

▶ MTA
(SIGNATURE)

***(For California sheriff, marshal, or constable use only)***
I certify that the foregoing is true and correct.

Date:

▶ ______________________
(SIGNATURE)

0047 CIV-050

- DO NOT FILE WITH THE COURT-
-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): TELEPHONE NO.: 760-790-4800
Benjamin Meeker (204183)
LAW OFFICE OF BENJAMIN MEEKER
2131 Palomar Airport Road, Suite 218
Carlsbad, CA 92011

ATTORNEY FOR (name): Plaintiffs BENJAMIN MEEKER and ANDRE HURST

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
06/25/2021 at 10:29:00 AM
Clerk of the Superior Court
By Nancy Fabian,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S. Melrose Drive
MAILING ADDRESS: 325 S. Melrose Drive
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

PLAINTIFF: MEEKER
DEFENDANT: CHEN

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

CASE NUMBER: 37-2019-00058819-CU-BT-NC

To (name of one defendant only): GUOQIANG CHEN
Plaintiff (name of one plaintiff only): BENJAMIN MEEKER
seeks damages in the above-entitled action, as follows:

| | | AMOUNT |
|---|---|---|
| **1. General damages** | | |
| a. [x] Pain, suffering, and inconvenience | $ | 131,840.00 |
| b. [x] Emotional distress | $ | 1,485,000.00 |
| c. [ ] Loss of consortium | $ | |
| d. [ ] Loss of society and companionship (wrongful death actions only) | $ | |
| e. [ ] Other (specify) | $ | |
| f. [ ] Other (specify) | $ | |
| g. [ ] Continued on Attachment 1.g. | | |
| **2. Special damages** | | |
| a. [x] Medical expenses (to date) | $ | 8,240.00 |
| b. [x] Future medical expenses (present value) | $ | 24,720.00 |
| c. [ ] Loss of earnings (to date) | $ | |
| d. [ ] Loss of future earning capacity (present value) | $ | |
| e. [ ] Property damage | $ | |
| f. [ ] Funeral expenses (wrongful death actions only) | $ | |
| g. [ ] Future contributions (present value) (wrongful death actions only) | $ | |
| h. [ ] Value of personal service, advice, or training (wrongful death actions only) | $ | |
| i. [ ] Other (specify) | $ | |
| j. [ ] Other (specify) | $ | |
| k. [ ] Continued on Attachment 2.k. | | |

3. [x] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ 5,000,000.00 when pursuing a judgment in the suit filed against you.

Date: May 20, 2021

Benjamin Meeker
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)



Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courts.ca.gov

0048

CIV-050

| PLAINTIFF: MEEKER<br>DEFENDANT: CHEN | CASE NUMBER:<br>37-2019-00058819-CU-BT-NC |
|---|---|

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. [X] Statement of Damages [ ] Other *(specify)*:
   b. on *(name)*: GUOQIANG CHEN
   c. by serving [X] defendant [ ] other *(name and title or relationship to person served)*:
   d. [ ] by delivery [X] at home [ ] at business
      (1) date: May 25, 2021
      (2) time: 08:04PM
      (3) address: 1420 Creekside Drive, Apt 7, Walnut Creek, California 94596
   e. [ ] by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*:
   a. [X] **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. [ ] **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. [ ] **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. [ ] **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. [ ] **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. [ ] Other *(specify code section)*:
      [ ] additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $ 125.00
5. Person serving:
   a. [ ] California sheriff, marshal, or constable
   b. [X] Registered California process server
   c. [ ] Employee or independent contractor of a registered California process server
   d. [ ] Not a registered California process server
   e. [ ] Exempt from registration under Bus. & Prof. Code § 22350(b)
   f. Name, address and telephone number and, if applicable, county of registration and number:
      Mark T. Andrews
      1014 Hopper Avenue, #435
      Santa Rosa, California 95403
      County of Sonoma Registration P-345
      (707) 280-7425

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 27, 2021

▶ [signature]
(SIGNATURE)

***(For California sheriff, marshal, or constable use only)***
I certify that the foregoing is true and correct.

Date:

▶ ______________________
(SIGNATURE)

0215

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
7/22/2024 7:39:11 PM
Clerk of the Superior Court
By C. Salazar ,Deputy Clerk

Benjamin Meeker (204183)
LAW OFFICE OF BENJAMIN MEEKER
5962 La Place Court, Suite 240
Carlsbad, CA 92008
Tel: 949-940-6929
Email: *blm@blmeekerlaw.com*

Attorney for Plaintiffs
BENJAMIN MEEKER and ANDRE HURST

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION

| | |
|---|---|
| BENJAMIN MEEKER, an individual; and ANDRE HURST, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GUOQIANG CHEN, an individual; JIANHAO HU, an individual; CAIHUA SHANG, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 37-2019-00058819-CU-BT-NC<br><br>**DECLARATION OF BENJAMIN MEEKER IN OPPOSITION TO MOTION OF DEFENDANT GUOQIANG CHEN TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**<br><br>Assigned for all Purposes to:<br>Hon. Cynthia A. Freeland, Dept. N-27<br><br><u>Hearing:</u><br><br>Date: August 9, 2024<br>Time: 1:30 p.m.<br>Dept.: N-27 |

## DECLARATION OF BENJAMIN MEEKER

I, Benjamin Meeker, declare:

1. I am an attorney at law, duly licensed to practice in the State of California. I am of one of two plaintiffs in this action and am a California resident. In addition to representing myself, I represent plaintiff ANDRE HURST ("HURST"), also a California resident. I have personal knowledge of the facts stated herein, and if called upon as a witness, I could and would testify to the following:

2. In addition to the testimony contained in this declaration, reference in the Opposition to Motion of Defendant Guoqiang Chen to Set Aside Default and Default Judgment (the "Opposition")

filed concurrently herewith occasionally makes reference to my testimony filed in support of default judgment against defendant GUOQIANG CHEN ("CHEN") filed on August 11, 2023 (Register of Actions ("ROA") No. 129). References made in the Opposition to said testimony are identified as "Meeker Default Decl."

3. Since around 2010, I have been involved in the management of an entity named Hawaiian Islands Regional Center, LLC ("HIRC"). HIRC is a licensed Regional Center with U.S. Citizenship and Immigration Services ("USCIS"). USCIS is the federal agency that oversees and administers the EB-5 immigrant investor program, which allows immigrants to apply for citizenship by investing a requisite amount of money in a U.S.-based business and creating jobs.

4. HIRC is the sole general partner of Regency Venture Fund, LLLP ("RVF"). In EB-5 program parlance, RVF is a New Commercial Enterprise ("NCE"). The NCE is the investment vehicle through which EB-5 program participants invest their money for immigration purposes. Said money, among other requirements, must always remain "at risk" and be subject to total loss.

5. CHEN was an investor in RVF. In order to become an investor (*i.e.,* a limited partner), he was required pay (a) a $500,000.00 subscription fund; and (b) a $50,000.00 administration fee.

6. At the time CHEN and all other RVF investors invested in the NCE, RVF banked with Citibank's branch in Irvine, California.

7. While the subject EB-5 project (the construction of a 100-bed skilled nursing facility) was located in Hilo, Hawaii, RVF's principal office was in California.

8. In order to invest in RVF, CHEN was required to wire his investment funds to RVF's California Citibank account. Attached hereto as Exhibit A is a true and correct copy of the NCE's Subscription Agreement signed by CHEN. As with all of the exhibits attached hereto, sensitive information has been redacted and highly relevant information has been highlighted for the court's convenience.

9. The Subscription Agreement reflected RVF's principal place of business at 91 Avenida Del Mar, Suite 300, San Clemente, California. (Exhibit A, Bates No. GC00000007.) The Subscription Agreement also instructed CHEN to deposit his investment in RVF's California bank accounts. (Exhibit A, Bates No. GC00000016.)

10. CHEN actually deposited his investment in RVF into its California bank accounts. Attached hereto as Exhibit B is a true and correct copy of a letter received by Philip Sheng at Citibank's Irvine, California branch confirming receipt of CHEN's $500,000 investment. Note that said amount was deposited in a subaccount in CHEN's name ending in 1124.

11. Attached hereto as Exhibit C is a true and correct copy of a letter I wrote and sent to CHEN confirming receipt of his RVF investment funds. Attached to said letter are two "Incoming Wire Transfers" for $50,000 and $500,000, respectfully. The "Incoming Wire Transfers" reflect that CHEN's $50,000 administration fee was received on March 20, 2012, and his $500,000 subscription fee was received on March 21, 2012. All funds were deposited in Citibank's Irvine, California branch.

12. Attached hereto as Exhibit D is a true and correct copy of a Citibank bank statement for the period of March 22 through March 31, 2012. This statement shows that CHEN's $500,0000 subscription investment was being held in a subaccount bearing his name in an account number ending in 1124. This statement also shows the location of RVF in San Clemente, California.

13. It was not uncommon for RVF investors to ask that RVF accept delivery of important documents at its California office due to the unreliability (real or perceived) of sending them to China. Accordingly, CHEN requested that RVF accept delivery of his social security card and his family's Permanent Resident Cards at its California office. RVF agreed to do so. Attached hereto as Exhibit E is a true and correct copy of CHEN's social security card (redacted) delivered to me, at his instruction, to RVF's San Clemente, California address. Attached hereto as Exhibit F is a true and correct copy of CHEN's and his family's Permanent Resident Cards (redacted) delivered to me, at his instruction, to RVF's San Clemente, California address.

14. Every year, RVF provided its investors, including CHEN, with IRS Schedule K-1s for use in preparing their personal tax returns. Attached hereto collectively as Exhibit G are CHEN's K-1s (redacted) for 2012 (the year of his investment) through 2019 (the year this litigation was filed). All of the K-1s reflect a California address for RVF.

15. As with the K-1s, RVF's tax returns reflected its California address. Attached hereto collectively as Exhibit H are true and correct copies (redacted) of the first pages of RVF's federal tax returns for 2012 through 2019. All of the returns reflect a California address for RVF.

16. As with any business, RVF was required to file annual statements with the Hawaii Secretary of State. Attached hereto collectively as Exhibit I are RVF's annual statements filed with the Hawaii Secretary of State for 2014 through 2022 reflecting a California "Principal Office Address."

17. One of my responsibilities with HIRC is to work with EB-5 immigration attorneys representing the foreign investors. Since 2012, the year CHEN invested in RVF, he has been represented by Hsien Hao "Michael" Chang. Mr. Chang is licensed by the California State Bar. I have had at least dozens of communications with Mr. Chang regarding CHEN's immigration process over the years. Attached hereto as Exhibit J is a true and correct copy of Mr. Chang's law license status printed from *www.calbar.ca.gov* on July 1, 2024.

18. Attached hereto as Exhibit K is a true and correct copy of a letter dated May 17, 2021 I received from the Superior Court of California, County of San Diego, signed by The Clerk of Court. Said letter enclosed a copy of a letter CHEN had written to the court dated May 3, 2021. The court's May 17 letter was addressed to CHEN at 1420 Creekside Drive, Apt. 7, Walnut Grove, California. The obvious conclusion drawn from this fact was that CHEN's May 3 letter had been mailed from said address. Accordingly, I immediately employed a process server to serve CHEN with Statements of Damages for HURST and myself at the Walnut Creek, California address. CHEN was thereafter personally served with the Statements of Damages on May 25, 2021 at the Walnut Creek, California address. (ROA Nos. 64 and 65.)

