**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BENJAMIN MEEKER | : | CIVIL ACTION NO.: 3:26-cv-00062-SVN |
| v. | : | |
| GUOQUIANG CHEN | : | OCTOBER 28, 2026 |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**MOTION TO DETERMINE SERVICE DEFENSES**

## I. Introduction

On January 13, 2026, the plaintiff, Benjamin Meeker (the "Plaintiff") filed the above captioned action (the "Action") seeking to enforce a default judgment of the Superior Court of the State of California. On February 6, 2026, the defendant, Guoquiang Chen (the "Defendant" or "Chen") filed a Motion to Dismiss the Action. On September 30, 2026, the Court denied the Defendant's Motion to Dismiss. On October 13, 2026, Defendant filed an Answer and Affirmative Defenses, and a Motion to Determine Service Defenses under Fed. R. Civ. P. 16(c)(2) and Fed. R. Civ. P. 42(b). Neither rule presents a basis for this motion.

## II. Argument

Chen has filed an answer and has asserted several affirmative defenses. These defenses are meritless and/or waived. Pursuant to the full faith and credit clause of the United States Constitution and Connecticut law, the Plaintiff's California judgment is presumed valid. Regents of the University of California v. Golf Marketing, LLC, 92 Conn. App. 378, 381 (2005). Chen sought to challenge the jurisdiction of the California court. Both the trial court and the California Appellate Court rejected that challenge. Meeker v. Chen, 2025 Cal. App. Unpub. LEXIS 7990 (Cal. App. 4th Div. One 2025). The Defendant now seeks to raise service issues.

These issues have been waived by his failure to raise them before the California trial court and the Court of Appeals. Cal. Code of Civil Procedure 418.10 requires a defendant seeking to challenge service to file a motion to quash service of the summons. Failure to do so waives any challenge to service. Sabato v. Brooks, 242 Cal. App. 4th 715, 722-23 (Cal. App. 3rd Dist. 2015). Defendant did not file such a motion to quash the summons, nor did he challenge service in his motion to vacate the judgment and resulting appeal of the California trial court's exercise of jurisdiction over him. Meeker v. Chen, 2025 Cal. App. Unpub. LEXIS 7990 (Cal. App. 4th Div. One 2025), fn. 3. Thus, this challenge is waived. Even if not waived, this challenge is the basis for Defendant's affirmative defenses. Such affirmative defenses would properly be the basis for Defendant to assert the defenses at trial not the basis for a motion which has no basis in the Federal Rules of Civil Procedure.

Neither Rule 16, nor Rule 42 provides a basis for Defendant's Motion to Determine Service Defenses. Hence, it should be denied.

**PLAINTIFF**
**BENJAMIN MEEKER**

By: /s/ *Jeffrey Hellman*
Jeffrey Hellman, Esq.
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
Tel.: 203-691-8762
Fax: 203-823-4401
jeff@jeffhallmanlaw.com
Federal Bar No.: ct04102

**CERTIFICATION OF SERVICE**

I hereby certify that, on October 28, 2026, I have served the forgoing Memorandum of Law in Opposition to Motion to Determine Service Defenses by electronic mail and U.S., postage prepaid, mail on the following:

Guoquiang Chen, Pro Se
55 Arbor Crossing
East Lyme, CT 06333
3472687180a@gmail.com

By: /s/ *Jeffrey Hellman*
Jeffrey Hellman