19. According to this court's Register of Actions, on July 30, 2021, CHEN filed an Interpreter Request/Cancellation Form in anticipation of appearing at a Case Management Conference ("CMC") scheduled for August 27, 2021. (ROA No. 74.) I personally appeared telephonically at the August 27 CMC. While I was waiting on mute for this case to be called, I overheard someone speaking Chinese on the phone, but when the CMC was called, I was the only person to make an appearance.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own personal knowledge and that this declaration was executed on July 22, 2024, at Carlsbad, California.

Benjamin Meeker

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BENJAMIN MEEKER, Plaintiff,<br>v.<br>GUOQIANG CHEN, Defendant. | Civil Action No.<br>3:26-cv-00062-SVN<br>Dated: 10.13., 2026 |

## DECLARATION OF GUOQIANG CHEN

1. I am the defendant. I make this declaration from personal knowledge.

2. On May 25, 2021, I was in New York, not at 1420 Creekside Drive, Apartment 7, Walnut Creek, California, at 8:04 p.m. No process server handed me Meeker's Statement of Damages there then.

3. That apartment was Libo Zhou's residence, not mine. Zhou is a Hawaii co-plaintiff. I never authorized him to accept service of the damages statement for me.

4. I did not receive the June 26, 2021 application for entry of default, notice of the June 28, 2021 entry of default, or notice of entry of the October 9, 2023 judgment.

5. I personally obtained records from the San Diego Superior Court, including the hearing notice and clerk's mailing certificate reproduced at Ex. C, C-03-C-04.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on 10.13.2026 at East Lyme, Connecticut.

陈国强.

Guoqiang Chen, Defendant pro se
55 Arbor Crossing, East Lyme, CT 06333
(347) 268-7180 | 3472687180a@gmail.com

**LIU & SHIELDS LLP**

41-60 Main Street, Suite 208A, Flushing, NY 11355
Telephone: (718) 463-1868
Email: whinnyliu@gmail.com

# DECLARATION REGARDING GUOQIANG CHEN'S IN-PERSON MEETING ON MAY 25, 2021

I, Ying Liu, declare as follows:

1. I am an attorney with Liu & Shields LLP. I have personal knowledge of the facts stated below.

2. On May 25, 2021, at 2:00 p.m., Mr. Guoqiang Chen arrived in person at our office at 41-60 Main Street, Suite 208A, Flushing, NY 11355, for a business meeting with me. The meeting began at 2:00 p.m. and concluded at 6:00 p.m. All times stated here are New York local time (Eastern Daylight Time).

3. I met with Mr. Chen face-to-face at our office, and he remained present until the meeting concluded.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on October 21, 2026, at Flushing, New York.

[signature]

YING LIU

Guoqiang Chen, Defendant Pro Se
55 Arbor Crossing
East Lyme, CT 06333
Telephone: (347) 268-7180
Email: 3472687180a@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BENJAMIN MEEKER, Plaintiff,<br>v.<br>GUOQIANG CHEN, Defendant. | Case No. 3:26-cv-00062-SVN<br>**DECLARATION OF LIBO ZHOU** |

1. I have personal knowledge of these facts and can testify competently to them. In May 2021, 1420 Creekside Drive, Apartment 7, Walnut Creek, California, was my residence, not Chen's.

2. I never accepted personal delivery of documents in the California action on Chen's behalf. On May 25, 2021, no process server personally delivered Chen's Statement of Damages to me, and I did not witness personal delivery of that document to Chen at my residence.

3. Chen did not authorize me to accept service for him. I did not agree to act as his agent for service. I do not recall whether related documents arrived by mail.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on October 11, 2026 at Walnut Creek, California.

_______________ Libo Zhou



S5-01 | Copy; yellow highlights added for reference

FILED
Clerk of the Superior Court
OCT 09 2023
By: M. Garland

Benjamin Meeker (204183)
LAW OFFICE OF BENJAMIN MEEKER
5962 La Place Court, Suite 240
Carlsbad, CA 92008
Tel: 949-940-6929
Email: *blm@blmeekerlaw.com*

Attorney for Plaintiffs
BENJAMIN MEEKER and ANDRE HURST

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION

BENJAMIN MEEKER, an individual; and ANDRE HURST, an individual,

Plaintiffs,

v.

GUOQIANG CHEN, an individual; JIANHAO HU, an individual; CAIHUA SHANG, an individual; and DOES 1-50, inclusive,

Defendants

Case No. 37-2019-00058819-CU-BT-NC

**JUDGMENT**

Assigned for all Purposes to:
Hon. Cynthia A. Freeland, Dept. N-27

The Court finds that:

1. Defendants GUOQIANG CHEN ("CHEN"), JIANHAO HU ("HU"), and CAIHUA SHANG ("SHANG") (collectively, the "Defendants") were properly served with a copy of the summons, complaint, and statements of damages;
2. Defendants failed to answer the complaint or appear and defend the action within the time allowed by law; and
3. Defendants' default was entered by the clerk upon the applications of plaintiffs BENJAMIN MEEKER ("MEEKER") and ANDRE HURST ("HURST") (collectively, "Plaintiffs").

The Court, having fully considered the arguments of Plaintiffs, both written and oral, as well as the evidence presented, rules as follows:

1. The Court finds in favor of MEEKER and against CHEN, HU, and SHANG jointly and severally. CAF in the amount of $1,649,800.00. The Court also awards MEEKER punitive damages against HU and SHANG jointly and severally. CAF in the amount of $329,960.00, ~~for a total judgment in the amount of $1,979,760.00~~. The Court does not award punitive damages as to CHEN.

2. The Court finds in favor of HURST and against CHEN, HU, and SHANG in the amount of $1,503,000.00, jointly and severally. CAF The Court also awards HURST punitive damages against HU and SHANG in the amount of $300,600.00, jointly and severally. CAF ~~for a total judgment in the amount of $1,803,600.00~~. The Court does not award punitive damages as to CHEN.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: 10-9-23

Cynthia A. Freeland
Cynthia A. Freeland
Judge of the Superior Court

0007

Benjamin Meeker (204183)
LAW OFFICE OF BENJAMIN MEEKER
2131 Palomar Airport Road, Suite 218
Carlsbad, CA 92011
Tel: 760-790-4800
Fax: 760-820-9040
Email: *blm@blmeekerlaw.com*

Attorney for Plaintiffs
BENJAMIN MEEKER and ANDRE HURST

FILED
NORTH COUNTY DIVISION
2019 NOV -6 A 9:52
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION

BENJAMIN MEEKER, an individual; and ANDRE HURST, an individual,

Plaintiffs,

v.

GUOQIANG CHEN, an individual; JIANHAO HU, an individual; CAIHUA SHANG, an individual; and DOES 1-50, inclusive,

Defendants

Case No. 37-2019-00058819-CU-BT-NC

**COMPLAINT FOR:**

1. **CIVIL EXTORTION;**
2. **UNFAIR BUSINESS PRACTICES;**
3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and**
4. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Demand for Jury Trial

Plaintiffs BENJAMIN MEEKER and ANDRE HURST hereby allege:

**PARTIES**

1. Plaintiff BENJAMIN MEEKER ("MEEKER") is an individual residing in the City of Carlsbad, County of San Diego, State of California.

2. Plaintiff ANDRE HURST ("HURST") is an individual residing in the City of Encinitas, County of San Diego, State of California.

3. MEEKER and HURST are hereafter referred to collectively as "Plaintiffs."

4. Defendant GUOQIANG CHEN ("CHEN") is an individual residing in the City of New York, County of New York, State of New York.



S7-01 | Copy; yellow highlights added for reference

5. Defendant JIANHAO HU ("HU") is an individual residing in the City of Temple City, County of Los Angeles, State of California.

6. Defendant CAIHUA SHANG ("SHANG") is an individual residing in the City of Bellevue, County of King, State of Washington.

7. Plaintiffs are ignorant of the true names and capacities of the defendants sued as DOES 1 through 50, inclusive (the "Doe defendants"), and therefore sues said defendants by such fictitious names. When the true names become known, Plaintiffs will amend this pleading to reflect the true names and capacities of the Doe defendants.

8. Plaintiffs are informed and believe that all defendants, including the Doe defendants, are legally responsible in whole or part for each of the wrongful acts described in this complaint, and have proximately caused the damages herein alleged.

9. Plaintiffs are informed and believe that all defendants, and each of them, were at all times mentioned herein agents, servants, employees, partners, joint venturers, or otherwise the authorized representatives of the other defendants, and in doing the wrongful acts described in this complaint were acting within the purpose, course and scope of such agency, service, employment, partnership, joint ventures, authority, or other representative capacity and within the knowledge, permission, consent, or ratification of the other defendants.

10. Plaintiffs are informed and believe that each of the defendants knowingly conspired among themselves to perform each of the wrongful acts alleged in this complaint, and in furtherance of their conspiracy all defendants knowingly undertook the wrongful acts alleged herein. Accordingly, all defendants are jointly and severally liable for each wrongful act alleged in this complaint.

11. Based on the foregoing, CHEN, HU, SHANG, and the Doe defendants are hereafter referred to collectively as "Defendants."

**VENUE**

12. Venue is proper in the captioned court because Defendants' criminal and tortious acts described herein took place within the boundaries of said judicial district. In addition, the injuries to Plaintiffs alleged herein occurred within the boundaries of said judicial district. Lastly, the amount in controversy exceeds twenty-five thousand dollars ($25,000).

## COMMON FACTUAL ALLEGATIONS

13. In 2011 and 2012, CHEN, HU, and SHANG became three of 37 limited partners in Regency Venture Fund, LLLP, a Hawaii limited liability limited partnership ("RVF").

14. The sole general managing partner of RVF is Hawaiian Islands Regional Center, LLC, a Hawaii limited liability company ("HIRC"). At all relevant times, Plaintiffs have been connected to the management of HIRC and RVF.

15. RVF was formed for the purpose of developing a 100-bed skilled nursing facility in Hilo, Hawaii (the "Facility"). The Facility was successfully developed.

16. On October 18, 2017, 21 of RVF's limited partners, including CHEN, HU, and SHANG (the "plaintiff limited partners"), filed a civil action in Hawaii Circuit Court against, among others, HIRC, RVF, and Plaintiffs (the "Hawaii litigation"). The complaint in the Hawaii litigation generally alleges that RVF and the development of the Facility had been mismanaged.

17. The plaintiff limited partners sought a temporary restraining order in the Hawaii litigation, which was denied, evidencing that the Hawaii litigation is a garden-variety civil matter wherein facts sufficient to support extraordinary remedies do not exist.

18. The Hawaii litigation is still pending.

19. On June 11, 2019, CHEN, on behalf of himself, HU, SHANG, and all Defendants, sent a letter to Plaintiffs via email (the "June 11 letter"). The June 11 letter demanded that Plaintiffs pay Defendants $1,485,000 in connection with the Hawaii litigation. The June 11 letter threatened that if Plaintiffs failed to pay the aforementioned sum, Defendants would take the "stronger measures" of reporting Plaintiffs to law enforcement for criminal prosecution.

20. On June 18, 2019, CHEN, on behalf of himself, HU, SHANG, and all Defendants, sent a second letter to Plaintiffs via email (the "June 18 letter"). The June 18 letter repeated the demands and threats made in the June 11 letter.

21. At the time Defendants sent the June 11 letter and June 18 letter, California Penal Code §§ 519 and 523 provided that every person who, with intent to extort property or other consideration from another, sends or delivers to any person any letter or other writing, whether subscribed or not,

expressing or implying, or adapted to imply, any threat to accuse the individual threatened of a crime is guilty of the crime of extortion.

**FIRST CAUSE OF ACTION FOR CIVIL EXTORTION**

**(Against all Defendants)**

22. Plaintiffs incorporate each allegation of this complaint heretofore alleged as though fully set forth herein.

23. Defendants' threats as heretofore alleged constituted the crime of extortion under California law.

24. Defendants' threats as heretofore alleged were made for the purpose of extracting an immediate agreement from Plaintiffs to pay the sum of $1,485,000, or otherwise, for the purpose of gaining an advantage over Plaintiffs in the Hawaii litigation.

25. Defendants had a duty to refrain from engaging in such conduct which constitutes extortion, or which otherwise was perpetuated for the purpose of gaining an advantage over Plaintiffs in the Hawaii litigation.

26. As a direct and proximate result of said conduct, Plaintiffs have been injured in mind and body according to proof at the time of trial.

27. The aforementioned conduct of Defendants was willful, malicious, and oppressive, and entitles Plaintiffs to an award of punitive damages according to proof at the time of trial.

**SECOND CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES**

**(Against all Defendants)**

28. Plaintiffs incorporate each allegation of this complaint heretofore alleged as though fully set forth herein.

29. At the time CHEN, HU, and SHANG sent the June 11 letter and June 18 letter, they were limited partners of RVF.

30. Defendants' threats as heretofore alleged constituted extortion under California Penal Code §§ 519 and 523. As such Defendants' conduct constitutes an unlawful, unfair, and deceptive business practice as defined by California Business and Professions Code § 17200, *et seq.*

31. Plaintiffs who have personally suffered injury as a result of Defendants' unfair business practices bring this action on behalf of themselves and the general public pursuant to California Business and Professions Code § 17200, *et seq.* and the laws of equity. The conduct of Defendants as alleged herein has been and continues to be in violation of California laws and deleterious to the general public, and Plaintiffs are seeking to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

32. The acts and practices of Defendants are continuing business practices and constitute unfair business practices within the meaning of California Business and Professions Code § 17200, *et seq.*

33. Plaintiffs request that an injunction prohibiting Defendants from engaging in such unfair business practices should issue, and that Defendants be ordered to pay Plaintiffs' attorneys' fees as allowed by law.

**THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against all Defendants)**

34. Plaintiffs incorporate each allegation of this complaint heretofore alleged as though fully set forth herein.

35. The aforementioned conduct perpetuated by Defendants was done intentionally for the purpose of inflicting emotional distress upon Plaintiffs.

36. Defendants had a duty to refrain from engaging in any such conduct.

37. As a direct and proximate result of said conduct, Plaintiffs have been injured in mind and body according to proof at the time of trial.

38. The aforementioned conduct of Defendants was willful, malicious, and oppressive, and entitles Plaintiffs to an award of punitive damages according to proof at the time of trial.

**FOURTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(Against all Defendants)**



S7-05 | Copy; yellow highlights added for reference

39. Plaintiffs incorporate each allegation of this complaint heretofore alleged as though fully set forth herein.

40. Defendants owed Plaintiffs a duty of care to not send Plaintiffs extortionate threats and demands or otherwise cause Plaintiffs emotional distress.

41. The aforementioned conduct perpetuated by Defendants constitutes a breach of their duty of care to Plaintiffs.

42. As a direct and proximate result of said conduct, Plaintiffs have been injured in mind and body according to proof at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment as follows:

1. That judgment be entered on the complaint in favor of Plaintiffs and against Defendants as requested herein.

**AS TO THE FIRST AND THIRD CAUSES OF ACTION**

2. For compensatory damages according to proof at the time of trial.
3. For punitive damages according to proof at the time of trial.

**AS TO THE SECOND CAUSE OF ACTION**

4. For compensatory damages according to proof at the time of trial.
5. For punitive damages according to proof at the time of trial.
6. For attorneys' fees.

**AS TO THE FOURTH CAUSE OF ACTION**

9. For compensatory damages according to proof at the time of trial.

**AS TO ALL CAUSES OF ACTION**

10. For costs of suit herein incurred.
11. For attorneys' fees.
12. For such other and further equitable and legal relief as the court may deem proper.

Dated: November 6, 2019

LAW OFFICES OF BENJAMIN MEEKER

Benjamin Meeker
Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: November 6, 2019

LAW OFFICES OF BENJAMIN MEEKER

Benjamin Meeker
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BENJAMIN MEEKER | : | CIVIL ACTION NO.: 3:26-cv-00062-SVN |
| v. | : | |
| GUOQUIANG CHEN | : | MAY 14, 2026 |

**DECLARATION OF BENJAMIN MEEKER**

I, Benjamin Meeker being duly sworn hereby depose and say:

1. I am over eighteen years of age and I understand the obligations of an oath.

2. I am the plaintiff in the above captioned action.

3. On November 6, 2019, I filed a civil lawsuit in the Superior Court of the State of California, County of San Diego, North County Division against Defendant entitled Benjamin Meeker, et al. v. Chen Guoquiang Chen, et al. (Case No.: 37-2019-00058819-CU-BT-NC) for (1) civil extortion, (2) unfair business practices, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress (the "California Action").

4. Despite being duly served with summons and complaint in the California Action, the defendant, Guoquiang Chen (the "Defendant") failed to answer the complaint or appear and defend himself. As a result, default was entered against Defendant in the California Action on July 28, 2021 (the "Default").

5. On October 9, 2023, I obtained a judgment (the "Judgment") against Defendant in the amount of $1,649,800.00. A true and correct copy of the Judgment in the California Action is attached hereto as Exhibit A.

6. On March 1, 2024, Defendant appeared in the California Action by and through California legal counsel and filed a motion to set aside the Default and resulting Judgment (the



S8-01 I Copy; yellow highlights added for reference

"Motion"). By and through the Motion, Defendant argued that the California court lacked personal jurisdiction over him and requested that the Default and resulting Judgment be set aside.

7. On July 22, 2024, I filed an opposition to the Motion. On August 2, 2024, Defendant filed a reply to my opposition to the Motion. On August 9, 2024, a hearing on the Motion took place, during which I and counsel for the Defendant presented oral argument. At the conclusion of said hearing, the California court **denied** the Motion. See Exhibit B.

8. Defendant appealed the Judgment which was affirmed in my favor on December 12, 2025 by the Court of Appeal, Fourth Appellate District, Division One, State of California in the action entitled Meeker v. Chen, 2025 Cal. App. Unpub. LEXIS 7990 (Cal. App. 4th Dist. Div. One 2025). See Exhibit C.

9. The Judgment is final. The Judgment remains unsatisfied in whole. Enforcement of the Judgment has not been stayed. The amount remaining and unpaid by Defendant to me pursuant to the Judgment is $1,649,800.00, plus interest at the California legal rate. See Cal. Code Civ. Proc. § 685.010.

I, Benjamin Meeker hereby declare under penalty of perjury that the foregoing is true and correct.

Executed at Carlsbad, California this 14th day of May, 2026.

Benjamin Meeker

CARL H. OSAKI 4008-0
Attorney At Law, A Law Corporation
Town Tower #17G
225 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 528-4666

Attorney for Defendant
ANDRE HURST

Electronically Filed
FIRST CIRCUIT
1CC171001699
05-AUG-2024
02:09 PM
Dkt. 547 STIP

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| YING LU, JIANJUN YE; HUAMING YU; XIAOJUN LOU; YAPING LOU; YEZHI ZHANG; WEILIN CHEN; KAI XI; TING SHEN; XIAOTIAN GAO; YUKWAN KOT; WENJUAN HUANG; LI SUN; ZHENGHAO SUN; HAIYAN HUANG; LIBO ZHOU; JIANHAO HU; GUOQIANG CHEN; CAIHUA SHANG; HUA ZHU; KAIBO ZHANG, individually and derivatively on behalf of REGENCY VENTURE FUND LLLP,<br><br>Plaintiffs,<br><br>vs.<br><br>HAWAIIAN ISLANDS REGIONAL CENTER, LLC; DAVID WILSON; ANDRE HURST; BENJAMIN MEEKER; KAUMANA DRIVE PARTNERS, LLC; TAH MANAGEMENT, LLC; VICTUS MANAGEMENT, LLC; and DOE DEFENDANTS 1-50,<br><br>Defendants,<br><br>and<br><br>REGENCY VENTURE FUND LLLP,<br><br>Nominal Defendant. | CIVIL NO. 17-1-1699-10 (~~JPC~~) (KLH)<br>(Breach of Contract)<br><br>STIPULATION FOR PARTIAL DISMISSAL WITH PREJUDICE OF ALL CLAIMS BY AND BETWEEN PLAINTIFF CAIHUA SHANG, ON THE ONE HAND, AND DEFENDANTS HAWAIIAN ISLANDS REGIONAL CENTER, LLC; ANDRE HURST; BENJAMIN MEEKER; KAUMANA DRIVE PARTNERS, LLC; TAH MANAGEMENT, LLC; VICTUS MANAGEMENT, LLC; AND REGENCY VENTURE FUND, LLLP, ON THE OTHER HAND, AND ORDER<br><br>JUDGE: Karin L. Holma ~~Jeffrey P. Crabtree~~<br><br>Please note changes. /s/KLH<br><br>No Trial Date |

STIPULATION FOR PARTIAL DISMISSAL WITH PREJUDICE OF ALL CLAIMS BY AND BETWEEN PLAINTIFF CAIHUA SHANG, ON THE ONE HAND, AND DEFENDANTS HAWAIIAN ISLANDS REGIONAL CENTER, LLC; ANDRE HURST; BENJAMIN MEEKER; KAUMANA DRIVE PARTNERS, LLC; TAH MANAGEMENT, LLC; VICTUS MANAGEMENT, LLC; AND REGENCY VENTURE FUND, LLLP, ON THE OTHER HAND

IT IS HEREBY STIPULATED by and between Plaintiff Caihua Shang ("Shang"), on the one hand, and Defendants Hawaiian Islands Regional Center, LLC; Andre Hurst; Benjamin Meeker; Kaumana Drive Partners, LLC; TAH Management, LLC; Victus Management, LLC; and Regency Venture Fund, LLLP (collectively, "Subject Defendants") (Shang and the Subject Defendants are collectively referred to as the "Stipulation Parties"), on the other hand, through their respective counsel, that any and all claims between them in the above-entitled action be and are hereby dismissed with prejudice; there are no remaining claims as between the Stipulation Parties. There remain other claims by and among the parties remaining in this action, and those claims and parties remain pending and are not dismissed.

This stipulation is based on Rules 41(a)(1)(B) and 41( c) of the Hawaii Rules of Civil Procedure, and has been signed by counsel for all parties who have made an appearance in

this action. There is no trial date set. The Stipulation Parties agree to bear their own attorneys' fees and costs with regard to this action.

DATED: Honolulu, Hawaii August 2, 2024.

/s/ Terry J. O'Toole
TERRY J. O'TOOLE
JOHN KELLY
Attorneys for Plaintiffs

/s/ Carl H. Osaki
CARL H. OSAKI
Attorney for Defendants
ANDRE HURST, REGENCY NAMAKUA, LLC and HAWAIIAN ISLANDS REGIONAL CENTER, LLC

/s/ Craig K. Shikuma
CRAIG K. SHIKUMA
Attorney for Defendants
BENJAMIN MEEKER, VICTUS MANAGEMENT, LLC and TAH MANAGEMENT, LLC

/s/ Kevin W. Herring
KEVIN W. HERRING
Attorney for Defendant
REGENCY VENTURE FUND, LLLP

/s/ Christopher A. Dias
CHRISTOPHER A. DIAS
Attorneys for Defendant
DAVID WILSON

APPROVED AND SO ORDERED:

/s/Karin L. Holma

JUDGE OF THE ABOVE-ENTITLED COURT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO NORTH COUNTY**

**MINUTE ORDER**

DATE: 08/09/2024 TIME: 1:30 PM DEPT: N-27

JUDICIAL OFFICER: CYNTHIA FREELAND
CLERK: Michael Garland
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT: Chris Lauraitis

CASE NO: **37-2019-00058819-CU-BT-NC** CASE INIT.DATE: 11/06/2019
CASE TITLE: **Meeker vs. Chen [IMAGED]**
CASE CATEGORY: Civil CASE TYPE: (U)Business Tort/Unfair Business Practice

---

**HEARING TYPE**: Motion to Dismiss
MOVING PARTY: Guoqiang Chen

---

**APPEARANCES**
Benjamin Meeker, Attorney for Plaintiff(s), present via remote video appearance.
Ryan O'Hollaren, attorney for Guoqiang Chen, Defendant, present via remote video appearance.

---

The Court hears argument of counsel.

The Court confirms the tentative ruling as follows:

Defendant Guoqiang Chen ("Defendant")'s motion to set aside default and default judgment is **denied**.

Plaintiffs Benjamin Meeker and Andre Hurst (collectively, "Plaintiffs")'s request for judicial notice ("RJN") is granted. *See* Cal. Evid. Code § 452(d). The court takes judicial notice of the existence of these records; however, it does not take judicial notice of the truth of the matters asserted therein. *See Board of Pilot Commissioners for the Bays of San Francisco, San Pablo and Suisun v. Superior Court* (2013) 218 Cal. App. 4th 577, 597.

On November 6, 2019, Plaintiffs commenced this action against Defendant, Jianhao Hu, and Caihua Shang alleging causes of action for: (1) civil extortion; (2) unfair business practices; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress. *See* ROA No. 1; Plaintiffs' RJN, Ex. 1. On January 14, 2021, Plaintiffs filed an application for an order for publication of the summons as to Defendant. *See* ROA No. 44; Plaintiffs' RJN, Ex. 2. On January 19, 2021, the court entered an order for publication of the summons, directing Plaintiffs to serve the summons upon Defendant in either: (1) the San Diego Union Tribune (a newspaper of general circulation published in San Diego, CA), and/or (2) The Day (a newspaper of general circulation published in New London, CT), at least once a week for four successive weeks in the manner prescribed in California Government Code § 6064. *See* ROA No. 45; Plaintiffs' RJN, Ex. 3. Plaintiffs' thereafter attempted service by publication on March 2, 9, 16, and 23, 2021. *See* ROA No. 56; Plaintiffs' RJN, Ex. 4. On June 25, 2021, Plaintiffs filed

Statements of Damages (Personal Injury or Wrongful Death) separately. *See* ROA Nos. 64, 65; Plaintiffs' RJN, Exs. 5-6. On June 28, 2021, Plaintiffs requested, and the court entered, Defendant's default (the "Default"). *See* ROA No. 68; Plaintiffs' RJN, Ex. 7. On October 9, 2023, the court entered: (1) default judgment in favor of Mr. Meeker and against Defendant, Mr. Hu, and Mr. Shang, jointly and severally, in the amount of $1,649,800.00, with an additional $329,960.00 in punitive damages in Mr. Meeker's favor and against Mr. Hu and Mr. Shang, jointly and severally, and (2) default judgment in Mr. Hurst's favor and against Defendant, Mr. Hu, and Mr. Shang, jointly and severally, in the amount of $1,503,000.00, with an additional $300,600.00 in punitive damages in Mr. Hurst's favor and against Mr. Hu and Mr. Shang, jointly and severally (collectively, the "Default Judgment"). *See* ROA No. 134; Plaintiffs' RJN, Ex. 10. Defendant now seeks an order setting aside the Default and Default Judgment under California Code of Civil Procedure ("CCP") § 473(d).

CCP § 473(d) provides that "[t]he court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order." Cal. Code Civ. P. § 473(d). In this case, Defendant does not challenge sufficiency of service by publication in this matter; rather, Defendant contends that the Default and Default Judgment are void *ab initio* because the court lacked personal jurisdiction over Defendant to enter such orders. The court respectfully disagrees.

Under California's "long arm" statute, California courts may exercise personal jurisdiction over nonresidents on any basis that is not inconsistent with the state and federal Constitutions. *See* Cal. Code Civ. P. § 410.10. The inquiry in California is thus whether the assertion of personal jurisdiction over a nonresident "comports with the limits imposed by federal due process." *Young v. Daimler AG* (2014) 228 Cal. App. 4th 855, 865. *See also Sibley v. Sup. Ct.* (1976) 16 Cal. 3d 442, 445 (California's long-arm statute "manifests an intent to exercise the broadest possible jurisdiction, limited only by constitutional considerations."). Personal jurisdiction may be either general or specific. *See ViaView, Inc. v. Retzlaff* (2016) 1 Cal. App. 5th 198, 209. "A nonresident defendant may be subject to the general jurisdiction of the forum if his or her contacts in the forum state are 'substantial . . . continuous and systematic.'" *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal. 4th 434, 445 (quoting *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952)). In such instances, "it is not necessary that the specific cause of action alleged be connected with the defendant's business relationship to the forum." *Vons Companies, Inc.*, 14 Cal. 4th at 445-446 (quoting *Cornelison v. Chaney* (1976) 16 Cal. 3d 143, 147). In other words, the nonresident defendant's "contacts with the forum are so wide-ranging that they take the place of physical presence in the forum as a basis for jurisdiction." *Vons Companies, Inc.* 14 Cal. 4th at 446 (citing *Burnham v. Sup. Ct. of California, County of Marin*, 495 U.S. 604, 618 (1990)).

Alternatively, "[s]pecific jurisdiction results when the defendant's contacts with the forum state, though not enough to subject the defendant to the general jurisdiction of the forum, are sufficient to subject the defendant to suit in the forum on a cause of action related to or arising out of those contacts." *Aquila, Inc. v. Sup. Ct.* (2007) 148 Cal. App. 4th 556, 569-570. In analyzing specific jurisdiction, courts consider the relationship among the defendant, the forum, and the litigation. *See Zehia v. Sup. Ct.* (2020) 45 Cal. App. 5th 543, 552. *See also HealthMarkets, Inc. v. Sup. Ct.* (2009) 171 Cal. App. 4th 1160, 1167 ("Specific jurisdiction depends on the quality and nature of the defendant's forum contacts in relation to the particular cause of action alleged."). "A nonresident defendant may be subject to specific jurisdiction if three requirements are met: (1) the defendant has purposefully availed itself of forum benefits with respect to the matter in controversy; (2) the controversy is related to or arises out of the defendant's contacts with the forum; and (3) the exercise of jurisdiction would comport with fair play and substantial justice." *Burdick v. Sup. Ct.* (2015) 233 Cal. App. 4th 8, 18 (citing *Pavlovich*, 29 Cal. 4th at 269). "The

purposeful availment inquiry . . . focuses on the defendant's intentionality. [Citation.] This prong is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect by virtue of the benefit he receives, to be subject to the court's jurisdiction based on his contacts with the forum." *Pavlovich*, 29 Cal. 4th at 269 (citing *U.S. v. Swiss American Bank, Ltd.*, 274 F.3d 610, 623-624 (1st Cir. 2001)). Purposeful availment occurs where the nonresident defendant: (1) purposefully directs its activities at residents of the forum; (2) purposefully derives benefit from its activities in the forum; (3) creates a substantial connection with the forum; (4) deliberately has engaged in significant activities within the forum; or (5) has created continuing obligations between itself and residents of the forum." *Snowney v. Harrah's Entertainment, Inc.* (2005) 35 Cal. 4th 1054, 1063.

As to minimum contacts, the United States Constitution permits a state to exercise personal jurisdiction over a nonresident defendant if the defendant has sufficient "minimum contacts" with the forum such that the lawsuit does not offend "traditional notions of fair play and substantial justice." *See Thomson v. Anderson* (2003) 113 Cal. App. 4th 258, 265 (citing *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement et al.*, 326 U.S. 310, 316 (1945)). "The 'substantial connection' [citations] between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State*. [Citations.]" *DVI, Inc. v. Sup. Ct.* (2002) 104 Cal. App. 4th 1080, 1090 (quoting *Asahi Metal Industry Co. v. Sup. Ct.*, 480 U.S. 102, 112 (1987)). Under the minimum contacts test, the court must weigh the specific facts of each case to determine whether the requisite "affiliating circumstances" are present. *See Pavlovich v. Sup. Ct.* (2002) 29 Cal. 4th 262, 268 (citing *Kulko v. California Sup. Ct.*, 436 U.S. 84, 92 (1978)).

In this case, the parties do not address whether the court can exercise general personal jurisdiction over Defendant. Consequently, the court limits its analysis to specific personal jurisdiction. In so doing, the court finds that Defendant has not met his burden of demonstrating that the court lacks specific personal jurisdiction over him. More specifically, and importantly, the court finds that Defendant has provided ***no admissible evidence*** in support of his moving or reply papers. Defendant submitted the following "evidence" in support of his motion and reply: (1) Declaration of Guoqiang Chen in Support of Motion to Set Aside Default Judgment (*see* ROA No. 141); (2) Declaration of Qingqing Miao in Support of Motion to Set Aside Default Judgment (*see* ROA No. 142); (3) Supplemental Declaration of Qingqing Miao in Further Support of Motion to Set Aside Default Judgment (*see* ROA No. 162); and (4) Supplemental Declaration of Guoqiang Chen in Further Support of Motion to Set Aside Default Judgment (*see* ROA No. 163). The foregoing declarations, all of which were executed outside of California, do not comply with the prescriptions of CCP § 2015.5 as Defendant and Mr. Miao do not certify or declare under penalty of perjury under the laws of the State of California that their statements are true and correct. Moreover, Mr. Miao, at a minimum, fails to aver that he is a certified translator qualified to assist Defendant with his declaration. The foregoing warrants denial of the motion.

Even if Defendant had submitted admissible evidence in support of his request, the court nevertheless would deny the motion given that Plaintiffs meet their burden of demonstrating facts by a preponderance of the evidence justifying the exercise of specific personal jurisdiction in California. *See In re Automobile Antitrust Cases I & II* (2005) 135 Cal. App. 4th 100, 110. More specifically, Plaintiffs' evidence shows that since 2010, Mr. Meeker has managed Hawaiian Islands Regional Center, LLC ("HIRC"). HIRC is a licensed Regional Center with U.S. Citizenship and Immigration Services ("USCIS"). USCIS is the federal agency that oversees and administers the EB-5 immigrant investor program which allows immigrants to apply for citizenship by investing a requisite amount of money in a U.S.-based business and creating jobs. *See* Meeker Decl., ¶ 3. HIRC is the sole general partner of Regency Venture Fund, LLLP ("RVF"). *Ibid.*, ¶ 4. Defendant became an investor in RVF by paying: (1) a $500,000.00 subscription fee, and (2) a

$50,000.00 administration fee. *Ibid.*, ¶ 5. At all relevant times, RVF banked with Citibank in Irvine, CA. *Ibid.*, ¶ 6. RVF's principal office is in San Clemente, CA. *Ibid.*, ¶¶ 7, 9, Ex. A. In order to invest in RVF, Defendant was required to wire the investment funds to that Citibank account in California, which deposit occurred. *Ibid.*, ¶¶ 8-12, Exs. A-D. Moreover, Defendant requested that RVF accept delivery of Defendant's Social Security card and his family's Permanent Resident cards at RVF's California address. *Ibid.*, ¶ 13, Exs. E-F. Additionally, since 2012, Defendant has been represented by Hsien Hao "Michael" Chang, a California-licensed attorney, who has assisted Defendant and worked with Mr. Meeker regarding Defendant's immigration process. *Ibid.*, ¶ 17, Ex. J. Furthermore, Defendant has engaged improperly in *ex parte* communications with court via a mailing address in Walnut Grove, CA. *Ibid.*, ¶ 18, Ex. K. The foregoing is sufficient to demonstrate that Defendant has purposefully availed himself of California's benefits by engaged in business in California and directed his activities toward California residents. The foregoing further demonstrates Defendant's minimum contacts with California warrant the exercise of specific personal jurisdiction over him.

The burden thus shifts to Defendant to demonstrate that the exercise of jurisdiction would be unreasonable. In assessing reasonableness, courts consider various factors, including "the burden on the defendant of appearing in the forum, the forum state's interest in adjudicating the claim, the plaintiff's interest in convenient and effective relief within the forum, judicial economy, and 'the shared interest of the several States in furthering fundamental substantive social policies.'" *Vons Companies, Inc.*, 14 Cal. 4th at 448 (quoting *Burger King Corp.*, 471 U.S. at 477). In this case, Defendant, by failing to submit admissible evidence in support of his request, has not met his evidentiary burden. At any rate, the mere fact that Defendant is a Chinese immigrant residing in Connecticut is insufficient to meet the reasonableness standard. *See Moncrief v. Clark* (2015) 238 Cal. App. 4th 1000, 1008. While Defendant may have been burdened by litigating this case in California, he provides no evidence that he would have been at a severe disadvantage in comparison to Plaintiffs due to his location. While Defendant undoubtedly will be burdened by litigating this case in California, he provides no evidence that he will be at a severe disadvantage in comparison to Plaintiff due to his location. *See Dongxiao Yue v. Wenbin Yang* (2021) 62 Cal. App. 5th 539, 550 (quoting *Burger King Corp.*, 471 U.S. at 478). Finally, and importantly, California "has a manifest interest in providing a local forum for its residents to redress injuries inflicted by out-of-state defendants." *Yue*, 62 Cal. App. 5th at 550 (quoting *Integral Development Corp. v. Weissenbach* (2002) 99 Cal. App. 4th 576, 591).

In light of the foregoing, the court denies Defendant's motion to set aside the Default and Default Judgment.

The minutes will serve as the Order of the Court.

Notice is waived.

Cynthia Freeland

Judge Cynthia Freeland



S9-04 | Copy; yellow highlights added for reference

Filed 12/12/25 Meeker v. Chen CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MEEKER,<br>Plaintiff and Respondent,<br>v.<br>GUOGIANG CHEN,<br>Defendant and Appellant. | D084993<br><br>(Super. Ct. No. 37-2019-00058819-CU-BT-NC) |

APPEAL from an order of the Superior Court of San Diego County, Cynthia A. Freeland, Judge. Affirmed.

The Law Offices of Seth B. Bobroff and Seth B. Bobroff; Jacobs and Adam Sherman for Defendant and Appellant.

Benjamin Meeker, in pro per, for Plaintiff and Respondent.

I. INTRODUCTION

Benjamin Meeker obtained a default judgment against Guogiang Chen on his complaint for civil extortion, unfair business practices, and intentional and negligent infliction of emotional distress. Chen moved to set aside that judgment, arguing the trial court lacked personal jurisdiction over him. The trial court denied Chen's motion, finding both that his supporting evidence

was inadmissible and that there existed a proper basis for personal jurisdiction. Chen challenges that ruling on appeal but fails to establish any error. We therefore affirm.

## II. BACKGROUND

On November 6, 2019, Meeker sued Chen for civil extortion, unfair business practices, and intentional and negligent infliction of emotional distress.[1] The complaint alleged that Chen, a New York resident, attempted to extort Meeker, a California resident, by emailing two letters to Meeker in 2019 regarding their joint Hawaiian business venture and a related Hawaiian lawsuit.[2]

After being served by publication,[3] Chen failed to answer the complaint or otherwise defend the action in the time required by law. The trial court entered Chen's default on June 28, 2021, followed by a default judgment in favor of Meeker in the amount of $1,649,800 on October 9, 2023.

On March 1, 2024, Chen filed a motion to set aside the default and default judgment pursuant to Code of Civil Procedure section 473, subdivision (d).[4] Chen argued the judgment was void because the trial court lacked personal jurisdiction over him. Chen claimed he had "zero connections" to California and that Meeker's complaint failed to establish a

---

1 The matter also involved Andre Hurst as plaintiff, and Jianhao Hu and Caihua Shang as defendants, but they are not parties to this appeal.

2 Meeker's request for judicial notice of records regarding the status of the Hawaiian lawsuit is denied because those records are not relevant to our resolution of this appeal.

3 Chen did not challenge the sufficiency of service by publication in the trial court, nor does he in this appeal.

4 All further undesignated statutory references are to the Code of Civil Procedure.

valid basis for personal jurisdiction. In support of the motion, Chen filed his own declaration, as well as the declaration of Qingqing Miao. Chen then filed supplemental declarations from himself and Miao with his reply.

The trial court denied the motion, finding all of Chen's supporting evidence inadmissible. The court determined that Chen and Miao's declarations did not comply with section 2015.5, a statute governing admissibility of declarations, because they were executed outside of California and were not signed under penalty of perjury under the laws of California. The court further determined that Miao, who purported to translate Chen's declarations, failed to aver that she is a certified translator. As an independent basis for denial, the trial court concluded that it had specific personal jurisdiction over Chen based on his contacts with California. Chen's timely appeal of the ruling followed.

## III. DISCUSSION

### A. *Section 473(d) and Standards of Review*

A trial "court may, upon motion of the injured party, . . . set aside any void judgment." (§ 473, subd. (d).) "A judgment is void if the trial court . . . lacked personal jurisdiction over the defendant." (*W. Bradley Electric, Inc. v. Mitchell Engineering* (2024) 100 Cal.App.5th 1, 13.) " ' "A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll." ' " (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 370.)[5] Otherwise, voidness may be shown through extrinsic evidence. (*Ibid.*)

---

5 "When a default judgment has been taken, the judgment roll consists of 'the summons, with the affidavit or proof of service; the complaint; the request for entry of default . . . , and a copy of the judgment.' " (*Kremerman v. White, supra,* 71 Cal.App.5th at p. 370.)



S9-07 | Copy; yellow highlights added for reference

"[I]nclusion of the word 'may' in the language of section 473, subdivision (d) makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment. [Citation.] However, the trial court has no statutory power under section 473, subdivision (d) to set aside a judgment that is not void. [Citation.] Thus, the reviewing court faces two separate determinations when considering an appeal founded on section 473, subdivision (d): whether the judgment is void and, if so, whether the trial court properly exercised its discretion in setting (or not setting) it aside. [Citation.] The trial court's determination whether a judgment is void is reviewed de novo; its decision whether or not to set aside a void order is reviewed for abuse of discretion." (*Kremerman v. White, supra,* 71 Cal.App.5th at p. 369.)

Additionally, "[w]e review a trial court's rulings on the admissibility of evidence for abuse of discretion." (*Pilliod v. Monsanto Company* (2021) 67 Cal.App.5th 591, 630.) " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.' " (*Jones v. Solgen Construction, LLC* (2024) 99 Cal.App.5th 1178, 1203.)

Finally, "a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. . . . ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609, citations omitted.)

B. *The Trial Court Did Not Abuse Its Discretion in Finding Chen's Supporting Declarations Inadmissible*



S9-08 | Copy; yellow highlights added for reference

Section 2015.5 "permits use of declarations signed outside California if, among other things, the declarant certifies the truth of his statements *both* 'under penalty of perjury' *and* 'under the laws of the State of California.' " (*Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 614 (*Kulshrestha*).) An out-of-state declaration that fails to include the phrase " 'under the laws of the State of California' " is inadmissible. (*Id.* at p. 618.)

The initial declarations of Chen and Miao filed in support of Chen's motion to set aside the default and default judgment are not included in the record. There is no transcript from the hearing on the motion because the proceeding was not reported, and the parties have not provided an agreed or settled statement (Cal. Rules of Court, rules 8.134, 8.137). Accordingly, we have no way to meaningfully review the trial court's finding that these two declarations were inadmissible under section 2015.5, and we must affirm that ruling.

As for the supplemental declarations from Chen and Miao filed in support of Chen's reply, which are in the record, both were executed outside of California. Chen signed his in Connecticut, and Miao signed hers in Washington. Both declarations contain the following statement at the end: "I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury." These supplemental declarations are inadmissible under section 2015.5 because they were executed outside this state and do not recite that they were made " 'under the laws of the State of California.' " (*Kulshrestha,* at p. 618.)

Chen does not dispute that the four declarations were inadmissible under section 2015.5. Instead, he claims the trial court erred because Meeker did not object to the declarations, thereby waiving any claims of



S9-09 | Copy; yellow highlights added for reference

inadmissibility, and the trial court should not have denied his motion for "hyper-technical" curable defects.[6] We disagree.

First, we see no waiver. "[A] court may find evidence to be inadmissible without an objection having been raised by a party." (*Estate of Herzog* (2019) 33 Cal.App.5th 894, 911.) Additionally, the concept of waiver is based on fairness, and it applies when a party and the trial court did not have an opportunity to address an issue. (*Wittenberg v. Bornstein* (2020) 51 Cal.App.5th 556, 567.) Both parties had an opportunity to argue the four declarations' admissibility because that issue was raised in the court's tentative ruling. Nor would it be unfair to consider the declarations' admissibility on appeal because that was an express basis for the trial court's order. Further, even if waiver applied in this context, the lack of any record of the motion hearing prevents Chen from showing that Meeker failed to object. (*Jameson v. Desta, supra,* 5 Cal.5th at p. 609 [" ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' "].)

Second, the trial court's ruling was not "hyper-technical." In *Kulshrestha*, the California Supreme Court affirmed a ruling excluding an out-of-state declaration that failed to aver that it was made " 'under the laws of the State of California.' " (*Kulshrestha*, at p. 607.) The declaration merely stated, " 'I declare under penalty of perjury that the above is true and correct.' " (*Ibid.*) As our Supreme Court explained, section 2015.5's " 'under the laws of the State of California' " requirement is not "pointless or

---

6 Chen improperly raises these arguments in a footnote. (*Sandhu v. Board of Administration etc.* (2025) 108 Cal.App.5th 1048, 1062 [" 'Footnotes are not the appropriate vehicle for stating contentions on appeal.' "]) We nonetheless consider them.



S9-10 I Copy; yellow highlights added for reference

optional," and "an out-of-state declaration which materially deviates from section 2015.5 in this regard cannot be used as evidence." (*Id.* at pp. 611, 618.) The high court found the phrase "necessary for validity and admissibility purposes" because the legislature determined "that declarations used in California courts, particularly those signed outside the state, would not be sufficiently trustworthy absent an express, mandatory reference to California law." (*Id.* at pp. 617–618.)

Accordingly, the trial court was not being "hyper-technical" in finding the Chen and Miao declarations inadmissible for failing to include the phrase "under the laws of the State of California." Instead, the court was enforcing a requirement that is "necessary for validity and admissibility purposes." (*Kulshrestha*, at p. 618; see also, *Safieddine v. MBC FZ, LLC* (2024) 103 Cal.App.5th 1086, 1094, fn. 9 ["A declaration not signed under penalty of perjury under the laws of California has 'no evidentiary value' and can be disregarded."].)

Lastly, Chen fails to show that the trial court did not allow him an opportunity to cure the defects in the declarations. The trial court stated its intention to exclude the declarations in its tentative ruling, giving Chen an opportunity to address the issue before the trial court ruled. Based on the lack of a motion hearing record, we must presume Chen had the option of curing the defects at the hearing. (*Jameson v. Desta, supra,* 5 Cal.5th at p. 609.) If he then argued to the trial court that the omission could be cured, and requested an opportunity to do so that the court unreasonably refused, it was his obligation to make and present an adequate record for us to review.

Based on the foregoing, the trial court did not abuse its discretion in finding the Chen and Miao declarations inadmissible under section 2015.5.[7]

*C. The Trial Court Did Not Err in Denying Chen's Motion*

Chen's motion to set aside asserted that Meeker's complaint failed to establish a valid basis for jurisdiction, apparently challenging the facial validity of the judgment. We disagree.

All four causes of action in the complaint were based on Chen's two extortionate letters. The complaint alleged that Chen sent these letters from within San Diego, and that Meeker's resulting injuries occurred in San Diego. Personal jurisdiction is proper when a non-California resident commits a tort within California. (*Doe v. Damron* (2021) 70 Cal.App.5th 684, 691 ["it is well settled that jurisdiction is proper even when the alleged tort occurred during a single, brief visit. The classic example is a visitor who negligently causes a car accident."].)

Even if we were to find the complaint's allegation that Chen's torts were committed in California too conclusory as Chen argued, Chen's alleged New York residency does not necessarily defeat personal jurisdiction. "[T]he commission of an intentional tort that is directed at a California resident may provide sufficient minimum contacts to support the exercise of personal jurisdiction over the nonresident defendant." (*Integral Development Corp. v. Weissenbach* (2002) 99 Cal.App.4th 576, 587.) That is what the complaint alleges here; namely, that Chen attempted to extort Meeker, a California resident, by directing two letters to Meeker. (See, e.g., *Abbott Power Corp. v. Overhead Electric Co.* (1976) 60 Cal.App.3d 272, 279 [in action for

---

7 Because of this outcome, we need not address the trial court's additional ruling that Chen's declarations were inadmissible for lack of a proper translation.

intentionally inducing breach of contract, court had personal jurisdiction over New Mexican defendant who sent three letters to California urging breach of a contract with Californian plaintiff].)[8]

Accordingly, the alleged lack of personal jurisdiction is not apparent from an inspection of the complaint. Rather, the facts alleged in the complaint could provide a basis for personal jurisdiction over Chen, and based on the entry of default, those allegations are deemed admitted by Chen. (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 392.) Chen has therefore failed to show any facial invalidity in judgment.

As for invalidity based on extrinsic evidence, the only evidence Chen submitted was two declarations from himself and two from Miao. As discussed above, the trial court acted within its discretion in excluding those four declarations, leaving unsupported Chen's claim of insufficient contact with California.

Based on the facially valid judgment and the lack of any evidence to support Chen's motion, there is no basis to find the judgment void. As such,

---

8 We also note that the transmission of the extortionate letters by email does not defeat personal jurisdiction as Chen suggests. He cites *Burdick v. Superior Court* (2015) 233 Cal.App.4th 8, 28, for the proposition that " '[t]he connection between the place where an email is opened and a lawsuit is entirely fortuitous.' " That case is distinguishable because the quoted language comes from a case involving " 'email blasts' " in which the court acknowledged the result " 'may be different if there were evidence that a defendant in some way targeted residents of a specific state.' " (*Ibid.*) Chen also relies on two breach of contract cases that held that email, phone, and mail contact between the parties was insufficient to establish personal jurisdiction. (*Applied Underwriters, Inc. v. Combined Management, Inc.* (9th Cir. 2010) 371 Fed.Appx. 834; *Azzarello v. Navagility*, LLC (N.D. Cal., Oct. 16, 2008, No. C-08-2371 MMC) 2008 U.S. Dist LEXIS 117119.) Those cases are unpersuasive because they did not involve an intentional tort directed at a California resident.

the trial court did not abuse its discretion in denying Chen's motion to set aside the judgment.[9]

---

9 We note that there are potentially conflicting burdens on Chen's motion. "A party seeking relief under section 473 bears the burden of proof." (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1205; see also *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495 ["Although a trial court has discretion to vacate the entry of a default or subsequent judgment, this discretion may be exercised only after the party seeking relief has shown that there is a proper ground for relief."].) On the other hand, " 'When jurisdiction is challenged by a nonresident defendant, the burden of proof is on the plaintiff to demonstrate that sufficient "minimum contacts" exist between the defendant and the forum state to justify imposition of personal jurisdiction.' . . . [¶] If the plaintiff meets this burden, the burden shifts to the defendant to demonstrate that the exercise of jurisdiction would be unreasonable." (*Swenberg v. dmarcian, Inc.* (2021) 68 Cal.App.5th 280, 291, citations omitted.) It seems appropriate to place the initial burden on Chen as the party seeking to set aside a judgment, but the parties do not address this issue. In any event, even if the initial burden was on Meeker, it would be satisfied by the deemed admitted allegations of the complaint, and Chen would not be able to meet his corresponding burden due to his failure to submit any admissible evidence.

## IV. DISPOSITION

The order is affirmed. Meeker is awarded costs on appeal.

RUBIN, J.

WE CONCUR:

DATO, Acting P. J.

DO, J.

CIV-100

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 204183
NAME: Benjamin Meeker
FIRM NAME: Law Office of Benjamin Meeker
STREET ADDRESS: 5962 La Place Court, Suite 165
CITY: Carlsbad STATE: CA ZIP CODE: 92008
TELEPHONE NO.: 949-940-6929 FAX NO.:
E-MAIL ADDRESS: blm@blmeekerlaw.com
ATTORNEY FOR (name): Plaintiffs BENJAMIN MEEKER and ANDRE HURST

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/28/2021** at 08:00:00 AM
Clerk of the Superior Court
By Nancy Fabian,Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 325 S. Melrose Drive
MAILING ADDRESS: 325 S. Melrose Drive
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

Plaintiff/Petitioner: MEEKER
Defendant/Respondent: CHEN

**REQUEST FOR (Application)** [x] **Entry of Default** [ ] **Clerk's Judgment** [ ] **Court Judgment**

CASE NUMBER: 37-2019-00058819-CU-BT-NC

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)** *(see CIV-105)*

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date)*: November 6, 2019
   b. by *(name)*: BENJAMIN MEEKER and ANDRE HURST
   c. [x] Enter default of defendant *(names)*:
   GUOQIANG CHEN
   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names)*:

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
      [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date)*:

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint | $ | $ | $ |
| b. Statement of damages* | | | |
| (1) Special | $ | $ | $ |
| (2) General | $ | $ | $ |
| c. Interest | $ | $ | $ |
| d. Costs *(see reverse)* | $ | $ | $ |
| e. Attorney fees | $ | $ | $ |
| f. **TOTALS** | $ | $ | $ |

   g. **Daily damages** were demanded in complaint at the rate of: $ per day beginning *(date)*:
   *(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*
3. [ ] *(Check if filed in an unlawful detainer case.)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4)*.

Date: 06/26/2021

Benjamin Meeker
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

***FOR COURT USE ONLY***
(1) [✓] Default entered as requested on *(date)*: 06/28/2021
(2) [ ] Default NOT entered as requested *(state reason)*:
Clerk, by [signature] N. Fabian, Deputy



Form Adopted for Mandatory Use
Judicial Council of California CIV-100
(Rev. January 1, 2020)

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure, §§ 585–587, 1169
www.courts.ca.gov

0050

CIV-100

| Plaintiff/Petitioner: MEEKER<br>Defendant/Respondent: CHEN | CASE NUMBER:<br>37-2019-00058819-CU-BT-NC |
|---|---|

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☒ did **not** or compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:
   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date)*:

5. ☒ **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a))*. This action
   a. ☐ is ☒ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is ☒ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☒ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was
   a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names)*:
   b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
      (1) Mailed on *(date)*: 06/26/2021
      (2) To *(specify names and addresses shown on the envelopes)*:
      GUOQIANG CHEN
      1420 Creekside Drive, Apt. 7
      Walnut Creek, CA 94596

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: 06/26/2021

Benjamin Meeker
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested)*. Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . . $ 651.98
   b. Process server's fees . . . . . . . . . . . . . . . . . $ 1,306.29
   c. Other *(specify)*: Private investigator fees $ 260.78
   d. Newspaper publication fees $ 1,375
   e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 3,594.05
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 06/26/2021

Benjamin Meeker
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DECLARANT)

8. **Declaration of nonmilitary status** *(required for a judgment)*. No defendant named in item 1c of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3911(2), or California Military and Veterans Code sections 400 and 402(f).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 06/26/2021

Benjamin Meeker
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DECLARANT)

| ROA Number | Event Date | Event Type / Comments | Documents |
|---|---|---|---|
| 78 | 8/27/2021 | Civil Case Management Conference continued pursuant to party's motion to 12/10/2021 at 09:00AM before Judge Cynthia A. Freeland. | N/A |
| 79 | 8/27/2021 | Minutes finalized for Civil Case Management Conference heard 08/27/2021 09:00:00 AM. | Minute Order<br>• Page Count: 1 |
| 75 | 8/10/2021 | Case Management Statement<br>Case Management Statement filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21084704<br>Filed By: *Plaintiff* Hurst, Andre<br>*Plaintiff* Meeker, Benjamin | Case Management Statement<br>• Page Count: 5 |
| 74 | 7/30/2021 | Interpreter Request/Cancellation Form<br>Interpreter Request filed by Chen, Guoqiang.<br>Filed By: *Defendant* Chen, Guoqiang | Interpreter Request<br>• Page Count: 1 |
| 73 | 7/6/2021 | The default filed by Meeker, Benjamin; Hurst, Andre was entered as to Shang, Caihua on Complaint . Override feature used. | N/A |
| 70 | 7/6/2021 | Request for Entry of Default<br>Request for Entry of Default filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21053349<br>Filed By: *Plaintiff* Hurst, Andre<br>*Plaintiff* Meeker, Benjamin<br>Refers To: *Defendant* Shang, Caihua | Request for Entry of Default<br>• Page Count: 2 |
| 71 | 7/6/2021 | Statement of Damages<br>Statement of Damages filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21053349<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre | Statement of Damages<br>• Page Count: 3 |
| 72 | 7/6/2021 | Statement of Damages<br>Statement of Damages filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21053349<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre | Statement of Damages<br>• Page Count: 3 |
| 69 | 6/28/2021 | The default filed by Meeker, Benjamin; Hurst, Andre was entered as to Chen, Guoqiang on Complaint . Override feature used. | N/A |
| 68 | 6/28/2021 | Request for Entry of Default<br>Request for Entry of Default filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21046065<br>Filed By: *Plaintiff* Hurst, Andre<br>*Plaintiff* Meeker, Benjamin<br>Refers To: *Defendant* Chen, Guoqiang | Request for Entry of Default<br>• Page Count: 2 |
| 67 | 6/25/2021 | The default was denied as to Chen, Guoqiang on Complaint filed by Meeker, Benjamin; Hurst, Andre . | Notice to Filing Party - Default SD<br>• Page Count: 1 |
| 64 | 6/25/2021 | Statement of Damages<br>Statement of Damages filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21045242<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre | Statement of Damages<br>• Page Count: 2 |

| ROA Number | Event Date | Event Type / Comments | Documents |
|---|---|---|---|
| 65 | 6/25/2021 | Statement of Damages<br>Statement of Damages filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21045242<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre | Statement of Damages<br>• Page Count: 2 |
| 66 | 6/25/2021 | Request for Entry of Default<br>Request for Entry of Default filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21045242<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre<br>Refers To: *Defendant* Chen, Guoqiang | Request for Entry of Default<br>• Page Count: 2 |
| 63 | 5/28/2021 | Notice of Change of Address / Telephone Number<br>Notice of Change of Address / Telephone Number filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21020347<br>Filed By: *Plaintiff* Hurst, Andre<br>*Plaintiff* Meeker, Benjamin | Notice of Change of Address / Telephone Number<br>• Page Count: 2 |
| 60 | 5/28/2021 | Civil Case Management Conference continued pursuant to party's motion to 08/27/2021 at 09:00AM before Judge Cynthia A. Freeland. | N/A |
| 61 | 5/28/2021 | Minutes finalized for Civil Case Management Conference heard 05/28/2021 09:00:00 AM. | Minute Order<br>• Page Count: 1 |
| 62 | 5/28/2021 | Notice of Rescheduled Hearing SD generated. | Notice of Rescheduled Hearing SD<br>• Page Count: 2 |
| 57 | 5/13/2021 | Case Management Statement<br>Case Management Statement filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 21006402<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre | Case Management Statement<br>• Page Count: 5 |
| 56 | 4/2/2021 | Proof of Service by Publication<br>Proof of Service by Publication filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 2971650<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre<br>Refers To: *Defendant* Chen, Guoqiang | Proof of Service by Publication<br>• Page Count: 3 |
| 55 | 4/1/2021 | Proof of Service by Publication<br>Proof of Service by Publication filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 2970325<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre<br>Refers To: *Defendant* Shang, Caihua | Proof of Service by Publication<br>• Page Count: 3 |
| 53 | 3/24/2021 | Proof of Service by First Class Mail<br>Proof of Service by Mail filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 2964820<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre | Proof of Service by Mail<br>• Page Count: 1 |
| 54 | 3/24/2021 | Proof of Service by First Class Mail<br>Proof of Service by Mail filed by Hurst, Andre; Meeker, Benjamin.; Transaction Number: 2964820<br>Filed By: *Plaintiff* Meeker, Benjamin<br>*Plaintiff* Hurst, Andre | Proof of Service by Mail<br>• Page Count: 1 |

U.S. District Court

District of Connecticut

## Notice of Electronic Filing

The following transaction was entered on 9/30/2026 at 2:47 PM EDT and filed on 9/30/2026
**Case Name:** Meeker v. Chen
**Case Number:** 3:26-cv-00062-SVN
**Filer:**
**Document Number:** 35(No document attached)

**Docket Text:**
**ORDER denying [12] Motion to Dismiss. For the reasons explained below, Defendant's motion to dismiss is DENIED.**

**Background.** The complaint states that in October of 2023, Plaintiff Benjamin Meeker secured a default money judgment against Defendant Guoqiang Chen in California State Court. Compl., ECF No. 1 ¶ 8; ECF No. 1-1 (Judgment). Defendant's subsequent motion to set aside the default judgment was denied, and the judgment was affirmed on appeal. *Id.* ¶¶ 12-13. The parties agree that Plaintiff commenced an action in Connecticut Superior Court to enforce the judgment, *Meeker v. Chen*, No. KNL-CV25-6072528-S (2025). *See* ECF No. [12] at 2; ECF No. [13] at 2; *see also Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court... to establish the fact of such litigation and related filings."). On August 13, 2025, the Superior Court entered an order requiring Plaintiff to show cause as to whether the action should be dismissed, because Plaintiff (as a judgment creditor) failed to file a certification required by Connecticut law necessary to file a foreign judgment in Connecticut. See Order, *Meeker v. Chen*, No. KNL-CV25-6072528-S, Dkt. No. 111 (Aug. 13, 2025). The order also provided that the court would convene a show cause hearing. *Id.* On September 15, 2025, the Superior Court dismissed the case because Plaintiff had previously left a status conference in progress and failed to appear for the scheduled show cause hearing. Order, *Meeker v. Chen*, No. KNL-CV25-6072528-S, Dkt. No. 118 (Sept. 15, 2025). Plaintiff now seeks to enforce the judgment by way of this action. ECF No. 1 ¶ 21.

**Motion to Dismiss.** Defendant moves pursuant to Rule 12(b)(6) to dismiss this matter based on *res judicata*/claim preclusion. ECF No. [12] at 3; *see also Caro v. Fidelity Brokerage Servs.*, No. 3:14-CV-01028 (CSH), 2015 WL 1975463, *18 (D. Conn. April 30, 2015) (noting that res judicata challenges are "properly raised via a Rule 12(b)(6) motion to dismiss"). On a motion to dismiss for failure to state a claim, the Court applies the familiar standard "draw[ing] all reasonable inferences in Plaintiff's favor, assum[ing] all well-pleaded factual allegations to be true, and determin[ing] whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

Connecticut's *res judicata* law applies here. *Joseph v. Athanasopolous*, 648 F.3d 58, 66 n.8 (2d Cir. 2011) (citation omitted). "Res judicata bars re-litigation if '(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.'" *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018). Under 28 U.S.C. � 1738, a federal court gives a "state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81

(1984).

Plaintiff's claim is not barred by *res judicata*. The Superior Court's dismissal was premised upon Plaintiff's failure to appear and did not adjudicate the merits of the case. Because Connecticut state courts have decided that "dismissals for failure to prosecute do not constitute dispositions rendered on the merits," Defendant's motion fails at step one of the analysis. *Edwards v. McMillen Cap., LLC*, 952 F.3d 32, 35 (2d Cir. 2020); *see also Milgrim v. Deluca*, 195 Conn. 191, 194-95 (1985) (confirming that "a dismissal for failure to prosecute... is not an adjudication on the merits that can be treated as res judicata.").

Defendant also argues that the Court should dismiss this action because it is "duplicative" of the state-court action. *See* ECF No. [16] at 4. But Defendant cites to case law regarding the district court's power to dismiss an action that is "duplicative of another federal court suit." *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). Nor is Plaintiff's passive reference to "forum shopping" a cognizable standalone basis for dismissal. *See* ECF No. [12] at 3. Lastly, the Court declines to issue relief unrelated to Plaintiff's motion to dismiss raised on reply. *See* ECF No. [16] at 6.

In conclusion, because the state court's dismissal of Plaintiff's action was not an adjudication on the merits, this action is not barred by *res judicata* and Plaintiff's motion to dismiss is denied. Signed by Judge Sarala V. Nagala on September 30, 2026. (RB)

Benjamin Meeker (204183)
LAW OFFICE OF BENJAMIN MEEKER
2131 Palomar Airport Road, Suite 218
Carlsbad, CA 92011
Tel: 760-790-4800
Fax: 760-820-9040
Email: *blm@blmeekerlaw.com*

Attorney for Plaintiffs
BENJAMIN MEEKER and ANDRE HURST

FILED
Clerk of the Superior Court
AUG 11 2023
By: M. Garland

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION

| | |
|---|---|
| BENJAMIN MEEKER, an individual; and ANDRE HURST, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GUOQIANG CHEN, an individual; JIANHAO HU, an individual; CAIHUA SHANG, an individual; and DOES 1-50, inclusive,<br><br>Defendants | Case No. 37-2019-00058819-CU-BT-NC<br><br>**DECLARATION OF PLAINTIFF BENJAMIN MEEKER IN SUPPORT OF DEFAULT JUDGMENT**<br><br>Assigned for all Purposes to:<br>Hon. Cynthia A. Freeland, Dept. N-27<br><br>Default Prove-Up Hearing:<br><br>Date: August 11, 2023<br>Time: 10:30 a.m.<br>Dept.: N-27 |

## DECLARATION OF BENJAMIN MEEKER

I, Benjamin Meeker, declare:

1. I am an attorney at law, duly licensed to practice in the State of California. I am one of two plaintiffs in this action. In addition to representing myself, I represent plaintiff ANDRE HURST ("HURST"). I have personal knowledge of the facts stated herein, and if called upon as a witness, I could and would testify to the following:

2. In or around May, 2010, HURST, non-party David Wilson, and I formed Hawaiian Islands Regional Center, LLC, a Hawaii limited liability company ("HIRC"). HIRC is an EB-5 Regional Center registered with U.S. Citizenship and Immigration Services ("USCIS") and involved with

promoting economic growth in the United States under the federal EB-5 Immigrant Investor Program (the "EB-5 program"). At all relevant times, HURST and I were managing members of HIRC.

3. In or around September, 2010, HIRC formed Regency Venture Fund, LLLP, a Hawaii limited liability limited partnership ("RVF"). HIRC is the sole general managing partner of RVF. RVF has 37 limited partners, all of whom are immigrant investors using the EB-5 program to obtain permanent residency in the United States. Defendants GUOQIANG CHEN ("CHEN"), JIANHAO HU ("HU"), and CAIHUA SHANG ("SHANG") (collectively, the "Defendants") are limited partners of RVF and EB-5 program investors. I am informed and believe that CHEN is a former Chinese government official.

4. RVF was formed for the purpose of developing a 100-bed skilled nursing facility in Hilo, Hawaii (the "Facility") and as an investment vehicle under the EB-5 program. Generally, for an investment to qualify for the EB-5 program, it must be made in a qualifying commercial enterprise that creates at least 10 eligible job positions for each EB-5 program investor. The EB-5 program process entails two applications (*i.e.*, petitions) to USCIS. First, the EB-5 program investor files an I-526 Petition which, if approved, provides the investor with conditional residency in the United States. I-526 Petitions are generally filed at the time of investment and before the qualifying commercial enterprise engages in or completes its proposed business plan. Then, when the qualifying commercial enterprise completes its business plan and the requisite EB-5 program jobs have been created, the EB-5 program investor files an I-829 Petition, which, if approved, removes the conditions on the investor's residency, thereby granting the investor permanent resident status.

5. Development and construction of the Facility was completed in or around June, 2015. HIRC and RVF complied with all substantive EB-5 program requirements, resulting in all limited partners of RVF, including Defendants, obtaining permanent residency in the United States.

6. Despite the Facility's success, on October 18, 2017, 21 of RVF's limited partners, including Defendants (collectively, the "plaintiff limited partners"), filed a civil action in Hawaii Circuit Court against, among others, HIRC, RVF, HURST, and me (the "Hawaii litigation"). The complaint in the Hawaii litigation generally alleges that RVF and the development of the Facility had been mismanaged.

7. The plaintiff limited partners sought a temporary restraining order in the Hawaii litigation, which was denied, evidencing that the Hawaii litigation is a garden-variety civil matter wherein facts sufficient to support extraordinary remedies do not exist.

8. The Hawaii litigation is still pending, although the plaintiff limited partners have seemingly abandoned it. The plaintiff limited partners have not taken any action in the Hawaii litigation since December, 2019.

9. On July 31, 2017, I met with CHEN and several other RVF limited partners at the Facility for a meeting. I gave them a tour of the Facility and its operations. After the tour, CHEN and the other limited partners requested a formal meeting with me. During this meeting, CHEN threatened me verbally by stating that if I was in China, he knows people there that would "throw me in jail." CHEN's threat was extremely upsetting and colored the threats Defendants made as described herein.

10. On June 11, 2019, CHEN, on behalf of himself, HU, and SHANG, sent a letter to me via email (the "June 11 letter"). A true and correct copy of the June 11 letter is attached hereto as Exhibit 1 and incorporated herein by reference. Generally, the June 11 letter demanded that HURST and I pay Defendants $1,485,000 (90% of Defendants' investment in RVF) in connection with the Hawaii litigation. The June 11 letter threatened that if HURST and I failed to pay the aforementioned sum, Defendants would take the "stronger measures" of reporting us to law enforcement for criminal prosecution. Specifically, the June 11 letter stated in pertinent part:

> "Everything I (CHEN) say herein pertains to all three of us (CHEN, HU, and SHANG) as co-equals in the statements I make in this letter.
>
> * * *
>
> "If this matter cannot be resolved in an informal way, we shall have to result to formal legal measures, affording relief. When I say this, I do not make reference to the current lawsuit (the Hawaii litigation), but stronger measures.
>
> * * *
>
> "I write to you to tell you two things: (1) we are contacting you in order to settle the claims of my several colleagues and myself and (2) we are also

contacting you to alert you to the fact that we have consulted legal counsel familiar with criminal proceedings in the United States on the potential criminal nature of what has occurred. It is the opinion of separate legal counsel that it is likely that there is probable cause for the authorities to find that your associates and/or you have committed a crime against us in converting the investment of $550,000 each of the limited partners' investments.

* * *

"Thus we make an offer to you of the return by your colleagues and/or you of no less than 90% of what we have invested.

* * *

"In exchange for the foregoing settlement, we will sign releases of claims. I am sure that his will be helpful to your colleagues and you as a sign of a rational attempt to resolve the problem by your colleagues and yourself. In addition, it could protect you in part from accusations of criminal wrongdoing or further litigation, which would be ruinous for all concerned. There is no good reason to involve the authorities at this stage. However, as stated above, we have been told that the conversion of our money may be criminal action with consequences . . . .

* * *

"If you are interested in this proposal, kindly contact the undersigned and I will arrange the cooperation of my colleagues. If I do not receive a response from you within the next 5 business days, we will assume you do not want to resolve this matter in an informal way, my colleague and I will take further appropriate action accordingly."

Upon my receipt of the June 11 letter, I shared the same with HURST.

11. The June 11 letter, which (a) accused me of criminal activity; and (b) threatened me with criminal prosecution unless I paid Defendants at least 90% of their investment in RVF ($1,485,000),

caused me severe mental suffering and emotional distress. The Hawaii litigation involved garden-variety civil matters and neither I nor any defendants in the Hawaii litigation had been involved in any criminal activity. I immediately sought the advice of my Hawaii legal counsel who (a) opined that the June 11 letter constituted extortion; and (b) instructed me to contact CHEN and law enforcement authorities. So, on or about June 13, 2019, I called the office of the U.S. Attorney for the Southern District of California and left a message with my name, telephone number, and a description of Defendants' extortion. That same day, "Becky" from the U.S. Attorney's office called me and advised that I report Defendants' extortion to the Federal Bureau of Investigation (FBI). A true and correct copy of my journal entries written concurrently with the actions taken in this paragraph is attached as Exhibit 2 and incorporated herein by reference.

12. On June 13, 2019, I submitted an online Electronic Tip Form at *https://tips.fbi.gov* informing the FBI of Defendants' extortion. A true and correct copy of the confirmation of my submission is attached hereto as Exhibit 3 and incorporated herein by reference.

13. On June 14, 2019, I sent CHEN an email response as follows:

> "I am in receipt of the June 11, 2019 letter from you, Caihua Shang and Jianhao Hu. In the letter, you threaten to pursue criminal charges against me and others if we do not capitulate to your settlement demand in the civil lawsuit pending in Hawaii State court. Pursuant to advice from the U.S. Attorney's office, the letter has been reported to the Federal Bureau of Investigation."

A true and correct copy of my June 14 email is attached hereto as Exhibit 4 and incorporated herein by reference.

14. In response to my June 14 email, on June 18, 2019, CHEN, on behalf of himself, HU, and SHANG, sent a second letter to me via email (the "June 18 letter"). A true and correct copy of the June 18 letter is attached hereto as Exhibit 5 and incorporated herein by reference. Generally, the June 18 letter repeated the demands and threats made in the June 11 letter. As with the June 11 letter, the June 18 letter caused me severe mental suffering and emotional distress. Upon my receipt of the June 18 letter, I shared the same with HURST.

15. In response to the June 18 letter, I submitted a second online Electronic Tip Form at *https://tips.fbi.gov* on June 19, 2019 informing the FBI of Defendants' ongoing and continued extortion. A true and correct copy of the confirmation of my submission is attached hereto as Exhibit 6 and incorporated herein by reference.

16. On June 21, 2019, I sent CHEN an email response to the June 18 letter as follows:

> "Your allegations have been formally and regularly denied in the Hawaii civil case. Hawaiian Islands Regional Center (HIRC) has also sued you personally, a fact you apparently fail to recognize. Since September, 2017, HIRC has been requesting that the parties engage in settlement discussions aimed at avoiding the last two years of reckless litigation which as severely damaged the [F]acility and cost the parties over $1M collectively. Your attorney refused to entertain HIRC's early settlement discussions. I will not respond to further communications given your extortionist threats and demands. All future communications, including settlement discussions, must be through our respective attorneys."

A true and correct copy of my June 21 email is attached hereto as Exhibit 7 and incorporated herein by reference.

17. In response to my above-described Electronic Tip Form submissions, I received two voicemail messages from the FBI's San Diego Office on June 25 and July 2, 2019. A true and correct copy of a screenshot from my iPhone showing these voicemail messages is attached hereto as Exhibit 8 and incorporated herein by reference. I returned both of these voicemail messages by leaving voicemail messages of my own with the FBI. I did not receive any additional telephone calls or voicemail messages from the FBI.

18. At the time Defendants sent the June 11 letter and June 18 letter, California Penal Code § 523(a) provided that "[e]very person who, with intent to extort property or other consideration from another, sends or delivers to any person any letter or other writing, whether subscribed or not, expressing or implying, or adapted to imply, any threat such as is specified in Section 519 is punishable in the same manner as if such property or other consideration were actually obtained by means of such

threat." California Penal Code § 519 provides that "[f]ear, such as will constitute extortion, may be induced by a threat . . . [t]o accuse the individual threatened, or a relative of his or her, or a member of his or her family, of a crime."

19. Given that the June 11 and June 18 letters came shortly before the plaintiff limited partners apparently abandoned the Hawaii litigation (December, 2019), the letters appear to have been a last-ditch effort to wrongfully extract money from HURST and I through extortion.

20. Defendants' above-described actions constituted extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress. Defendants' intent or reckless disregard is evidenced by their refusal to retract the June 11 letter even after being informed it had been reported to the U.S. Attorney and FBI.

21. As a proximate result of Defendants' extreme and outrageous conduct, I actually suffered emotional distress that resulted in anxiety, sleeplessness, and severe mental anguish. My emotional distress was amplified due to CHEN's July 31, 2017 threat to have me put in a Chinese jail described in Paragraph 9 above. My emotional distress was severe and of enduring quality so as to cause me to seek medical help. As a result, I sought medical treatment from a licensed psychiatrist. The financial statements evidencing the identity of the treating psychiatrist, the treatments I received, and my out-of-pocket expenses will be made available for *in camera* review in order to protect my confidential health information and records.

22. Shortly after beginning the above-described treatment, I referred HURST to my psychiatrist.

23. HURST and I have incurred the following recoverable costs in this action, as evidenced by the Memorandums of Costs contained in the Requests for Entry of Default against Defendants as follows:

a. Request for Entry of Default against CHEN (ROA 68): $3,594.05

b. Request for Entry of Default against SHANG (ROA 70): $2,526.56

c. Request for Entry of Default against HU (ROA 98): $1,978.98

TOTAL: $8,099.59

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own personal knowledge and that this declaration of was executed on August 11, 2023, at Carlsbad, California.

Benjamin Meeker